1   JAMES R. McGUIRE (CA SBN 189275)
    JMcGuire@mofo.com
2   GREGORY P. DRESSER (CA SBN 136532)
    GDresser@mofo.com
3   RITA F. LIN (CA SBN 236220)
    RLin@mofo.com
4   GRACE Y. PARK (CA SBN 239928)
    GracePark@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California  94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   JENNIFER C. PIZER (CA SBN 152327)
    JPizer@lambdalegal.org
9   LAMBDA LEGAL, Western Regional Office
    3325 Wilshire Boulevard, Suite 1300
10  Los Angeles, CA 90010-1729
    Telephone: 213.382.7600
11  Facsimile: 213.351.6050

12  Attorneys for Plaintiff
    KAREN GOLINSKI
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17  KAREN GOLINSKI,                          Case No.   C 10-0257 SBA

18              Plaintiff,                    **FIRST AMENDED COMPLAINT**

19        v.

20  UNITED STATES OFFICE OF PERSONNEL
    MANAGEMENT, and JOHN BERRY, Director
21  of the United States Office of Personnel
    Management, in his official capacity,
22
                Defendants.
23

24

25

26

27

28

FIRST AMENDED COMPLAINT
Case No. C 10-0257 SBA
sf-2813246

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      In January 2009, the Chief Judge of the United States Court of Appeals for the Ninth Circuit found that plaintiff, an employee of the Ninth Circuit, was suffering from unlawful discrimination in the terms of her employment:  Plaintiff was denied the ability to add her same-sex spouse to her family health insurance plan.  The Chief Judge, having found unlawful discrimination, ordered remedial action:  He directed the Administrative Office of the Courts ("AO") to process her enrollment forms and send them to her insurance carrier.

2.      The AO complied.  The Office of Personnel Management, however, instructed plaintiff's insurance carrier not to comply with the Chief Judge's Order.

3.      In November 2009, the Chief Judge issued another Order, addressing the conduct of the Office of Personnel Management in "thwarting the relief [he] had ordered."  In that Order, the Chief Judge found that he had the authority, under both the Ninth Circuit's Employment Dispute Resolution Plan and the separation of powers doctrine, to interpret laws applicable to judicial employees that would displace "any contrary interpretation by an agency or an officer of the Executive."  The Chief Judge directed that the November Order be served on the Office of Personnel Management, and invited the agency to appeal any portions of the Order that concerned it.

4.      Defendants, the Office of Personnel Management and its director John Berry (collectively, "OPM"), did not comply.  And, lacking the courage of its convictions, OPM did not appeal either.  Instead, on December 18, 2009, OPM issued a press release stating its refusal to comply because the Chief Judge's order purportedly "is not binding on OPM."

5.      On December 22, 2009, the Chief Judge issued yet another Order.  The Order noted that the time in which OPM could have filed an appeal had expired and that, accordingly, his prior orders were final and preclusive on all issues decided therein as to which no appeal had been taken.  The Order also expressly authorized plaintiff to seek enforcement of the Chief Judge's Orders against OPM at this time.

6.      Plaintiff, seeking redress of defendants' willful violation of the Chief Judge's duly issued Orders, alleges and complains as set forth below.

FIRST AMENDED COMPLAINT
Case No. C 10-0257 SBA
sf-2813246

1

**PARTIES**

7.     Plaintiff Karen Golinski, a natural person, is a California citizen residing in San Francisco, California.

8.     Defendant United States Office of Personnel Management is an independent establishment in the executive branch of the United States.  5 U.S.C. § 1101.

9.     Defendant John Berry is the Director of the United States Office of Personnel Management.

**JURISDICTION, VENUE, AND SOVEREIGN IMMUNITY**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1361 in that the action is in the nature of mandamus to compel an agency and officer of the United States to perform a duty owed to plaintiff.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

12.     The United States has waived sovereign immunity under 5 U.S.C. § 702.

13.     Defendant John Berry's actions in this matter were beyond the scope of his statutory and his constitutional authority.  Accordingly, sovereign immunity does not apply to this action against him.

**FACTS**

14.     Ms. Golinski has been employed by the United States Court of Appeals, now located at 95 Seventh Street in San Francisco, California 94103, for approximately 18 years. Ms. Golinski is currently employed in the Motions Unit of the Office of Staff Attorneys.

15.     In December 1997, the United States Court of Appeals for the Ninth Circuit adopted an Employment Dispute Resolution Plan ("EDR Plan").  As revised through December 2000, that EDR Plan prohibits employment discrimination based on, among other things, sex or sexual orientation.

16.     Ms. Golinski obtains health insurance through her employer.  Because she and her spouse have a six-year old son, Ms. Golinski has, since his birth, paid for family health insurance coverage under the Blue Cross and Blue Shield Service Benefit Plan ("Blue Cross/Blue Shield").

