1   MICHAEL F. HERTZ
    Deputy Assistant Attorney General
2   JOSEPH P. RUSSONIELLO
    United States Attorney
3   SUSAN K. RUDY
    Assistant Branch Director
4   STEVEN Y. BRESSLER
    Trial Attorney
5   United States Department of Justice
    Civil Division, Federal Programs Branch
6
    P.O. Box 883
7   Washington, D.C.  20044
    Telephone: (202) 305-0167
8   Facsimile: (202) 616-8470
    Email: Steven.Bressler@usdoj.gov
9
    Attorneys for Defendants
10  the U.S. Office of Personnel Management and John Berry

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

14  KAREN GOLINSKI                    )
                                      )   No. C 4:10-00257-SBA
15          Plaintiff,                )
                                      )   **DEFENDANTS' OPPOSITION TO**
16     v.                             )   **PLAINTIFF'S MOTION FOR A**
                                      )   **PRELIMINARY INJUNCTION**
17  THE UNITED STATES OFFICE OF       )
    PERSONNEL MANAGEMENT and          )   Date:   June 15, 2010
18  JOHN BERRY, Director of the Office of )  Time:  1:00 p.m.
    Personnel Management, in his official )  Place:  Courtroom 1, 4th Floor
19  capacity,                         )           U.S. Courthouse, 1301 Clay St.
                                      )           Oakland, California 94612
20          Defendants.               )
                                      )
21  _____  )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    FEHBP and the Plaintiff's Enrollment Effort. . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    The Ninth Circuit Judicial Council and Its EDR Plan. . . . . . . . . . . . . . . . . . 3

    C.    Procedural History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

  I.    Standard Of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

  II.    Plaintiff Is Not Likely To Succeed On Her Mandamus Claim. . . . . . . . . . . . . . . . . 7

    A.    Mandamus Is Not Available To Plaintiff Because OPM
        Is Not Under A "Clear Duty To Act.". . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        1.    The United States Has Not Waived Its Sovereign
            Immunity For The Executive To Be Bound By An
            Administrative EDR Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.    The EDR Panel Is An Administrative, Not A
            Judicial, Body. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        3.    Congress Has Not Vested Administrative EDR
            Panels With Authority To Bind Federal Agencies
            Outside The Judiciary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            a.    The Statutory Authorization Of The Merit
                Systems Protection Board Does Not Empower
                EDR Panels To Direct Executive Agencies. . . . . . . . . . . . . . 10

            b.    The Congressional Accountability Act Did Not
                Vest Administrative EDR Panels With The
                Authority To Direct Executive Agencies. . . . . . . . . . . . . . . . 12

            c.    The AOUSC Personnel Act Does Not
                Empower EDR Panels To Direct Executive
                Agencies. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        4.    Congress Has Vested OPM With The Authority
            To Interpret And Apply The Federal Health
            Employee Benefits Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5.   Constitutional Separation Of Powers Principles
Do Not Authorize EDR Panels To Direct Executive
Agencies' Statutorily-Authorized Administration
Of Federal Programs... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

6.   OPM Also Cannot Be Bound By The EDR Order
Because It Was Not A Party To The EDR Proceedings... . . . . . . . . . 17

B.   Mandamus Is Unavailable Because Any Duty By OPM To
Comply With An Administrative, Intra-Judicial EDR Order Is,
At A Minimum, Not Free From Doubt.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

C.   Mandamus Is Inappropriate Because Plaintiff Has Adequate,
Alternative Remedies At Law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

D.   Even If Mandamus Were Otherwise Appropriate, The Court
Should Decline To Mandamus OPM Under These Circumstances.. . . . . . . 21

III.   Plaintiff Has Failed To Establish She Will Suffer Cognizable,
Non-Speculative Irreparable Harm Absent An Emergency Injunction.. . . . . . . . . . . 22

A.   Plaintiff's Monetary Injuries Do Not Constitute
Irreparable Harm.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

B.   Plaintiff Cannot Rely Upon Any Presumption Of
Irreparable Harm.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

C.   Plaintiff's Own Delay Undercuts Her Claims Of
Irreparable Harm.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

IV.   The Balance Of Harms Militates Against Entry Of A
Preliminary Injunction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1

## TABLE OF AUTHORITIES

2

### CASES

3   Alemite Mfg. Corporation v. Staff,
         42 F.2d 832 (2d Cir. 1930). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18
4

    Am. Trucking Ass'n v. City of Los Angeles,
5        559 F.3d 1046 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

6   Armachuelo v. MSPB,
         337 Fed. Appx. 889, 2009 WL 1971372 (Fed. Cir. July 9, 2009). . . . . . . . . . . . . . . .   11
7

    Blankenship v. McDonald,
8        176 F.3d 1192 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 12

9   CAB v. Delta Air Lines,
         367 U.S. 316 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
10

    Caribbean Marine Servs. Co. v. Baldrige,
11       844 F.2d 668 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23, 25

12  Chandler v. Judicial Council of the Tenth Circuit,
         398 U.S. 74 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 16
13

14  City of Tempe v. FAA,
         239 F. Supp. 2d 55 (D.D.C. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

15  Clinton v. Jones,
         520 U.S. 681 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
16

17  Commodity Futures Comm'n v. Schor,
         478 U.S. 833 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

18  Dep't of the Army v. Blue Fox, Inc.,
         525 U.S. 255 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8
19

20  Director, Edward J. Meyer Mem'l Hospital v. Stetz,
         433 F. Supp. 323 (W.D.N.Y. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

21  Dotson v. Griesa,
         398 F.3d 156 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim
22

23  Dugan v. Rank,
         372 U.S. 609 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

24  Duke v. Langdon,
         695 F.2d 1136 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23
25

26  Emergency Disaster Loan Ass'n v. Block,
         653 F.2d 1267 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

27  Fed. Mar. Comm'n v. S.C. State Ports Auth.,
         535 U.S. 743 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
28

Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Forrester v. White,
    484 U.S. 219 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Fund for Animals v. Frizzell,
    530 F.2d 982 (D.C. Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

GTE Corp. v. Williams,
    731 F.2d 676 (10th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

In re Golinski,
    587 F.3d 901 (9th Cir. EDR Plan 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

In re Golinski,
    587 F.3d 956 (9th Cir. EDR Plan 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

Hanford v. U.S.,
    63 Fed. Cl. 111 (Fed. Cl. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Hansberry v. Lee,
    311 U.S. 32 (1940). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Headwaters Inc. v. U.S. Forest Serv.,
    399 F.3d 1047 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

Heckler v. Ringer,
    466 U.S. 602 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

Johnson v. Reilly,
    349 F.3d 1149 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

Kerr v. Nat'l Endowment for the Arts,
    726 F.2d 730 (Fed. Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

Kildare v. Saenz,
    325 F.3d 1078 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

Kobleur v. Group Hospitalization & Med. Servs.,
    954 F.2d 705 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,
    507 U.S. 163 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

In re Levenson,
    587 F.3d 925 (9th Cir. EDR Panel 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15, 23

Marbury v. Madison,
    5 U.S. (1 Cranch) 137 (1803). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Martin v. Wilks,
    490 U.S. 755 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Miller ex rel. NLRB v. California Pac. Med. Ctr.,
    19 F.3d 449 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Mistretta v. United States,
    488 U.S. 361 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Montana v. United States,
    440 U.S. 147 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Munaf v. Geren,
    128 S. Ct. 2207 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N. Pipeline Constr. Co. v. Marathon Pipe Line Co.,
    458 U.S. 50 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

NTEU v. Campbell,
    589 F.2d 669 (D.C. Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

NTEU v. Nixon,
    492 F.2d 587 (D.C. Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Nat'l Council of Arab Ams. v. City of New York,
    331 F. Supp. 2d 258 (S.D.N.Y. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Nat'l Petroleum Refiners Ass'n v. FTC,
    482 F.2d 672 (D.C. Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nat'l Wildlife Fed'n v. United States,
    626 F.2d 917 (D.C. Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Nken v. Holder,
    129 S. Ct. 1749 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

O'Malley v. Woodrough,
    307 U.S. 277 (1939). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Oakland Tribune Inc. v. Chronicle Publishing Co.,
    762 F.2d 1374 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Oppenheim v. OPM,
    51 M.S.P.R. 255 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Pit River Home & Agr. Co-op. Ass'n v. United States,
    30 F.3d 1088 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 19

Plaut v. Spendthrift Farm, Inc.,
    514 U.S. 211 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Riley v. Giguiere,
    631 F. Supp. 2d 1295 (E.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Roberts v. Dep't of the Army,
    168 F.3d 22 (Fed. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rosano v. Dep't of Navy,
    699 F.2d 1315 (Fed. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15

Sable Comm. of Cal. v. FCC,
    827 F.2d 640 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Sampson v. Murray,
    415 U.S. 61 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Stanley v. Univ. of S. Cal.,
    13 F.3d 1313 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 23