FIRST AMENDED COMPLAINT
Case No. C 10-0257 SBA
sf-2813246

2

1        17.     On August 21, 2008, Ms. Golinski married Amy Cunninghis, her long-time

2    domestic partner, pursuant to a duly issued California marriage license.  Ms. Golinski and

3    Ms. Cunninghis remain lawfully married under the laws of the State of California.

4        18.     On September 2, 2008, Ms. Golinski sought to enroll her spouse in the family

5    coverage plan for which she was paying by submitting the appropriate forms to her employer.

6    The AO advised Ms. Golinski that her election form would not be processed because

7    Ms. Golinski and her spouse are both women.

8        19.     Ms. Golinski timely and properly filed a complaint under the EDR Plan on

9    October 2, 2008, seeking redress of the discrimination she was suffering in the terms of her

10   employment.  As required by the EDR Plan, Ms. Golinski's complaint was heard by the Chief

11   Judge.  Following a hearing in November 2008, the Chief Judge issued a series of Orders dated

12   November 24, 2008, January 13, 2009, November 19, 2009, and December 22, 2009.  The Chief

13   Judge's Orders are attached hereto as Exhibits A-D, respectively, and incorporated herein by

14   reference.

15       20.     By his Orders dated November 24, 2008, and January 13, 2009, the Chief Judge

16   ordered the Director of the AO to process Ms. Golinski's health benefit election forms without

17   regard to the sex of her spouse.  The January 13 Order explained that the AO had incorrectly

18   concluded that the so-called "Defense of Marriage Act" (or "DOMA"), 1 U.S.C. § 7, prohibited

19   the extension of coverage to a same-sex spouse of a judicial employee for family health insurance

20   coverage by misinterpreting the phrase "member of family" in the Federal Employees Health

21   Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914.  (Exhibit B [January 13, 2009 Order] at 2-6.)

22   The Chief Judge instead construed the FEHBA to permit the extension of coverage to a same-sex

23   spouse.  (*Id.* at 7.)

24       21.     The AO complied with the Chief Judge's November 24, 2008 and January 13,

25   2009 Orders.  OPM, however, gratuitously instructed Ms. Golinski's insurance carrier, Blue

26   Cross/Blue Shield, not to enroll Ms. Golinski's spouse on the grounds that, notwithstanding

27   contrary analysis and orders from the Ninth Circuit, the FEHBA and DOMA prohibited the

28   extension of such coverage.  (Exhibit C [November 19, 2009 Order] at 3 & Exhibit A thereto.)

FIRST AMENDED COMPLAINT                                                                3
Case No. C 10-0257 SBA
sf-2813246

1    22.    As a result of OPM's interference in the EDR proceeding, the Chief Judge issued a

2  further Order on November 19, 2009 "to protect Ms. Golinski and the integrity of the Judiciary's

3  EDR plans." (Exhibit C at 3.)  In a thorough and well-reasoned decision, the Chief Judge

4  explained that, as to judicial employees, the separation of powers doctrine requires that an EDR

5  tribunal's reasonable interpretations of the law take precedence over that of any office or agency

6  of the executive:

7         OPM has a duty to take care that the laws be faithfully executed,
          but it may not disregard a coordinate branch's construction of the
8         laws that apply to its employees.  No less than the other branches of
          government, the Judiciary is dependent on people to carry out its
9         mission.  Barring us from determining, within reasonable bounds,
          the rights and duties of our personnel under the laws providing for
10        their employment would make us a "handmaiden of the Executive."
          *United States v. Smith*, 899 F.2d 564, 569 (6th Cir. 1990).  The
11        power both to interpret and execute a law is the power to control
          those governed by it.  *Cf.* The Federalist No. 47 (James Madison).
12
          Concern about such a fate is particularly acute for the Judicial
13        Branch.  We rely on Congress to fund and the Executive to carry
          out many aspects of our day-to-day operations.  GSA manages the
14        buildings where we work, Treasury cuts our checks, U.S. Marshals
          provide our security and OPM administers our employee benefits
15        programs.  But if the theory of separate powers means anything, it's
          that the Executive cannot use its dominance over logistics to
16        destroy our autonomy.  Would we permit OPM to interpret a statute
          so as to require us to racially discriminate in what we pay our
17        employees?  Could the U.S. Marshals refuse to protect our
          courthouses because they disagree with our decisions?  May the
18        Treasury refuse to cut paychecks to judicial employees it believes
          are not suitable for their positions?
19
          That those rights are not in question here is irrelevant.  The power
20        the Executive has arrogated to itself in this case would be enough to
          sustain those actions as well.  Nor is it any answer that OPM could
21        set out a plausible interpretation of the law to support its actions in
          this case.  Some branch must have the final say on a law's meaning.
22        At least as to laws governing judicial employees, that is entirely our
          duty and our province.  We would not be a co-equal branch of
23        government otherwise.

24

25  (Exhibit C at 11-12.)