Taylor v. Sturgell,
    128 S. Ct. 2161 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Transitional Learning Cmty. at Galveston v. OPM,
    220 F.3d 427 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Travelers Indem. Co. v. Bailey,
    129 S. Ct. 2195 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

United States v. Ferreira,
    54 U.S. (13 How.) 40 (1852). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Hatter,
    532 U.S. 557 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Mitchell,
    463 U.S. 206 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Virginian Ry. Co. v. Sys. Fed'n No. 40,
    300 U.S. 515 (1937). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

West v. Gibson,
    527 U.S. 212 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Whitehouse v. Illinois Cent. R. Co.,
    349 U.S. 366 (1955). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Winter v. NRDC,
    129 S. Ct. 365 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 22

## STATUTES & CONSTITUTIONAL PROVISIONS

AOUSC Personnel Act of 1990, Pub. L. 101-474, 104 Stat. 1097. . . . . . . . . . . . . . . . . . . . . 12, 13

Pub. L. No. 76-299, § 304(1), 53 Stat. 1223, 1223. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1 U.S.C. § 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

2 U.S.C. § 1302(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 U.S.C. § 701 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 19

5 U.S.C. § 1204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction*
*Civ. No. 4:10 257 SBA*
    vi

5 U.S.C. §§ 2105(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 14

5 U.S.C. § 5596. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 20

5 U.S.C. § 7701(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

5 U.S.C. §§ 8901 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 5, 14

5 U.S.C. § 8903. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 5, 14

5 U.S.C. § 8905. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 5, 14

5 U.S.C. § 8912. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 19, 20

5 U.S.C. § 8913. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

28 U.S.C. § 332(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 10

28 U.S.C. § 602 note. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

28 U.S.C. § 604(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

28 U.S.C. § 1361. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

U.S. Const., art. II, § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

U.S. Const. art. III, § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

## REGULATIONS

5 C.F.R. §§ 890.101 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   passim

5 C.F.R. § 890.102. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

5 C.F.R. § 890.104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 19

5 C.F.R.§ 890.107. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

5 C.F.R. § 1201.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

## MISCELLANEOUS

H.R. Rep. No. 101-770.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Gordon Bermant & Russell R. Wheeler, "Federal Judges and the Judicial Branch: Their
     Independence and Accountability," 46 Mercer L. Rev. 835, 855 (1995). . . . . . . . . . . . . . . . .   10

11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d  § 2946. . . . . . . . . . . . . . .   24

**INTRODUCTION**

Federal judges exercising judicial power in resolving cases or controversies pursuant to Article III of the Constitution undoubtedly have authority to issue directives to agencies of the United States that are properly before them. Not every action by a federal judicial officer, however, is an exercise of such judicial authority. When acting pursuant to administrative power that is derived from statute or some other source, rather than judicial power to resolve cases and controversies under Article III, a judge's authority extends no further than that underlying grant of authority contemplates. A judge acting pursuant to a limited grant of administrative authority to adjudicate grievances within the *Judicial* Branch cannot, therefore, bind the other branches of government. For these reasons, among others, the Court should deny plaintiff's Motion for Preliminary Injunction.

Plaintiff Karen Golinski is a staff attorney for the Ninth Circuit Court of Appeals. She brought a complaint before the Ninth Circuit's administrative Employee Dispute Resolution ("EDR") panel when the Administrative Office of U.S. Courts ("AOUSC") denied a request to enroll her same-sex spouse in her family insurance policy under the Federal Employees Health Benefits Program ("FEHBP"). Consistent with long-standing guidance from defendant the Office of Personnel Management ("OPM"), which Congress has entrusted with administration of the FEHBP, the AOUSC had found that the Defense of Marriage Act, 1 U.S.C. § 7 ("DOMA"), precludes enrolling plaintiff's spouse in her FEHBP insurance plan. In her EDR complaint, plaintiff claimed that the AOUSC violated the Ninth Circuit EDR Plan's prohibition of discrimination based on sex or sexual orientation. The Honorable Alex Kozinski, Chief Judge of the Ninth Circuit, heard Ms. Golinski's EDR complaint in his administrative capacity as an EDR hearing officer. Chief Judge Kozinski ordered AOUSC to submit enrollment forms for Ms. Golinski's spouse to her insurance carrier, which AOUSC then did. The insurance carrier sought guidance from OPM, administrator of the FEHBP, and in response OPM instructed the carrier not to process the enrollment because it would be contrary to federal law. Chief Judge Kozinski subsequently issued administrative orders in the EDR proceeding that purport to direct OPM to withdraw its guidance to the insurance carrier. Based on those administrative EDR orders,

1    plaintiff seeks an order of mandamus against OPM and a preliminary injunction.

2          As the President has stated previously, this Administration does not support DOMA as a

3    matter of policy, believes that it is discriminatory, and supports its repeal.  The Administration

4    also supports legislation that would make federal benefits such as the FEHBP available to the

5    same-sex partners of federal employees.  Nonetheless, the Executive Branch must apply and

6    faithfully execute the laws as they stand, see U.S. Const., Art. II, § 3, even where it disagrees

7    with them as a policy matter, as it does here.  When the Executive Branch makes an error of law,

8    moreover, any such error must be corrected by the judicial power of the courts under Article III

9    of the Constitution and pursuant to a valid waiver of sovereign immunity.   A judge acting as part

10   of the Ninth Circuit's administrative EDR panel does not exercise such judicial power and

11   cannot direct executive agencies.

12         Plaintiff's motion for preliminary injunction based on her mandamus claim must,

13   accordingly, fail.  Plaintiff does not meet the prerequisites to mandamus relief, and so she cannot

14   establish a likelihood of success on the merits of her claims.  Similarly, plaintiff's allegations of

15   irreparable harm are also insufficient to justify emergency injunctive relief.  Plaintiff asserts that

16   she suffers monetary damage, which generally does not qualify as irreparable harm.  In any event,

17   the EDR process has granted her relief under the Back Pay Act to correct such financial harm.

18   The balance of equities also counsels against entry of an injunction.  The public interest is in

19   following the duly enacted laws of the United States, even when the Administration disagrees

20   with them as a matter of policy.  It is also in the public interest to honor our constitutional

21   separation of powers, not to upset that balance by permitting an administrative hearing officer in

22   the Judicial Branch -- even one who otherwise sits as a federal judge -- to direct executive

23   agencies, especially when there has been no waiver of sovereign immunity.

24                                    **BACKGROUND**

25   **A.      FEHBP and the Plaintiff's Enrollment Effort**

26         The Federal Employees Health Benefits Act of 1959 ("FEHBA"), 5 U.S.C. § 8901 et seq.,

27   establishes a comprehensive health insurance program for federal civilian employees, their

28   family members, and others, known as the Federal Employees Health Benefits Program

1   ("FEHBP").  FEHBA confers broad authority on OPM to administer the program and to

2   promulgate regulations necessary to carry out the statute's objectives, including regulations

3   prescribing "the manner and conditions under which an employee is eligible to enroll." 5 U.S.C.

4   § 8913.  FEHBA grants OPM authority to contract with "qualified carriers" offering health

5   insurance plans.  5 U.S.C. §§ 8902, 8903, 8906.  The "employees" who may participate in the

6   FEHBP include employees of the Judiciary.  5 U.S.C. §§  2105(a)(2), 8901(1)(A).

7            Under FEHBA, an employee may enroll in an OPM-approved insurance plan by

8   submitting a request to her employing agency, for either individual or "self and family" coverage.

9   5 U.S.C. § 8905(a); 5 C.F.R. § 890.102.  The employing agency makes an initial enrollment

10  decision in writing which must inform the employee that she has a right to seek reconsideration

11  from the employing agency within 30 days.  5 C.F.R. § 890.104.  The employing agency's

12  decision on a reconsideration request must also be in writing, must state findings and

13  conclusions, and is the agency's final decision.  Id.  That decision is subject to OPM's corrective

14  authority, however.  Id. § 890.103(b).  OPM's regulations and the FEHBA provide for judicial

15  review of enrollment decisions after exhaustion of administrative remedies.  5 U.S.C. § 8912; 5

16  C.F.R.§ 890.107.  Such judicial review would be under the Administrative Procedure Act

17  ("APA"), 5 U.S.C. §§ 701 et seq.  The FEHBP regulations apply generally to federal employees,

18  without regard to which branch of government employs them.  See generally 5 C.F.R. Part 890.

19  **B.     The Ninth Circuit Judicial Council and Its EDR Plan**

20           A judicial council is established within each federal appellate court to "make all

21  necessary and appropriate orders for the effective and expeditious administration of justice

22  within its circuit."  28 U.S.C. § 332(d)(1).  The Judicial Council of the Ninth Circuit was created

23  under this authority, "to consider and take required action upon any matter affecting the

24  administration of its own work and that of all federal courts within the circuit . . . ."  9th Cir.