26    23.    The Chief Judge expressly ordered OPM to remedy its prior, erroneous guidance

27  to Blue Cross/Blue Shield and to cease all prospective interference:

28

FIRST AMENDED COMPLAINT                                                          4
Case No. C 10-0257 SBA
sf-2813246

1         (3)  Within 30 days, the Office of Personnel Management shall
      rescind its guidance or directive to the Blue Cross and Blue Shield

2         Service Benefit Plan and any other plan that Ms. Golinski's wife is
      not eligible to be enrolled as her spouse under the terms of the

3         Federal Employees Health Benefits Program because of her sex or
      sexual orientation, or that the plans would violate their contracts

4         with OPM by enrolling Ms. Golinski's wife as a beneficiary.

5         (4)  The Office of Personnel Management shall cease at once its
      interference with the jurisdiction of this tribunal.  Specifically,

6         OPM shall <u>not</u> advise Ms. Golinski's health plan, the Blue Cross
      and Blue Shield Service Benefit Plan, that providing coverage for

7         Ms. Golinski's wife violates DOMA or any other federal law.  Nor
      shall OPM interfere in any way with the delivery of health benefits

8         to Ms. Golinski's wife on the basis of her sex or sexual orientation.

9

(Exhibit C at 15-16.)  The Chief Judge ordered the Clerk of the Court to serve the Order on OPM,

10  and invited OPM to appeal.  (*Id*. at 16.)

11        24.     The Clerk of the Court complied with the Chief Judge's Order, and served the

12  Order on OPM.

13        25.     OPM did not appeal the Chief Judge's November 19, 2009 Order as it was entitled

14  and invited to do.  Nor did it comply with the Order.  Instead, it issued a press release stating that

15  it will not, and has no obligation to, comply because, in its view, the Order "is not binding on

16  OPM as it was issued in [the Chief Judge's] administrative capacity, and not as a judge in a court

17  case." *See* Statement from Elaine Kaplan, OPM General Counsel, *available at* http://www.

18  washingtonpost.com/wp-srv/nation/documents/statement_from_elaine_kaplan_opm.pdf, a true

19  and correct copy of which is attached hereto as Exhibit E, and incorporated herein by reference.

20        26.     On December 22, 2009, the Chief Judge issued a final Order, holding that the time

21  to appeal the prior orders had expired, finding that those prior orders are "therefore final and

22  preclusive on all issues decided therein as to those who could have, but did not appeal, such as the

23  [OPM]," and authorizing Ms. Golinski to take further action to enforce the prior orders.

24  (Exhibit D [December 22, 2009 Order] at 1.)

25

26

27

28

FIRST AMENDED COMPLAINT
Case No. C 10-0257 SBA
sf-2813246

5

1

## CLAIM FOR RELIEF
### (Mandamus)

2

3      27.      Plaintiff incorporates and realleges each and every allegation contained in

4   paragraphs 1 through 26 of this Complaint as if set forth fully herein.

5      28.      Plaintiff has a clear and certain right to have OPM rescind its prior guidance to

6   Blue Cross/Blue Shield and to cease its interference with plaintiff's attempts to redress the

7   workplace discrimination she has suffered and continues to suffer.  Plaintiff, by pursuing her

8   claim under the EDR, followed the only remedial path lawfully available to her and obtained

9   Orders from the Chief Judge granting her relief.  OPM had a full and fair opportunity to contest

10  the Chief Judge's Orders, including an appeal therefrom, but chose not to avail itself of such

11  remedies.  OPM has, accordingly, waived any and all arguments that are contrary to the Chief

12  Judge's Orders.

13     29.      OPM's duty to comply requires only the ministerial acts of rescinding its prior

14  guidance and ceasing further interference.  No exercise of OPM's discretion is required.

15     30.      Plaintiff has no other adequate remedy.  Indeed, plaintiff has fully and finally

16  pursued her only lawful remedy under the EDR and obtained the relief she seeks.  Defendants,

17  however, have willfully interfered with that proceeding and thwarted plaintiff's attempt to

18  vindicate her rights.  Only an Order from this Court — the legitimacy of which defendants will

19  presumably recognize — can afford plaintiff her rights.

20

## PRAYER

21      Wherefore, plaintiff Karen Golinski prays for relief as follows:

22      a.  the issuance of preliminary and permanent injunctions compelling defendants, and

23  those acting at their direction or on their behalf, to comply with the Chief Judge's November 19,

24  2009 Order;

25      b.  costs incurred in maintaining this suit; and

26      c.  such other and further relief as the Court may deem just and proper.

27

28

FIRST AMENDED COMPLAINT
Case No. C 10-0257 SBA
sf-2813246

6

1

2    Dated: March 8, 2010                        MORRISON & FOERSTER LLP

3                                                LAMBDA LEGAL

4
                                                 By:        /s/ James R. McGuire
5                                                        J/AMES R. MCGUIRE

6                                                   Attorneys for Plaintiff
                                                    KAREN GOLINSKI
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                                                              7
Case No. C 10-0257 SBA
sf-2813246