25  Rules, Court Structure & Procedures(D).

26           In 1998, the Judicial Council of the Ninth Circuit approved an Employee Dispute

27  Resolution ("EDR") plan that grants circuit employees certain substantive rights and sets out a

28  procedure for the enforcement of those rights.  See U.S. Court of Appeals for the Ninth Circuit,

1   Employment Dispute Resolution Plan (rev. ed. 2000) ("EDR plan"), Exhibit A to plaintiff's

2   Motion for Preliminary Injunction. The plan prohibits, among other things, "[d]iscrimination

3   against employees based on . . . sex . . . and sexual orientation," and it also incorporates the rights

4   and protections afforded under the Ninth Circuit Equal Employment Opportunity ("EEO") plan.

5   Id. at 2.[1]  In addition, the plan sets forth a detailed administrative process for the resolution of

6   employment disputes involving circuit employees. See id. at 1 ("Claims arising under this Plan or

7   the EEO Plan shall be treated in accordance with the procedures set forth in this Plan.").  After

8   mandatory counseling and mediation, an employee with an unresolved grievance may file a

9   formal written complaint with the chief judge of the relevant court.  Id. at 1, 3, 5-7.  The

10  respondent identified in an EDR complaint must in all cases be "the employing office that would

11  be responsible for redressing, correcting or abating the violations(s) alleged in the complaint."

12  Id.  In the event that the presiding officer finds a violation of a substantive right protected by the

13  plan, he may award "a necessary and appropriate remedy," including, e.g., relief under the Back

14  Pay Act, 5 U.S.C. § 5596.  EDR plan at 9-10.  "A party or individual" dissatisfied with the final

15  decision may petition the Judicial Council of the Ninth Circuit for review. Id. at 9.

16  **C.      Procedural History**

17          Plaintiff Karen Golinski, a staff attorney with the U.S. Court of Appeals for the Ninth

18  Circuit, is enrolled in the FEHBP.  Am. Compl. ¶ 14 & Ex. B at 1.  The plaintiff is married under

19  the laws of California to a spouse who, like plaintiff, is a woman.  Am. Compl. ¶ 17.  On October

20  2, 2008, plaintiff filed a complaint under the Ninth Circuit EDR Plan, seeking relief from the

21  decision of the AOUSC denying enrollment of her spouse in the FEHBP.  Am. Compl. ¶ 19.

22  Plaintiff does not allege that she exhausted her administrative remedies under the FEHBA or

23  OPM's implementing regulations, and OPM is not and was never a party to the EDR proceeding.

24          In the AOUSC's view, the FEHBA, 5 U.S.C. §§ 8901-8914, when read in light of

25

26  _____

    [1]      The EEO Plan sets forth EEO rules for employees of the Court.  See Blankenship v.
27  McDonald, 176 F.3d 1192, 1194 (9th Cir. 1999) (discussing claim under the plan); cf. Dotson v.
    Griesa, 398 F.3d 156, 172 (2d Cir. 2005) (discussing the Judicial Conference's development of a
28  model EEO plan).

DOMA, did not permit OPM to contract with an insurance carrier for a health benefits plan covering an employee's same-sex spouse.  See In re Golinski, 587 F.3d 901, 902 (9th Cir. EDR Plan 2009); see also 5 U.S.C. §§ 8901(5), 8903(1), 8905(a) (providing for enrollment of a "spouse" in a FEHBP family plan).  DOMA provides in pertinent part:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or wife.

1 U.S.C. § 7.

The Honorable Alex Kozinski, Chief Judge of the U.S. Court of Appeals for the Ninth Circuit, heard the EDR complaint and entered an order requiring the Director of the AOUSC to submit plaintiff's enrollment form to her health insurance carrier.  Am. Compl. ¶ 20; see In re Golinski, 587 F.3d at 902.[2]  The AOUSC complied with that order.  Am. Compl. ¶ 21.  Plaintiff's insurance carriers sought guidance from OPM, which, acting in its statutorily-assigned capacity as the government-wide administrator of the FEHBP, see 5 U.S.C. §§ 8901 et seq., advised the AOUSC and plaintiff's insurance carriers that DOMA, 1 U.S.C. § 7, forecloses enrolling plaintiff's same-sex spouse in the FEHBP.  See Am. Compl. Ex. C (Attachment A, at 1).  This was consistent with OPM's long-standing guidance to federal agencies.  See OPM, Benefits Administration Letter No. 96-111, at 3 (Nov. 15, 1996), available at http://www.opm.gov/retire/pubs/bals/1996/96-111.pdf.  On November 19, 2009, Chief Judge Kozinski entered another order in the EDR proceeding that rejected OPM's position that it was not bound by the earlier order and directed OPM to "rescind its guidance or directive to the [insurance carrier] that [plaintiff's] wife is not eligible to be enrolled as her spouse . . . because of her sex or sexual orientation" and to permit the enrollment.  Am. Compl. Ex. C at 15 ("the November 19, 2009 Order").

The November 19, 2009 Order concluded that Ms. Golinski was entitled to, inter alia,

---

[2]    The AOUSC is an administrative body acting "under the supervision and direction of the Judicial Conference of the United States."  28 U.S.C. § 604(a).

prospective relief that would enable her spouse to enroll in her FEHBP plan.  In re Golinski, 587

F.3d 956, 960-61 (9th Cir. EDR Plan 2009).  The Order directed OPM not to "advise [the Blue

Cross and Blue Shield Association] that providing coverage for Ms. Golinski's wife violates

DOMA or any other federal law" and not to "interfere in any way with the delivery of health

benefits to Ms. Golinski's wife on the basis of her sex or sexual orientation." Id. at 963-64.

On December 17, 2009, the Blue Cross and Blue Shield Association filed a petition for

review of the November 19, 2009 Order with the Judicial Council of the Ninth Circuit, arguing

that "the Judicial Council has no jurisdiction over [the Association] under the EDR Plan" and

that, in any event, Chief Judge Kozinski's conclusion that the FEHBA permits enrollment of

same-sex spouses was incorrect. See Petition for Review for Blue Cross and Blue Shield

Association at 1,9, In re Golinski, No. 09-80173 (9th Cir. EDR Plan December 17, 2009).  On

December 22, 2009, Chief Judge Kozinski issued another order in the EDR proceeding, stating

that the time for appealing his prior orders had expired; that OPM and the AOUSC had not

appealed; and that, accordingly, his orders were "final and preclusive·on all issues decided

therein as to [the AOUSC and OPM]."  In re Golinski, No. 09-80173, Docket Entry No. 23, at 1.[3]

On January 20, 2010, plaintiff filed her Complaint seeking an order of mandamus

requiring OPM to abide by Chief Judge Kozinski's orders under the EDR Plan.  One week later,

on January 26, 2010, plaintiff filed a Motion for Preliminary Injunction.  Docket Entry No. 8.

Plaintiff recently filed an Amended Complaint in which she requests "the issuance of preliminary

and permanent injunctions compelling defendants, and those acting at their direction or on their

behalf, to comply with the Chief Judge's [orders]."  Am. Compl. at 6, Prayer for Relief.

## ARGUMENT

## I.    Standard Of Review

A preliminary injunction is an "extraordinary and drastic remedy."  Munaf v. Geren, 128

S. Ct. 2207, 2218-19 (2008); Winter v. NRDC, 129 S. Ct. 365, 376 (2008).  "'A plaintiff seeking

---

[3]     On January 29, plaintiff Golinski and Blue Cross sought and, on February 1, Chief Judge
Kozinski granted a stay of the EDR proceedings pending the outcome of this civil action.  In re
Golinski, No. 09-80173 (9th Cir. EDR Plan), Docket Entry No. 38.

a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Am. Trucking Ass'n v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S. Ct. at 374).  Where, as here, a movant seeks a "mandatory" injunction that would alter, rather than preserve, the status quo, "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation omitted)). Plaintiff cannot meet these exacting standards for entry of a mandatory emergency injunction.

## II.   Plaintiff Is Not Likely To Succeed On Her Mandamus Claim.

### A.   Mandamus Is Not Available To Plaintiff Because OPM Is Not Under A "Clear Duty To Act."

Mandamus jurisdiction under 28 U.S.C. § 1361 only "'exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate remedy is available.'" Pit River Home & Agr. Co-op. Ass'n v. United States, 30 F.3d 1088, 1097 (9th Cir. 1994). Plaintiff premises her claim for mandamus on an assertion that OPM has a "ministerial" "dut[y]" to comply with the EDR Order.  Pl. Mem. 8.  Because the EDR Order does not impose any binding duty on OPM or the Executive, however, plaintiff's mandamus claim must fail.

### 1.   The United States Has Not Waived Its Sovereign Immunity For The Executive To Be Bound By An Administrative EDR Order.

Even in the context of actual litigation pursuant to Article III, it is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 & n.9 (1983) (citation omitted).  This applies no less to an administrative tribunal than to the federal courts.[4]

---

[4]    See, e.g., Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 760 (2002) ("if the Framers thought it an impermissible affront to a State's dignity to be required to answer the complaints of private parties in federal courts, we cannot imagine that they would have found it acceptable to compel a State to do exactly the same thing before [an] administrative tribunal . . ."); Hanford v. U.S., 63 Fed. Cl. 111, (Fed. Cl. 2004) ("plaintiff has failed to establish that [the United States] has expressly consented to be sued in plaintiff's state administrative tribunal; accordingly, plaintiff's 'Administrative Judgment' is without effect and his claim for 'judgment by estoppel' must fail.").

1   The United States plainly has not expressly consented to be bound by orders under the Ninth

2   Circuit's EDR process, and the EDR Order identifies no applicable waiver of sovereign

3   immunity.  A waiver to suit in an Article III court would not apply to the EDR panel.  See West

4   v. Gibson, 527 U.S. 212, 226 (1999) ("It is settled law that a waiver of sovereign immunity in

5   one forum does not effect a waiver in other forums.").  To the extent the EDR Order seeks to

6   imply such a waiver via analogies to the Congressional Authorization Act or other statutes, see In

7   re Golinski, 587 F.3d at 961-63 & nn.4, 6, this is not sufficient -- the government's consent to be

8   sued or bound by a judgment must be "'unequivocally expressed' in . . . statutory text" and

9   strictly construed in favor of the government.  Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255,

10   261 (1999) (citation omitted).[5]

11                    **2.      The EDR Panel Is An Administrative, Not A Judicial, Body.**

12             In resolving "cases" and "controversies," it is the federal courts' duty . . . to say what the

13   law is."  Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1803).  Accordingly, there is no

14   dispute that a federal judge deciding a case or controversy pursuant to his or her judicial power

15   under Article III may issue binding directives to agencies of the United States.  But this power

16   does not extend beyond cases and controversies, and not every act by one who is a federal

17   judicial officer is a judicial act taken in exercise of such Article III powers.  See Mistretta v.

18   United States, 488 U.S. 361, 404 (1989) (power wielded by judges serving on U.S. Sentencing

19   Commission "is not judicial power; it is administrative power derived from the enabling

20   legislation").  Thus, a judge's "[a]dministrative decisions, even though they may be essential to

21   the very functioning of the courts," are not "judicial acts."  Forrester v. White, 484 U.S. 219, 228

22

23   [5]       Plaintiff's recently-filed Amended Complaint alleges that "sovereign immunity does not
    apply to this action against" the Director of OPM (whom the Am. Compl. added as a defendant)
24   because his actions were "beyond the scope of his statutory and constitutional authority."  Am.
    Compl. ¶ 13.  The EDR Orders were directed against OPM, however.  Regardless, this exception
25   to sovereign immunity does not apply where, as here, plaintiff seeks to compel the government
    itself to act, even if the complaint is nominally addressed to a government official.  Dugan v.
26   Rank, 372 U.S. 609, 620 (1963).  It also does not apply here where Congress has vested OPM
    with the authority to administer the FEHBP under FEHBA as to all federal employees and, thus,
27   the Director of OPM was "exercising the powers delegated to him by the sovereign."  Id. at 622.
    See infra at 14-15.
28

1   (1988).  Indeed, a judge exercising administrative authority *cannot* simultaneously exercise his or

2   her judicial power.  See Mistretta, 488 U.S. at 404 (the constitution "does not forbid judges to

3   wear two hats" but it does "forbid[] them to wear both hats at the same time").  Accordingly, the

4   Judiciary's administrative bodies, such as the circuit judicial councils, "some of which [entities]

5   are comprised of judges, . . . do not exercise judicial power in the constitutional sense of deciding

6   cases and controversies, but they share the common purpose of providing [through administration

7   and rulemaking] for the fair and efficient fulfillment of responsibilities that are properly the

8   province of the Judiciary." Mistretta, 488 U.S. at 388.  See Chandler v. Judicial Council of the

9   Tenth Circuit, 398 U.S. 74, 86 n.7 (1970).

10          Chief Judge Kozinski's authority in his administrative capacity under the Ninth Circuit's

11   EDR process is therefore "not judicial . . . in the sense in which judicial power is granted by the

12   Constitution to the courts of the United States." United States v. Ferreira, 54 U.S. (13 How.) 40,

13   47-48 (1852).  He was not exercising Article III authority to resolve a case or controversy when,

14   in Ms. Golinski's EDR proceeding, he ordered OPM to rescind its guidance to BC/BS.  And as

15   an EDR hearing officer he was not vested with the authority to bind an Executive agency (let

16   alone one that was not before him).

### 3. Congress Has Not Vested Administrative EDR Panels With Authority To Bind Federal Agencies Outside The Judiciary.

17          The question to be answered here is not merely what an administrative EDR Panel

18

19   "thinks it should do but what Congress has said it can do." CAB v. Delta Air Lines, 367 U.S.

20   316, 322 (1961); see also Nat'l Petroleum Refiners Ass'n v. FTC, 482 F.2d 672,674 (D.C. Cir.

21   1973) ("The extent of [an entity's administrative] powers can be decided only by considering the

22   powers Congress specifically granted it in the light of the statutory language and background.").

23   Chief Judge Kozinski wrote that the November 19, 2009 EDR Order "is proper and within my

24   jurisdiction because Congress intended this [EDR] tribunal to be the sole forum for adjudicating

25   complaints of workplace discrimination by employees of the Judiciary.  With that responsibility

26   must come power equal to the task." In re Golinski, 587 F.3d at 961.  Defendants respectfully

27   but strongly disagree that this was Congress's intent, and this Court should find that it was not.

28

As the history of this Circuit's EDR Plan demonstrates, Congress has not vested it with the authority to issue binding directives on entities outside the Judiciary.[6] The EDR Plan was developed without any express statutory authorization, and its issuance followed a long history of Executive Branch administrative support for the Judiciary.[7] See Dotson v. Griesa, 398 F.3d 156, 169-76 (2d Cir. 2005); Blankenship v. McDonald, 176 F.3d 1192, 1195 (9th Cir. 1999) ("Congress has given judicial employees certain employment benefits and remedies, such as back pay, severance pay, family and medical leave, and health and retirement benefits. Congress has withheld other benefits and remedies, such as review of adverse personnel decisions. This demonstrates that the lack of more complete remedies was not inadvertent."). It was only in 1980 that the Judicial Conference developed a model EEO plan and required federal courts to adopt EEO plans of their own. See Dotson, 398 F.3d at 172. As set forth below, the administrative, intra-Judiciary EDR plans established thereafter were not vested with any authority, statutory or otherwise, to bind the Executive.[8]

> a. **The Statutory Authorization Of The Merit Systems Protection Board Does Not Empower EDR Panels To Direct Executive Agencies.**

Chief Judge Kozinski wrote that had the January 13, 2009 EDR Order "come from the [Merit Systems Protection Board ("MSPB")], there would have been no question that it would have had to be obeyed," and that because "EDR tribunals take the place of the MSPB for judicial

---

[6]    Title 28 U.S.C. § 332 empowers the judicial council of each circuit to "make all necessary and appropriate orders for the effective and expeditious administration of justice *within its circuit*." 28 U.S.C. § 332(d)(l) (emphasis added).

[7]    "Those who established the system of separation of powers, including an independent judiciary, were content to allow judges and their clerks to rely on executive branch support." Gordon Bermant & Russell R. Wheeler, "Federal Judges and the Judicial Branch: Their Independence and Accountability," 46 MERCER L. REV. 835, 855 (1995). Indeed, the Department of Justice provided administrative support for the Judiciary until Congress created the AOUSC in 1939. See id. at 854-55; see also Pub. L. No. 76-299, § 304(1), 53 Stat. 1223, 1223.

[8]    By arguing that Congress has not statutorily vested administrative EDR panels with authority to bind Executive agencies, OPM does not take any position as to whether such legislation would accord with separation of powers or otherwise be constitutionally permissible.

1   employees, . . . it makes sense that Congress gave our EDR tribunals powers coextensive with

2   those of the MSPB." In re Golinski, 587 F.3d at 961 n.4 (citing 5 U.S.C. § 1204(a)(2)).

3   Defendants respectfully submit that these statements are not well-founded because the MSPB is

4   not empowered to do what the EDR Order seeks to do here and, regardless, Congress has not

5   granted intra-judiciary EDR panels the same authority to bind executive agencies as the MSPB.

6          The MSPB's jurisdiction is restricted to actions made "appealable to the Board under any

7   law, rule, or regulation," 5 U.S.C. § 7701(a), and there is no such legal authorization for appeal

8   to the MSPB of OPM enrollment decisions. See 5 C.F.R. § 1201.3; Roberts v. Dep't of the

9   Army, 168 F.3d 22, 23-24 (Fed. Cir. 1999) (MSPB's authority "is limited to those matters over

10  which it has been given jurisdiction by some statute or regulation.").  Indeed, the MSPB itself has

11  held that OPM's "decisions concerning its administration of health benefits are not reviewable by

12  the [MSPB]." Oppenheim v. OPM, 51 M.S.P.R. 255, 257 (1991).  See also Rosano v. Dep't of

13  Navy, 699 F.2d 1315, 1318-20 (Fed. Cir. 1983) (MSPB lacks jurisdiction to review a challenge

14  to OPM's decision approving or not approving a health plan); Armachuelo v. MSPB, 337 Fed.

15  Appx. 889, 2009 WL 1971372 (Fed. Cir. July 9, 2009) (unpublished) ("OPM determinations

16  concerning health plan enrollment are final and not reviewable by the Board.").

17         Even if the MSPB could review OPM's FEHBP coverage decisions, the Executive

18  Branch's MSPB and an EDR hearing officer within the Judicial Branch do not have

19  "coextensive" statutory authority over Executive Branch agencies. Contra In re Golinski, 587

20  F.3d at 961 n.4.  Congress granted the MSPB "special power" to compel agencies within its

21  jurisdiction in proceedings before the Board to comply with its orders and decisions. Kerr v.

22  Nat'l Endowment for the Arts, 726 F.2d 730, 732 (Fed. Cir. 1984); see 5 U.S.C. § 1204(a)(2).

23  By contrast, there is no equivalent provision authorizing the establishment of judicial EDR

24  processes that can do the same. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence

25  and Coordination Unit, 507 U.S. 163, 168 (1993) ("Expressio unius est exclusio alterius.").

26         Thus, the EDR process provides "administrative review within the judiciary." Dotson,

27  398 F.3d at 176 (emphasis added).  It is more akin to an intra-agency equal employment

28  opportunity adjudication process than a separate tribunal empowered by Congress to bind federal

1   agencies.  Indeed, the EDR Plan itself lists "remedies available to successful complainants," and

2   those remedies are all actions that may be taken solely by and within the Judicial Branch such as

3   reinstatement, promotion, and modification of the judiciary's records on the employee.  See

4   Ninth Circuit EDR Plan at 9-10.  FEHBP remedies that require action by entities outside the

5   Judiciary are available under OPM's FEHBP regulations and the APA.

6           **b.      The Congressional Accountability Act Did Not Vest
                       Administrative EDR Panels With The Authority To Direct**
7           **Executive Agencies.**

8           In 1995, Congress extended to congressional (but not judicial) employees the protections

9   of various workplace laws applicable to other public- and private-sector employees when it

10  enacted the Congressional Accountability Act ("CAA").  See 2 U.S.C. § 1302(a).  The CAA

11  vests enforcement authority in an Office of Compliance established within the legislative branch.

12  Id. § 1381.  Under the statute, congressional employees with cognizable grievances must

13  complete counseling and mediation, after which they may either file a civil action in federal

14  district court, or initiate proceedings with the Office of Compliance and then seek judicial review

15  of that Office's decisions.  See id. §§ 1401-1408.  Congress considered bringing judicial

16  employees within the ambit of the CAA, but chose not to do so.  See Dotson, 398 F.3d at 173.

17  The Judicial Conference did not seek similar legislation, but in 1997 it issued a model EDR plan.

18  See id., 398 F.3d at 175.  The Ninth Circuit's EDR plan was adopted in accord with that model.

19  See Ninth Circuit EDR Plan at 1.  Congress did not enact any legislation providing for

20  administrative or judicial review of adverse employment decisions involving judicial employees.

21  Dotson, 398 F.3d at 175; cf. Blankenship, 176 F.3d at 1195 ("the lack of more complete

22  remedies [for judicial employees] was not inadvertent.").

23          **c.      The AOUSC Personnel Act Does Not Empower EDR Panels To
                       Direct Executive Agencies.**
24

25          The November 19, 2009 Order also suggests that the AOUSC Personnel Act of 1990,

26  Pub. L. 101-474, 104 Stat. 1097, which transferred control over the AOUSC's personnel matters

27  from the Executive Branch to a personnel system within the AOUSC, may constitute implicit

28  congressional recognition of the Judiciary's authority to exercise the same powers as the MSPB.

*Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction*
*Civ. No. 4:10 257 SBA*                                                              12

1   See In re Golinski, 587 F.3d at 962 n.6.  But that Act does not authorize EDR Panels to issue

2   binding directives to agencies outside the Judicial Branch such as OPM.

3   By its terms, the AOUSC Personnel Act solely addresses personnel matters within the

4   AOUSC and thus does not even speak to such matters within the federal courts generally.

5   Section 3(g) of the AOUSC Personnel Act, 104 Stat. 1099, empowers the AOUSC to exercise,

6   *with respect to employees or applicants for employment in the AOUSC,* "any authority granted"

7   to the MSPB under "any law prohibiting" certain enumerated forms of "discrimination in Federal

8   employment." 28 U.S.C. § 602 note.  This provision does not even apply to Judiciary employees

9   outside AOUSC such as plaintiff.  Even if it did, the MSPB does not have the authority or

10  jurisdiction to issue directives to OPM concerning OPM's administration of FEHBP.

11  In any event, the November 19, 2009 Order is clear that the directives to OPM are for the

12  purpose of enforcing the nondiscrimination protections set forth in the Ninth Circuit's own

13  internal EDR and EEO plans, not any federal anti-discrimination statute.  See In re Golinski, 587

14  F.3d at 963.  But the AOUSC Act speaks in terms of empowering the AOUSC to exercise the

15  authorities granted the MSPB under laws prohibiting federal employment discrimination. Even if

16  the Ninth Circuit EDR plan qualified as such a law, it grants no power to the MSPB.

17  Moreover, the AOUSC Personnel Act contains no language expressly conferring on the

18  AOUSC the authority to issue directives to OPM in its administration of the FEHBP, and none

19  may be fairly implied.  Indeed, legislative history makes clear that the Act affects neither the

20  entitlement of the AOUSC's employees to health benefits under the FEHBP nor OPM's

21  responsibility for hearing those employees' administrative appeals of its decisions under the

22  FEHBA.  See H.R. REP. NO. 101-770, pt. 1, at 6 (1990), reprinted in 1990 U.S.C.C.A.N. 1709,

23  1710 ("Being subject to the retirement and insurance plans administered by [OPM], employees of

24  the AO[USC] will continue to appeal adverse rulings on these matters to the OPM").

25  Based on the foregoing, it is plain that the EDR process is one for "administrative review

26  within the judiciary." Dotson, 398 F.3d at 176.  It is not specifically authorized by any statute,

27  and Congress has never waived the Executive's sovereign immunity in those administrative

28

*Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction*
*Civ. No. 4:10 257 SBA*                                                                                      13

review proceedings.[9]

### 4. Congress Has Vested OPM With The Authority To Interpret And Apply The Federal Health Employee Benefits Act.

Unlike administrative EDR Panels within the Judiciary, Congress has conferred on OPM the authority to administer the FEHBP under FEHBA. Plaintiff is thus mistaken in asserting that "OPM does not have the authority to interpret the FEHBA as it applies to judicial employees." Pl. Mem. 12. The FEHBA specifically entrusts OPM with administering the FEHBP as to *all* federal employees. See Transitional Learning Cmty. at Galveston v. OPM, 220 F.3d 427, 429 (5th Cir. 2000) (in case involving benefits for retired district judge, stating "[u]nder FEHBA, the OPM is delegated the authority to promulgate regulations and to negotiate and contract with qualifying private insurance carriers to offer health benefit plans to federal employees."); Kobleur v. Group Hospitalization & Med. Servs., 954 F.2d 705, 709 (11th Cir. 1992). In particular, the FEHBA authorizes OPM to negotiate and contract with private insurance carriers to offer health benefits plans to federal employees -- including judicial employees -- and other eligible individuals, see 5 U.S.C. §§ 2104, 2105, 8901, 8902(a), 8903, and to "prescribe regulations necessary to carry out" the Act, id. § 8913(a), including with respect to plan enrollment, id. § 8913(b).[10]

---

[9]   Nor, as one of the EDR Orders suggests, has Congress somehow acquiesced in the assertion of such power by administrative EDR panels because Congress has not acted to abolish the panels. See November 19, 2009 Order at 14. The EDR Orders here appear to be wholly without precedent, and Congress can hardly have acquiesced to an assertion of power that has never before been made.

[10]   Plaintiff's sole citation in support of her contrary view is unavailing. Plaintiff cites Director, Edward J. Meyer Mem'l Hospital v. Stetz, 433 F. Supp. 323, 325 (W.D.N.Y. 1977), for the proposition that the "scope of OPM's authority is 'solely to contract with qualified carriers, to make information regarding the plans available to eligible employees, and to make a continuing study of the administration and operation of this program.'" Pl. Mem. 12, quoting id. The cited case deals not with OPM but the former Civil Service Commission, and it speaks not to that Commission's "authority" but to its "role." Stetz, 433 F. Supp. at 325. It also states that the Commission had the "authority" to issue regulations carrying out the mandate of the FEHBA. Id. In any event, the case held merely the Commission was not "authorized to act as an insurer of its employees" and that a suit concerning a benefits dispute was properly brought against the insurance carrier, not the Commission. Id.

1    OPM's authority is not unreviewable.  The APA affords a cause of action for claims

2    against OPM arising out of its administration of the FEHBP, and the FEHBA specifically

3    provides that jurisdiction to review claims challenging OPM's administration of the FEHBP lies

4    in the U.S. district courts and the U.S. Court of Federal Claims, which have concurrent

5    jurisdiction "of a civil action or claim against the United States founded on [the Act]."  Id. §

6    8912.  See NTEU v. Campbell, 589 F.2d 669, 674 (D.C. Cir. 1978).  There is, however, no

7    provision of the FEHBA expressly granting *any* administrative entity a role in reviewing any

8    actions taken by OPM in administering the FEHBP.  Cf. Rosano, 699 F.2d at 1319 (employing

9    agency "had no power to change" "FEHB[P] options[] determined by OPM"); In re Levenson,

10   587 F.3d 925, 934 (9th Cir. EDR Panel 2009) (Reinhardt, J.) (observing that FEHBA vests

11   authority to enter into health insurance contracts for federal employees "in a single executive

12   agency, OPM" and that it would be inappropriate to issue an order directing the Office of the

13   Federal Public Defender ("FPD") "to enter into separate contracts [for its employees] with

14   private insurers" because "[n]o statute or regulation authorizes the FPD to enter into [such

15   contracts] or to bind the United States to any such contract").

16           **5.      Constitutional Separation Of Powers Principles Do Not Authorize
17                     EDR Panels To Direct Executive Agencies' Statutorily-Authorized
                       Administration Of Federal Programs.**

18           Plaintiff argues that OPM's actions with respect to enrollment of Ms. Golinski's spouse

19   "undermined the co-equal status of another branch of government, the independence of the

20   Judiciary, and the Courts' power to interpret the laws of the United States," in violation of

21   constitutional separation of powers principles.  Pl. Mem. 12.  Plaintiff is mistaken.  Because of

22   its statutory grant of power, OPM's administrative determinations concerning the FEHBP take

23   precedence over another administrative actor, such as an EDR panel.  This says nothing about the

24   courts' undisputed *judicial power* to say what the law is in a case or controversy.

25           Moreover, there is nothing impermissible about the benefits received by judicial branch

26   employees being to some extent dependent on executive branch administrative interpretation of

27   the laws.  The Supreme Court has squarely rejected "the notion that the three Branches must be

28   entirely separate and distinct."  Mistretta, 488 U.S. at 380.  Separation of powers thus does not

1  require a "hermetic division among the Branches." Id. at 381.  "[E]ven quite burdensome

2  interactions" "between the Judicial Branch and the Executive" do not "necessarily rise to the

3  level of [unconstitutionality]." Clinton v. Jones, 520 U.S. 681, 702 (1997).

4          Of course, "'the separation-of-powers doctrine requires that a branch not impair another

5  in the performance of its constitutional duties,'" id. at 701 (quoting Loving v. United States, 517

6  U.S. 748, 757 (1996)), and in considering alleged encroachments upon the Judiciary, the

7  Supreme Court specifically has identified the danger of another branch "'impermissibly

8  threaten[ing] the institutional integrity of the Judicial Branch,'" Mistretta, 488 U.S. at 383

9  (quoting Commodity Futures Comm'n v. Schor, 478 U.S. 833, 851 (1986)).  The coordinate

10  branches therefore may not interfere with the "total and absolute independence of judges in

11  deciding cases or in any phase of the decisional function." Chandler, 398 U.S. at 84 (emphasis

12  added).  Congress may not "vest review of the decisions of Article III courts in officials of the

13  Executive Branch" or "command[] the federal courts to reopen final judgments." Plaut v.

14  Spendthrift Farm, Inc., 514 U.S. 211, 218-19 (1995).  And Congress may not "authorize the

15  adjudication of Article III business in a non-Article III tribunal" in a way that "impermissibly

16  threatens the institutional integrity of the Judicial Branch." Schor, 478 U.S. at 851.[11]

17          Intrusions that transgress separation of powers are therefore those that go to the core

18  judicial function of judging cases or controversies pursuant to Article III.  But here, OPM's

19  administrative interpretation and enforcement of generally applicable, statutory limitations on

20  enrollment in the FEHBP as to judicial employees does not touch upon the judicial

21  decisionmaking process or any related activities at the core of federal judicial power.  Indeed,

22  even judges themselves are not exempt from generally applicable laws that directly affect their

23  compensation.  See United States v. Hatter, 532 U.S. 557, 571 (2001) (judges subject to income

24  taxes); O'Malley v. Woodrough, 307 U.S. 277, 282 (1939) (same).

25  _____

26  [11]      Specific constitutional provisions help to preserve judicial independence: the good
    Behavior Clause "guarantees that Art. III judges shall enjoy life tenure, subject only to removal
27  by impeachment," and the Compensation Clause "guarantees Art. III judges a fixed and
    irreducible compensation for their services."  N. Pipeline Constr. Co. v. Marathon Pipe Line Co.,
28  458 U.S. 50, 59 (1982) (plurality opinion); see also U.S. Const. art. III, § 1.

### 6.   OPM Also Cannot Be Bound By The EDR Order Because It Was Not A Party To The EDR Proceedings.

It is a well-established "'principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" Martin v. Wilks, 490 U.S. 755, 761 (1989) (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940)).  Here, plaintiff argues that an office of the Executive Branch, OPM, is bound via an order from an administrative proceeding to which OPM was not a party.  Plaintiff has identified no precedent for such an assertion of administrative authority.  While Chief Judge Kozinski, in his administrative capacity, invited OPM to appeal his ruling, it was under no obligation to appeal an order by which it is not bound and from a proceeding to which it was not a party.  Moreover, the EDR Plan by its own terms applies within the Judiciary, not to Executive agencies.  See EDR Plan at 1.  In any event, notice and an invitation to participate are not enough to bind a party to a federal court judgment, let alone a non-judicial, administrative order.  "Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree."  Martin, 490 U.S. at 765.

Nor is it the case, as Chief Judge Kozinski stated and plaintiff alleges, that the EDR Orders are "final and preclusive" as to OPM because it "could have, but did not appeal" those administrative orders.  In re Golinski, No. 09-80173 (9th Cir. EDR Panel December 22, 2009), cited in Pl. Mem. 9.  Chief Judge Kozinski cited Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-402 & n.4 (1981), and Travelers Indem. Co. v. Bailey, 129 S. Ct. 2195 (2009) (upon which plaintiff also relies, see Pl. Mem. at 9), but those cases are inapposite.  As the Supreme Court held in Federated Dep't Stores, "[a] final judgment on the merits of an action precludes *the parties or their privies* from relitigating issues that were or could have been raised in that action." 452 U.S. at 398 (emphasis added).  As noted above, OPM was not a party to the EDR proceeding between Ms. Golinski and the AOUSC, nor can it be said to be in privity with those

parties.[12]  Similarly, <u>Travelers Indem. Co. v. Bailey</u> relied on the unexceptional, general

proposition that "[e]ven subject-matter jurisdiction . . . may not be attacked collaterally." 129 S.

Ct at 2205 (quoting <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455 n.9 (2004)).  But this general principle

applies only to the parties to the original proceeding "or those in privity with them." <u>Id</u>.  And,

critically, it is beside the point here:  the Supreme Court recognized in <u>Travelers</u> that "a collateral

attack on subject-matter jurisdiction is permissible 'where the issue is the waiver of [sovereign]

immunity.'" <u>Id</u>. n.6 (in a parenthetical, citation omitted).[13]

---

[12]      "'Privity' . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1052-53 (9th Cir. 2005) ((citation omitted)).  "[P]arallel legal interests alone, identical or otherwise, are not sufficient to establish privity." <u>Id</u>. at 1054.  It is axiomatic that "no court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree." <u>Alemite Mfg. Corporation v. Staff</u>, 42 F.2d 832, 832-33 (2d Cir. 1930) (Hand, J.).  The Supreme Court has identified six exceptions to the general "rule against nonparty preclusion," none of which apply here.  <u>See</u> <u>Taylor v. Sturgell</u>, 128 S. Ct. 2161, 2172-73 (2008).  For example, there is no suggestion that OPM "assume[d] control over" AOUSC's participation in the administrative EDR process.  <u>See</u> <u>Montana v. United States</u>, 440 U.S. 147, 154 (1979).  AOUSC is an entity within the Judiciary, not the Executive, and not subject to "control" by OPM.  Nor could AOUSC have adequately represented OPM's interests in the EDR proceeding because their interests were different.  <u>E.g.</u>, AOUSC could not represent OPM as to the questions now at issue in this litigation -- whether an EDR Panel can bind an Executive agency at all -- because AOUSC, of course unlike OPM, is subject to the supervision of the Judicial Conference.  Likewise, AOUSC does not share OPM's statutory mandate to administer the FEHBP across all federal agencies, or OPM's related interest that such administration be consistent.  <u>Compare</u> <u>Taylor</u>, 128 S.Ct. at 2172-73 (relationships that give rise to adequate representation of a non-party include "properly conducted class actions and suits brought by trustees, guardians, and other fiduciaries" (internal citations omitted)); <u>id</u>. at 2176 ("A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." (internal citations omitted)); <u>Riley v. Giguiere</u>, 631 F. Supp. 2d 1295, 1307 (E.D. Cal. 2009) (same, following <u>Taylor</u>).

[13]      Moreover, the preclusion of a "collateral" attack on jurisdiction presupposes that the original order in question was not "'plainly beyond'" the original tribunal's authority.  <u>Travelers</u>, 129 S. Ct. at 2205 n.6 (quoting RESTATEMENT (2D) OF JUDGMENTS § 12, p. 115 (1980)).  <u>Cf. id</u>. ("This is not a situation, for example, in which a bankruptcy court decided to conduct a criminal trial, or to resolve a custody dispute, matters 'so plainly beyond the court's jurisdiction' that a different result might be called for.").

---

**B.   Mandamus Is Unavailable Because Any Duty By OPM To Comply With An Administrative, Intra-Judicial EDR Order Is, At A Minimum, Not Free From Doubt.**

Mandamus is "an extraordinary remedy" available only where "the official's duty is nondiscretionary" and "ministerial," Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003) (citation omitted), and "so plainly prescribed as to be free from doubt and equivalent to a positive command." Emergency Disaster Loan Ass'n v. Block, 653 F.2d 1267, 1271 (9th Cir. 1981). Where "the duty is not thus plainly prescribed but depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." Id.

As the foregoing demonstrates, a judgment that an administrative EDR hearing officer within the Judiciary is empowered to bind the Executive without regard to sovereign immunity, and in a proceeding to which the Executive was not a party, is, at a minimum, "not free from doubt." See id. For that reason, even if this Court were to conclude that plaintiff's legal position is on balance correct, mandamus is not an available or appropriate remedy.

**C.   Mandamus Is Inappropriate Because Plaintiff Has Adequate, Alternative Remedies At Law.**

Mandamus is appropriate only where "no other adequate remedy is available.'" Pit River Home and Agr. Co-op. Ass'n, 30 F.3d at 1097. Because other "review could correct the individual errors alleged" by Ms. Golinski, "there is an adequate alternative remedy" and mandamus jurisdiction is precluded. Kildare, 325 F.3d at 1085.

First, plaintiff has the right to seek judicial review of OPM's actions under the APA, 5 U.S.C. § 701 et seq., and Congress has expressly provided for federal court jurisdiction over such a claim concerning the FEHBP. 5 U.S.C. § 8912. OPM's regulations also entitled plaintiff to seek reconsideration of AOUSC's initial denial of her spouse's enrollment. 5 C.F.R. § 890.104; see also id. § 890.103(b) (employing agency's final decision is subject to OPM's corrective authority). These administrative remedies apply to judicial employees no less than other federal

1  employees.  See generally 5 C.F.R. Part 890.[14]

2      Thus, plaintiff's remedies under the APA and FEHBA provide an adequate and

3  appropriate avenue for resolving plaintiff's complaints.  Contrary to plaintiff's claims that "no

4  other remedy is available" to her, Pl. Mem. 8, it is the APA and the FEHBA process, not the

5  EDR process, that affords remedies for complaints concerning FEHBP.  This is true for judicial

6  employees no less than other federal employees.  As noted above, the EDR process is intra-

7  judiciary, and EDR panels are not authorized to bind Executive agencies.  The Ninth Circuit

8  EDR Plan itself implicitly recognizes this: the plan lists "remedies available to successful

9  complainants," and those remedies are all actions such as reinstatement, promotion, and

10  modification of the judiciary's records on the employee, that may be taken solely by and within

11  the Judicial Branch.  See Ninth Circuit EDR Plan at 9-10.  Conversely, the FEHBA and OPM's

12  implementing regulations provide for administrative and judicial review of claims by federal

13  employees concerning FEHBP enrollment and benefits.  See 5 U.S.C. § 8912; 5 C.F.R.

14  §§ 890.101 et seq.

15      Plaintiff apparently also has available, and is pursuing, an adequate remedy before the

16  EDR panel.  The EDR Plan provides for relief under the Back Pay Act, 5 U.S.C. § 5596.  Ninth

17  Circuit EDR Plan at 9-10.  And as discussed in further detail infra, plaintiff was awarded back

18  pay to compensate her for the cost of obtaining private health insurance for her spouse.  In re

19  Golinski, Docket Entry No. 32 (awarding $6,272 in back pay to Ms. Golinski).  It is not clear,

20  and plaintiff does not explain, why she cannot seek relief for future costs incurred.  Whatever the

21  appropriateness of such relief, it is available and therefore precludes mandamus.

22

23

24  [14]      OPM does not concede, of course, that such a suit would have merit or that it would be

25  properly brought at this time.  Even if plaintiff's relief under the APA and the FEHBA scheme is

26  forclosed, however, it is nonetheless an "adequate" remedy that forecloses mandamus
    jurisdiction.  See Heckler v. Ringer, 466 U.S. 602, 620 (1984) (denying mandamus relief where

27  claimant could take an administrative appeal even though success on that appeal was foreclosed
    by Secretary's formal ruling on the issue); Sable Comm. of Cal. v. FCC, 827 F.2d 640, 642 (9th

28  Cir. 1987).

### D.   Even If Mandamus Were Otherwise Appropriate, The Court Should Decline To Mandamus OPM Under These Circumstances.

Even if plaintiff satisfied all of the prerequisites to mandamus (which she does not), whether to grant the petition would remain within the Court's discretion. See Whitehouse v. Illinois Cent. R. Co., 349 U.S. 366, 373 (1955) ( "mandamus is itself governed by equitable considerations and is to be granted only in the exercise of sound discretion"); Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003).  Courts are properly "reluctant to afford discretionary relief when to do so would intrude on the responsibilities including the shared responsibilities of the coordinate branches." Nat'l Wildlife Fed'n v. United States, 626 F.2d 917, 924 (D.C. Cir. 1980). Cf. Nat'l Treasury Employees Union v. Nixon, 492 F.2d 587, 616 (D.C. Cir. 1974) (declining to mandamus the President, but instead issuing a declaratory judgment, "in order to show the utmost respect to the office of the Presidency and to avoid, if at all possible, . . . any clash between the judicial and executive branches of the Government.").

Moreover, a drastic and extraordinary order of mandamus is also inappropriate where, as here, ongoing administrative proceedings could moot plaintiff's claims.  Non-party Blue Cross Association, arguing that it is not bound by orders of the EDR Panel, has appealed to the Judicial Council of the Ninth Circuit Chief Judge Kozinski's EDR order that Blue Cross enroll plaintiff. See In re Golinski, No. 09-80173 (9th Cir. EDR Panel) (Docket Entry No. 12).  That process could, of course, render this case moot should the administrative appeal result in a ruling that Chief Judge Kozinski erroneously read and applied the relevant statutes and policies, or that he exceeded the EDR Panel's authority by issuing orders to non-parties outside the judiciary.  To date, plaintiff has avoided any such review of the EDR Orders -- on January 29, 2010, the plaintiff and Blue Cross sought and, on February 1, 2010, Chief Judge Kozinski granted a stay of the EDR proceedings pending the outcome of this civil action. Id. Docket Entry No. 38. Nonetheless, this Court should not invoke the discretionary and extraordinary remedy of mandamus against the Executive Branch based on an administrative order when the underlying administrative process has not been exhausted.

**III.   Plaintiff Has Failed To Establish She Will Suffer Cognizable, Non-Speculative Irreparable Harm Absent An Emergency Injunction.**

To qualify for an emergency injunction, plaintiff must clearly establish a substantial threat of irreparable injury absent relief.  Winter, 129 S. Ct. at 375-76..  Thus, "a plaintiff must *demonstrate*," not merely predict, "immediate threatened injury as a prerequisite to preliminary injunctive relief."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668 (9th Cir. 1988) (emphasis in original).  Plaintiff's conclusory allegations do not meet this standard; rather, as this Court has already recognized in a related context, plaintiff's claims of harm are "tenuous . . . at this juncture."  See Docket Entry No. 22, at 2.

**A.   Plaintiff's Monetary Injuries Do Not Constitute Irreparable Harm.**

It is well-settled that "[m]ere injuries, however substantial, in terms of money, time and energy . . . are not enough" to justify entry of a preliminary injunction.  See Sampson v. Murray, 415 U.S. 61, 90 (1974).  "The possibility that adequate compensatory or other corrective relief will be available at a later date in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Id..  Despite this established principle, plaintiff relies on allegations of financial injury to support her claim of irreparable harm.  Plaintiff admits that her spouse is covered by health insurance, albeit not her FEHBP plan, but states that the individual insurance plans she and her spouse have researched have "co-payments and deductibles, non-emergency and emergency services fees, or brand-name prescription medication reimbursements" that are not "comparable" to those under plaintiff's FEHBP plan, and that she and her spouse would face "higher out-of-pocket expenses" with them. Pl. Mem. 10.  Thus, plaintiff argues that these "higher . . . expenses" she will incur cannot be compensated with monetary relief because her spouse cannot obtain a health insurance plan that is precisely the same as what she would have under FEHBP.  Id.  This is, however, an "injur[y] . . . in terms of money," Sampson, 415 U.S. at 90, and it appears that it is remediable with money.

As noted supra, under the EDR proceeding plaintiff has been awarded back pay to compensate her for the cost of her spouse's health insurance.  See In re Golinski, No. 09-80173 (9th Cir. EDR Plan), Docket Entry No. 32.  If there is no plan that provides "comparable

1    coverage" relative to plaintiff's FEHBP plan, it is not clear why she cannot seek an appropriate

2    back pay remedy in the EDR process to make "comparable" the coverage that is available and

3    compensate her for her family's "higher . . . expenses." See Pl. Mem. 10. Another judge of this

4    Circuit acting as an EDR hearing officer has found that back pay is the sole appropriate remedy

5    for an identical alleged violation of the EDR Plan. See In re Levenson, 587 F.3d at 935.[15]

6         Plaintiff's monetary injuries do not constitute irreparable harm sufficient to justify entry

7    of a preliminary injunction.[16]

8         **B.    Plaintiff Cannot Rely Upon Any Presumption Of Irreparable Harm.**

9         Plaintiff also argues that OPM's differential treatment pursuant to current federal law "of

10   same-sex and opposite-sex married couples is an injury that remains non-compensable." Pl.

11   Mem. 9. This conclusory assertion is at odds with the law of this Circuit that "a plaintiff must

12   *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."

13   Caribbean Marine Servs., 844 F.2d 668 (emphasis in original). Under plaintiff's theory, every

14   discrimination claimant would be able to establish "irreparable harm." That is not the case under

15   current law. See, e.g., Stanley, 13 F.3d at 1320 (Equal Pay Act plaintiff who could recover

16   money damages and back pay had an adequate remedy at law and could not demonstrate

17   irreparable injury); Duke v. Langdon, 695 F.2d 1136, 1137 (9th Cir. 1983) (Title VII plaintiff

18

_____

19   [15]    Defendants take no position at this time as to the appropriateness of the back pay
     remedies ordered against AOUSC in the Golinski and Levenson EDR proceedings. As a
20   practical matter, however, it is plain that such remedies are being made available to EDR
     claimants such as (and including) plaintiff.
21

22   [16]    Plaintiff also asserts in her declaration, though not in her motion or memorandum, that it
     is possible her family will face increased health care costs. See Declaration of Karen Golinski
23   ¶ 14. This alleged harm has not occurred however, and may never occur. See id. Because "a
     plaintiff must *demonstrate*," not merely predict, "immediate threatened injury as a prerequisite to
24   preliminary injunctive relief," this also does not justify an emergency injunction. See Caribbean
     Marine Servs., 844 F.2d 668 (emphasis in original). See also Order Denying Plaintiff's Ex Parte
25   Application for Order Shortening Time for Notice and Hearing for Preliminary Injunction
     (Docket Entry No. 22), at 1 (finding plaintiff's allegations of harm insufficient to justify
26   shortening time where such harm is "anxiety . . .  predicated upon the possibility that her spouse
     *may* require treatment that *may* not be covered by her current health insurance plan.") (emphasis
27   in original).

28

1    failed to demonstrate irreparable injury because she could regain her job with back pay if she

2    prevailed on the merits).

3          **C.**      **Plaintiff's Own Delay Undercuts Her Claims Of Irreparable Harm.**

4          Plaintiff's delay in bringing her emergency motion also militates strongly against a

5    finding of irreparable harm. Plaintiff waited four weeks after Chief Judge Kozinski issued the

6    December 22, 2009 Order to file her Complaint, and another week to seek emergency relief.

7    This "unnecessary delay" is "inconsistent with [the] claim that plaintiff is asserting great injury."

8    11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2946.[17]

9   **IV.**      **The Balance Of Harms Militates Against Entry Of A Preliminary Injunction.**

10         The final two factors of the traditional preliminary injunction inquiry -- harm to the

11    opposing party and the public interest -- merge when the Government is the opposing party. Cf.

12    Nken v. Holder, 129 S. Ct. 1749, 1762 (2009) (discussing criteria in related context of motion for

13    stay pending appeal).

14         Weighed against plaintiff's insufficient allegations of irreparable harm, the harm to the

15    government of a mandatory injunction counsels against granting plaintiff extraordinary,

16    emergency relief. Although this Administration disagrees as a matter of policy with the result

17    compelled here under current law, the public interest is, nonetheless, in following the duly

18    enacted laws of Congress. See Virginian Ry. Co. v. Sys. Fed'n No. 40, 300 U.S. 515 (1937)

19    (statutory policy of Congress "is in itself a declaration of the public interest which should be

20

21    [17]     Compare Oakland Tribune Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1377 (9th

22    Cir. 1985) (delay before seeking injunction "implies a lack of urgency and irreparable harm.");
GTE Corp. v. Williams, 731 F.2d 676, 679 (10th Cir. 1984) ("Delay of this nature undercuts the

23    sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that
there is, in fact, no irreparable injury."); Fund for Animals v. Frizzell, 530 F.2d 982, 987 (D.C.

24    Cir. 1976) (delay of 44 days called "inexcusable"); Nat'l Council of Arab Ams. v. City of New
York, 331 F. Supp. 2d 258, 265-66 (S.D.N.Y. 2004) (delay in plaintiff's motion for preliminary

25    injunction, filed one and one-half months after the defendant's challenged decision, precluded
relief); City of Tempe v. FAA, 239 F. Supp. 2d 55, 65 n.13 (D.D.C. 2003) (delay of two months

26    undermined case for preliminary injunction). Moreover, although plaintiff relies on Chief Judge
Kozinski's findings in the EDR proceeding that plaintiff suffers non-compensable harm, Pl.

27    Mem. 10, it bears noting that plaintiff has neither sought nor received expedition of that

28    administrative proceeding to prevent the accrual of such allegedly non-compensable injury.

persuasive" to courts); <u>Miller ex rel. NLRB v. California Pac. Med. Ctr.</u>, 19 F.3d 449, 459 (9th Cir. 1994) (en banc) ("'passage of the statute is itself an implied finding by Congress that violations will harm the public'") (citation omitted).  OPM is bound to follow and apply the law; unless and until that law changes, OPM would be harmed by a court order that prevents it from enforcing FEHBA as it stands modified by DOMA.  <u>See Caribbean Marine Servs. Co.</u>, 844 F.2d at 676-77 (failure to consider government's alleged harm "that its ability to enforce the mandate of the Act would be hampered" by a preliminary injunction is reversible error).  Similarly, the public interest is served by permitting the Executive Branch to perform its functions under our system of separation of powers of administering the FEHBP while applying and enforcing the law, subject to judicial review pursuant to Article III, but not administrative review pursuant to an EDR plan.

<strong>CONCLUSION</strong>

For all of the foregoing reasons, the Court should deny plaintiff's Motion for Preliminary Injunction.

Dated March 12, 2010                    Respectfully Submitted,

                                        MICHAEL F. HERTZ
                                        Deputy Assistant Attorney General

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                        SUSAN K. RUDY
                                        Assistant Branch Director

                                        ___/s/ Steven Y. Bressler_____
                                        STEVEN Y. BRESSLER D.C. Bar #482492
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        P.O. Box 883
                                        Washington, D.C. 20044

                                        Attorneys for Defendants