MICHAEL F. HERTZ
Deputy Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
SUSAN K. RUDY
Assistant Branch Director
CHRISTOPHER R. HALL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-4778
Facsimile:  (202) 616-8470
Email: Christopher.Hall@usdoj.gov

Attorneys for Defendant
the U.S. Office of Personnel Management

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN GOLINSKI<br><br>          Plaintiff,<br><br>     v.<br><br>THE UNITED STATES OFFICE OF<br>PERSONNEL MANAGEMENT and<br>JOHN BERRY,<br><br>          Defendants. | No. C 4:10-00257-JSW<br><br>**REPLY MEMORANDUM<br>IN SUPPORT OF DEFENDANTS'<br>MOTION TO DISMISS PLAINTIFF'S<br>FIRST AMENDED COMPLAINT**<br><br>Date:   November 5, 2010<br>Time:  9:30 a.m.<br>Place:  Courtroom 11, 19th Floor<br>          U.S. Courthouse<br>          450 Golden Gate Ave.<br>          San Francisco, CA 94102 |

*Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*
*4:10cv257-JSW*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      Plaintiff Offers No Real Dispute that the EDR Orders at Issue
        Are Administrative Rather than Judicial in Nature... . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     OPM Has No "Clear" and "Ministerial" Duty to Comply with Any Order... . . . . . . . . . . 3

        A.      OPM is Statutorily Charged with the Administration of FEHBP
                as to All Federal Employees, Including Judicial Employees.. . . . . . . . . . . . . . . . 4

        B.      Judicial EDR Panels Lack the Authority to Bind OPM in its
                Administration of the FEHBP... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                1.      The Powers Prescribed in 28 U.S.C. § 332 Do Not
                        Authorize EDR Panels to Bind OPM in its Administration
                        of the FEHBP.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                2.      There is No Inherent Constitutional Power That
                        Would Permit an EDR Panel to Direct OPM in its
                        Statutorily Charged Administration of the FEHBP.. . . . . . . . . . . . . . . . 10

        C.      There Is No Waiver of Sovereign Immunity that Would Permit
                OPM To Be Bound by an Administrative EDR Order... . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**CASES**

Baltimore & O.C.T.R. Co. v. United States,
593 F.2d 678. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Blankenship v. McDonald,
176 F.3d 1192 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,
461 U.S. 273 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CAB v. Delta Air Lines,
367 U.S. 316 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Chambers v. NASCO,
501 U.S. 32 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Consol. Edison Co. of New York, Inc. v. Ashcroft,
286 F.3d 600 (D.C. Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Degen v. United States,
517 U.S. 820 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Dotson v. Griesa,
398 F.3d 156 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

In re. Golinski,
587 F.3d 901 (9th Cir. EDR Panel 2009). . . . . . . . . . . . . . . . . . . . . . . . . 4

Heckler v. Ringer,
466 U.S. 602 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hilbert v. Dooling,
476 F.2d 355 (2d Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kobleur v. Group Hospitalization & Med. Servs.,
954 F.2d 705 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

Lane v. Pena,
518 U.S. 187 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Lehman v. Nakshian,
453 U.S. 156 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re. Levenson,
587 F.3d 925 (9th Cir. EDR Panel 2009). . . . . . . . . . . . . . . . . . . . . . passim

Link v. Wabash R. Co.,
370 U.S. 626 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

NTEU v. Campbell,
    589 F.2d 669 (D.C. Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Narenji v. Civiletti,
    617 F.2d 745 (D.C. Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nat'l Petroleum Refiners Ass'n v. FTC,
    482 F.2d 672 (D.C. Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Pit River Home & Agr. Co-op. Ass'n v. United States,
    30 F.3d 1088 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ry. Labor Executives' Ass'n v. Nat'l Mediation Bd.,
    29 F.3d 655 (D.C. Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Rosano v. Dep't of the Navy,
    699 F.2d 1315 (Fed. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

St. Tammany Parish v. FEMA,
    556 F.3d 307 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Transitional Learning Cmty. at Galveston v. OPM,
    220 F.3d 427 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

Union Pac. Ry. Co. v. Botsford,
    141 U.S. 250 (1891). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Mitchell,
    463 U.S. 206 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

United States v. Sherwood,
    312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

West v. Gibson,
    527 U.S. 212 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Wilbur v. United States,
    281 U.S. 206 (1930). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Young v. U.S., ex rel. Vuitton et Fils S.A.,
    481 U.S. 787 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

Pub. L. No. 76-299, § 304(1), 53 Stat. 1223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1 U.S.C. § 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 U.S.C. §§ 2104, 2105, 8901, 8902(a),  8903. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

5 U.S.C. § 5596. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*
*4:10cv257-JSW*
                                                        -iii-

28 U.S.C. § 332(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 1361. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 1, 2

## MISCELLANEOUS

Gordon Bermant & Russell R. Wheeler, "Federal Judges and the Judicial Branch: Their
    Independence and Accountability," 46 Mercer L. Rev. 835, 855 (1995). . . . . . . . . . . .   11

Charles Alan Wright, et al., 14 FEDERAL PRACTICE & PROCEDURE
    § 3655 (3d ed. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

1

## SUMMARY OF ARGUMENT

2      The Office of Personnel Management ("OPM") is statutorily charged with the

3 administration of the Federal Employees Health Benefits Program ("FEHBP") as to <u>all</u> federal

4 employees, including those of the Judicial Branch.  The source of that authority, the Federal

5 Employees Health Benefits Act of 1959 ("FEHBA"), contains no provision that would grant any

6 administrative entity a role in reviewing action taken by OPM in such capacity.  As such, when a

7 federal judge acting as an administrative hearing officer (and <u>not</u> in his Article III capacity)

8 purports to direct OPM to take actions under the FEHBP, OPM cannot be required to take such

9 actions even as to a Judicial Branch employee such as Plaintiff.  Thus, OPM is entitled to

10 dismissal of Plaintiff's complaint, which seeks an order from this Court under the Mandamus

11 Act, 28 U.S.C. § 1361, requiring it to comply with just such an administrative directive issued by

12 the Honorable Alex Kozinski, Chief Judge of the Ninth Circuit, in his capacity as a hearing

13 officer in the Ninth Circuit's Employee Dispute Resolution ("EDR") process.

14      Plaintiff cannot satisfy the factors required to support the extraordinary and drastic

15 remedy of mandamus on the basis of those orders: a clear right to relief for Plaintiff, a clear and

16 ministerial duty for Defendants to act, and the unavailability of any other adequate remedy.  To

17 even suggest the existence of any right or duty sufficient to warrant mandamus, Plaintiff must

18 establish one of two propositions: (1) that Judge Kozinski was acting with Article III force rather

19 than in a purely administrative capacity; or (2) that there is a specific grant of authority to the

20 federal courts to establish an internal administrative dispute resolution process that can direct

21 OPM's administration of the FEHBP.  As to the first issue, Plaintiff does not substantively

22 dispute that Judge Kozinski was acting in a purely administrative capacity.  As to the second,

23 Plaintiff fails to establish the existence of any grant of authority to the federal courts that would

24 allow an EDR panel to issue binding directives to OPM.

25      Accordingly, Plaintiff's complaint should be dismissed.

26

27

28

1

**INTRODUCTION**

2      The Office of Personnel Management ("OPM") is statutorily charged with the

3  administration of the Federal Employees Health Benefits Program ("FEHBP") as to all federal

4  employees, including those of the Judicial Branch.  The source of that authority, the Federal

5  Employees Health Benefits Act of 1959 ("FEHBA"), contains no provision that would grant any

6  administrative entity a role in reviewing action taken by OPM in such capacity.  As such, when a

7  federal judge acting not in his Article III role but as an administrative hearing officer purports to

8  direct OPM to take certain actions under the FEHBP – actions that would contravene the FEHBA

9  – OPM cannot be required to take such actions.  Accordingly, OPM is entitled to dismissal of

10  Plaintiff's complaint, which seeks an order from this Court under the Mandamus Act, 28 U.S.C.

11  § 1361, requiring it to comply with just such an administrative directive.

12      As the Court knows, the directive in question was issued by the Honorable Alex

13  Kozinski, Chief Judge of the Ninth Circuit, in his capacity as a hearing officer in the Ninth

14  Circuit's Employee Dispute Resolution ("EDR") process.  It purports to require OPM to instruct

15  Plaintiff's federal government insurance carrier to enroll Plaintiff's same-sex spouse in her

16  FEHBP plan despite a statutory preclusion against doing so under the Defense of Marriage Act, 1

17  U.S.C. § 7 ("DOMA").  But Judge Kozinski's administrative orders do not carry the legal effect

18  Plaintiff contends they do, and they cannot as a matter of law bind OPM in its statutorily charged

19  administration of the FEHBP.  Certainly, Plaintiff cannot satisfy the factors required to support

20  the extraordinary and drastic remedy of mandamus on the basis of those orders: a clear right to

21  relief for Plaintiff, a clear and ministerial duty for Defendants to act, and the unavailability of any

22  other adequate remedy.

23      As explained in OPM's opening memorandum, Plaintiff must establish one of two

24  propositions to even suggest the existence of any right to relief or duty to act, much less a "clear"

25  right or a "clear" and "ministerial" duty: (1) that Judge Kozinski was acting with Article III force

26  rather than in a purely administrative capacity; or (2) that there is a specific grant of authority to

27  the federal courts to establish an internal administrative dispute resolution process that can direct

28  OPM's administration of the FEHBP.  As to the first issue, Plaintiff ultimately fails to dispute

that Judge Kozinski was acting in a purely administrative capacity.  Left to rely only upon the second proposition, Plaintiff fails to establish the existence of any grant of authority to the federal courts that would allow an EDR panel to issue binding directives to OPM.  Conspicuously, Plaintiff makes no argument that there is a specific grant of such authority.  Instead, she contends that there is a non-specific but broad grant of authority that would allow an EDR panel to bind OPM and that the issuance of such directives falls within the "inherent" power of the Judiciary. Plaintiff is wrong on both counts.

Thus, for the reasons discussed herein and in OPM's opening memorandum, Plaintiff's complaint should be dismissed.

## ARGUMENT

The common law writ of mandamus, codified in 28 U.S.C. § 1361, is an extraordinary and drastic remedy.  It "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Thus, jurisdiction under 28 U.S.C. § 1361 only "'exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate remedy is available.'" Pit River Home & Agr. Co-op. Ass'n v. United States, 30 F.3d 1088, 1097 (9th Cir. 1994).  The defendant must have a ministerial duty.  Indeed, "such a duty must be 'so plainly prescribed as to be free from doubt and equivalent to a positive command. . . . [W]here the duty is not thus plainly prescribed, but depends on a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus.'" Consol. Edison Co. of New York, Inc. v. Ashcroft, 286 F.3d 600, 605 (D.C. Cir. 2002) (quoting Wilbur v. United States, 281 U.S. 206, 218-19 (1930)).

Plaintiff's complaint fails to satisfy these requirements.  Judge Kozinski's orders were issued in his capacity as an administrative hearing officer under the Ninth Circuit EDR Plan, not as an Article III court.  Insofar as they purport to bind OPM in its administration of the FEHBP, they exceed any authority delegated to an EDR panel by the FEHBA or any other statutory

source.  OPM thus has no duty to follow those orders, much less the clear and ministerial duty that is necessary, at a minimum, for mandamus to issue.[1]

**I.    PLAINTIFF OFFERS NO REAL DISPUTE THAT THE EDR ORDERS AT ISSUE ARE ADMINISTRATIVE RATHER THAN JUDICIAL IN NATURE.**

OPM's opening memorandum explained that the EDR orders were issued not in Judge Kozinski's Article III capacity but rather his capacity as an administrative hearing officer.  Defs.' Mem. at 10.  Plaintiff's opposition does not respond substantively to that basic point.  Instead, Plaintiff appears to resort to suggestive phrasing – particularly throughout her introduction and background sections – characterizing Judge Kozinski's EDR orders and the administrative process in terms evocative of judicial rather than administrative action.  For example, Plaintiff suggests that OPM should have "avail[ed]" itself "of the standard remedy of those aggrieved by an adverse court ruling" if it disagreed with Judge Kozinski's administrative order, Pl.'s Opp. Mem. at 1, and characterizes the November 19, 2010 order as accusing OPM of attempting "to usurp the Judiciary's role as the ultimate interpreter of federal law," id. at 5.  This evocative language, however, does not camouflage the fact that Plaintiff fails to actually dispute anywhere in her opposition that Judge Kozinski was acting in a purely administrative capacity when he entered the EDR orders in question.  This fundamental issue should thus be treated as having been conceded by Plaintiff.

**II.    OPM HAS NO "CLEAR" AND "MINISTERIAL" DUTY TO COMPLY WITH ANY ORDER.**

OPM is statutorily charged with administering the FEHBP.  In his capacity as an administrative hearing officer in the Ninth Circuit's EDR Plan, by contrast, Judge Kozinski possesses no statutory authorization to issue orders that would bind OPM in the discharge of its statutory duties.  Thus, OPM bears no "clear" and "ministerial" duty to comply with Judge

---

[1]  Three orders are relevant.  The first order, issued on January 13, 2009, instructed the Administrative Office of the United States Courts ("AOUSC") to submit a FEHBP enrollment form for Plaintiff's spouse to her insurance carrier ("January 13, 2009 Order").  The second, issued on November 19, 2009, purported to prohibit OPM from "interfering" with the first.  In re: Golinski, 587 F.3d 901 (9th Cir. EDR Panel 2009) ("November 19, 2009 Order").  The third purported to hold that the time for appealing the prior orders had expired as to OPM, and the orders were thus "final and preclusive" as to OPM ("December 22, 2009 Order").

Kozinski's EDR orders, and there is no viable claim under the Mandamus Act for this reason, in addition to others set forth in OPM's opening memorandum.[2]

### A.   OPM IS STATUTORILY CHARGED WITH THE ADMINISTRATION OF FEHBP AS TO ALL FEDERAL EMPLOYEES, INCLUDING JUDICIAL EMPLOYEES.

A recurring theme in Plaintiff's opposition is that OPM "gratuitously intervened" in a purely intra-Judiciary employment dispute that did not involve OPM; "obstructed" an order by Judge Kozinski that likewise did not concern it; and now, in defending this mandamus action, "collaterally attack[s]" Judge Kozinski's EDR administrative jurisdiction over it concerning the enforcement of such order.  Pl.'s Mem. at 1-2.  This theme, and the implications Plaintiff seeks to create through its repetition throughout her opposition, is misleading.[3]

As explained in OPM's opening memorandum, the authority to administer the FEHBP has been statutorily conferred upon OPM; that authority encompasses all Federal employees, including those of the Judicial Branch.  See Transitional Learning Cmty. at Galveston v. OPM, 220 F.3d 427, 429 (5th Cir. 2000); Kobleur v. Group Hospitalization & Med. Servs., 954 F.2d 705, 709 (11th Cir. 1992).  In particular, the FEHBA authorizes OPM to negotiate and contract with private insurance carriers to offer health benefits plans to federal employees – including judicial employees – and other eligible individuals, see 5 U.S.C. §§ 2104, 2105, 8901, 8902(a), 8903, and to "prescribe regulations necessary to carry out" the Act, id. § 8913(a), including with respect to plan enrollment, id. § 8913(b).

OPM's authority is not unreviewable.  The APA affords a cause of action for claims against OPM arising out of its administration of the FEHBP, and the FEHBA specifically provides that jurisdiction to review claims challenging OPM's administration of the FEHBP lies

---

[2]  OPM's opening memorandum explained why Plaintiff does not satisfy the other requirements for mandamus to issue.  Defs.' Mem. at 21-24.  Her failure to make the required showing as to each constitutes sufficient independent basis for dismissal of her complaint.

[3]  In similar fashion, the November 19, 2009 EDR order purported to instruct OPM not to "interfere" with the EDR panel's jurisdiction or with the provision of FEHBP benefits to Plaintiff's wife, inter alia.  In re Golinski, 587 F.3d at 963-64.  Defendants respectfully but strongly disagree with Judge Kozinski's characterization of the relationship between the EDR panel and OPM for the same reasons set forth in the text herein.

in the U.S. district courts and the U.S. Court of Federal Claims, which have concurrent jurisdiction "of a civil action or claim against the United States founded on [the Act]." Id. § 8912.  See NTEU v. Campbell, 589 F.2d 669, 674 (D.C. Cir. 1978).  But there is no provision of the FEHBA expressly granting any administrative entity a role in reviewing any actions taken by OPM in administering the FEHBP.  Cf. Rosano v. Dep't of the Navy, 699 F.2d 1315, 1319 (Fed. Cir. 1983) (employing agency "had no power to change" "FEHB[P] options[] determined by OPM"); In re. Levenson, 587 F.3d 925, 934 (9th Cir. EDR Panel 2009) (Reinhardt, J.).

Plaintiff appears to concede that OPM is statutorily charged with administration of the FEHBP even as to judicial employees, having abandoned the assertion made in her preliminary injunction memorandum that OPM "does not have the authority to interpret the FEHBA as it applies to judicial employees."  See Pl.'s P.I. Mem. at 12.  For that reason, the Court should disregard Plaintiff's efforts to characterize this case as a response to OPM having "gratuitously intervened" in an internal employment dispute.  Pl.'s Opp. Mem. at 1.  Characterized accurately, this case concerns the authority of an administrative entity to intervene in the execution of duties delegated by statute to OPM.  As shown below, there is no such authority.[4]

### B.    JUDICIAL EDR PANELS LACK THE AUTHORITY TO BIND OPM IN ITS ADMINISTRATION OF THE FEHBP.

By contrast to OPM, administrative EDR panels within the Judiciary have not been conferred any statutory authority to interpret or administer the FEHBP, and thus cannot bind Executive Branch agencies, including OPM.  Plaintiff declines to argue that there is any specific

---

[4]  Evidently forced to concede OPM's statutory authority in this regard, Plaintiff attempts to mitigate the significance of that concession by suggesting that her claim is not "founded on" the FEHBA – which potentially would permit a claim under the FEHBA provisions of the Civil Service Reform Act ("CSRA").  Pl.'s Opp. Mem. at 12.  Instead, Plaintiff suggests that her claim is "founded on the Ninth Circuit's anti-discrimination policy as stated in the EDR Plan[.]"  Id. But this creates a separate problem for Plaintiff: if her claim is founded upon an internal 9th Circuit policy, then she is limited to whatever internal relief such an internal policy may afford. Ultimately, Plaintiff cannot have it both ways.  She cannot rely on an internal 9th Circuit policy and simultaneously argue that the policy can be enforced not just outside the Circuit, but across separate branches of government, particularly with no waiver of sovereign immunity that would permit an Executive Branch agency to be bound by an internal order of an administrative EDR hearing officer.  See Part II.C, infra.

1   Congressional grant of authority to the EDR Panel that would explicitly bind Executive Branch

2   agencies, including OPM.  See Pl.'s Mem. at 17.  Nonetheless, Plaintiff reiterates her argument

3   that OPM must be bound by the EDR Order anyway because Congress had no need to delegate

4   specific authority by virtue of its grant of "broad" authority to each judicial council in 28 U.S.C.

5   § 332(d)(1) to "make all necessary and appropriate orders" for the administration of justice

6   "within its circuit."  See id.  In Plaintiff's view, the only limitation upon this authority is an

7   inability for the Ninth Circuit Judicial Council to issue orders as to the administration of justice

8   in other circuits.  See id. at 16.  Plaintiff's view is incorrect.

9       An administrative entity may only exercise authority consistent with Congressional

10  "delegations of power that are explicit or can fairly be implied."  Ry. Labor Executives' Ass'n v.

11  Nat'l Mediation Bd., 29 F.3d 655, 666 n.6 (D.C. Cir. 1994) (en banc) (emphasis in original).  Not

12  only that; any delegation of authority to an administrative actor must also be specific: "The extent

13  of [an entity's administrative] powers can be decided only by considering the powers Congress

14  specifically granted it in light of the statutory language and background."  Nat'l Petroleum

15  Refiners Ass'n v. FTC, 482 F.2d 672, 674 (D.C. Cir. 1973).

16      The history of this Circuit's EDR Plan demonstrates that Congress has not vested EDR

17  panels with the authority to issue binding directives on entities outside the Judiciary.  The EDR

18  Plan was developed without any express statutory authorization – after many decades in which

19  necessary administrative support for the Judiciary was provided by the Executive Branch.  See

20  Dotson v. Griesa, 398 F.3d 156, 169-76 (2d Cir. 2005); Blankenship v. McDonald, 176 F.3d

21  1192, 1195 (9th Cir. 1999).  It was only in 1980 that the Judicial Conference developed a model

22  EEO plan and required federal courts to adopt EEO plans of their own.  See Dotson, 398 F.3d at

23  172.  And as explained in OPM's opening memorandum, the administrative, intra-Judiciary EDR

24  plans established thereafter were not vested with any authority, statutory or otherwise, to bind the

25  Executive.  Defs.' Mem. at 11-16.

26

27

28

Plaintiff effectively concedes the absence of any specific statutory delegation of authority to Judiciary EDR panels to bind OPM in its administration of the FEHBP in her discussion of two statutes previously offered as putative sources of such authority – the Administrative Office of the United States Courts Personnel Act of 1990 ("AOUSC Act") and the Congressional Accountability Act of 1995 ("CAA").  OPM's opening memorandum explained why neither could be construed as a delegation of authority.  Defs.' Mem. at 14-16.  In response, Plaintiff essentially summarizes OPM's argument – "that the AOUSC Act and CAA [do] not confer any powers upon the EDR tribunal" – then suggests "that is precisely the point."  Pl.'s Opp. Mem. at 19.  In Plaintiff's view, the premise that neither statute contains a delegation of authority to bind Executive Branch agencies through the EDR process leads to the conclusion that such authority already existed by virtue of the Judiciary's power "to remedy unlawful personnel actions without interference from other branches."  Id. at 18.  Plaintiff's conclusion is incorrect, as explained in Part II.B.2, infra.[5]  But more to the point here, her premise is accurate – neither the AOUSCA Act nor the CAA contains the specific delegation necessary for an EDR panel to bind OPM.

As to Plaintiff's corollary suggestion that EDR panels possess a preexisting authority to bind Executive Branch agencies, however, she is incorrect.  Plaintiff appears to be advancing two distinct theories for such power – (1) a "broad" statutory grant of authority under 28 U.S.C. § 332

---

[5]  In fact, Plaintiff's argument as to this point crystallizes several of the structural flaws in her argument as a whole.  For instance, Plaintiff suggests that the absence of specific grants of authority to bind Executive Branch agencies in the AOUSC Act and the CAA shows evidence of an inherent power to act without "interference" from the Executive.  But Defendants have already explained that the notion of OPM's "interference" is misplaced given OPM's statutory authority as the only administrative entity charged with administration of the FEHBP.  See Part II.A, supra; Defs.' Mem. at 16-17.  Likewise, Plaintiff posits that the silence of the AOUSC Act and the CAA on this subject represents evidence of an inherent power to "remedy unlawful personnel actions []."  Pl.'s Opp. Mem. at 6.  Defendants agree that there are remedies for the errors alleged by Plaintiff.  But, as previously shown, the existence of such remedies – including the right to seek judicial review of actions taken by OPM or her insurance carrier – constitutes an independent bar to mandamus relief.  Defs.' Mem. at 22-23.  Indeed, as previously noted, Plaintiff has available and is pursuing an adequate remedy before the EDR panel under the Back Pay Act, 5 U.S.C. § 5596.  Defs.' Mem. at 23.

and (2) an "inherent" power to govern its own affairs without interference from other branches. Neither theory is persuasive.

### 1. THE POWERS PRESCRIBED IN 28 U.S.C. § 332 DO NOT AUTHORIZE EDR PANELS TO BIND OPM IN ITS ADMINISTRATION OF THE FEHBP.

OPM's opening memorandum explained why 28 U.S.C. § 332 – which authorizes each circuit's judicial council to "make all necessary and appropriate orders" for the administration of justice "within its circuit," 28 U.S.C. § 332(d)(1) – does not authorize an EDR panel to direct OPM in its administration of the FEHBP. Defs.' Mem. at 11-12. Plaintiff's opposition essentially boils down to the notion that the language of § 332(d) is "broad," and "[n]othing in that broad delegation states that the orders of the judicial council may <u>not</u> bind those outside the Judiciary." Pl.'s Opp. Mem. at 16 (emphasis added). That suggestion is both logically unsound and unsupported by case law.

Plaintiff's view of the issue – and of her burden of persuasion – is precisely backwards; when addressing the existence or the extent of a statutory delegation of authority, the appropriate question is what is specifically <u>included</u> in a statute, rather than what is not specifically excluded. <u>Nat'l Petroleum Refiners Ass'n</u>, 482 F.2d at 674 ("The extent of [an agency's] powers can be decided only by considering the powers Congress specifically granted it in light of the statutory language and background."). Likewise, the degree of authority delegated to an administrative entity is strictly limited to what is either "explicit" or "fairly . . . implied" by a statute. <u>Ry Labor Executives Ass'n</u>, 29 F.3d at 666 n.6. Section 332(d) does not specifically address the FEHBP or the ability of judicial councils or EDR panels to issue orders concerning the administration of the FEHBP, even as to Judicial employees. Nor can the authority to bind Executive Branch agencies be "fairly . . . implied" by the language of § 332(d)(1). To the contrary, the most that can be read into or "fairly . . . implied" by that language is the delegation of authority to the judicial council for each circuit to take actions necessary for the administration of justice "within its circuit."

Here, the latter conclusion is reinforced by the FEHBA's specific grant of authority to OPM to administer the FEHBP, and the lack of any provision granting any administrative entity a

role in reviewing OPM's actions in that regard.  As explained in Part II.A, <u>supra</u>, and in OPM's

opening memorandum, the FEHBA specifically entrusts OPM with administering the FEHBP.

<u>See</u> <u>Transitional Learning Cmty.</u>, 220 F.3d at 429; <u>Kobleur</u>, 954 F.2d at 709; <u>cf.</u> <u>Rosano</u>, 699

F.2d at 1319; <u>In re. Levenson</u>, 587 F.3d at 934.  Indeed, Ninth Circuit Judge Reinhardt, sitting as

an EDR hearing officer in a different but substantively similar matter, recognized this limitation

on his authority in the administrative context.  <u>See</u> <u>In re. Levenson</u>, 587 F.3d at 934.  Judge

Reinhardt noted that the FEHBA vests the authority to enter into health insurance contracts for

federal employees "in a single executive agency, OPM," and thus concluded that it would not be

appropriate to issue an order directing the Office of the Federal Public Defender for the Central

District of California ("FPD") "to enter into separate contracts [for its employees] with private

insurers" because "[n]o statute or regulation authorizes the FPD to enter into [such contracts] or

to bind the United States to any such contract."  <u>Id.</u>

Assessed against this context, Plaintiff's reliance on <u>Narenji v. Civiletti</u>, 617 F.2d 745

(D.C. Cir. 1979), and <u>Baltimore & O.C.T.R. Co. v. United States</u>, 593 F.2d 678 (3d Cir. 1978),

Pl.'s Opp. Mem. at 17, is unavailing.  To begin with, Plaintiff's own characterization of her

argument underscores why the authority delegated to the judicial councils in 28 U.S.C. § 332(d)

does not extend across governmental branches.  In Plaintiff's own words, "where Congress

delegates broad authority to an entity, there is no need to identify a more specific delegation of

power <u>for acts already encompassed within</u> that broad authorization."  Pl.'s Opp. Mem at 17.

Even if that is correct, there is no reasonable basis to conclude that the phrase "within its circuit"

– a limiting preposition connoting a clear circumscription of scope – "encompasses" the authority

to issue directives not just outside the circuit but outside the entire Judicial Branch.  Plaintiff's

cited cases do not suggest otherwise.  <u>Narenji</u> concerned the authority delegated to the Attorney

General under the Immigration and Nationality Act to, <u>inter alia</u>, promulgate regulations setting

conditions as to the admission or deportation of nonimmigrant aliens.  617 F.2d at 747.  At issue

was the Attorney General's authority "to draw distinctions among nonimmigrant alien students

on the basis of nationality" for purposes of establishing reporting requirements, which the plaintiffs argued was outside the grant of authority.  Id.  Unsurprisingly, the court disagreed with that argument, explaining that "[t]he statute need not specifically authorize each and every action taken by the Attorney General, so long as his action is reasonably related to the duties imposed upon him," and concluded that distinguishing among nationalities reasonably fell within such duties as broadly defined.  Id.  Similarly, in Baltimore & O.C.T.R., the issue was whether a statutory delegation of authority to the Interstate Commerce Commission ("ICC") to compute "demurrage charges" – charges imposed for the detention of freight rail cars beyond an allotted time for loading and unloading freight – encompassed the remittance of such charges where appropriate.  593 F.2d at 683.  Noting that the statutory grant of authority also mandated the ICC to establish "rules and regulations regarding such charges," the court concluded that remittance was included within the grant.  Id.  Here, by contrast, the language "within each circuit" in 28 U.S.C. § 332(d) logically does not encompass the issuance of directives to Executive Branch agencies, which are not "within" any circuit.[6]

## 2. THERE IS NO INHERENT CONSTITUTIONAL POWER THAT WOULD PERMIT AN EDR PANEL TO DIRECT OPM IN ITS STATUTORILY CHARGED ADMINISTRATION OF THE FEHBP.

Likewise, Plaintiff's suggestion that the power of an EDR panel to direct OPM in administering the FEHBP is within the "inherent" powers of the Judiciary is incorrect.  There is no inherent constitutional power that would support the administrative directives issued to OPM, particularly given a clear statutory context in which Congress has both declined to empower EDR hearing officers to issue such directives and has specifically charged OPM with administering the

---

[6]  In addition, Plaintiff cites Hilbert v. Dooling, 476 F.2d 355 (2d Cir. 1973), for the proposition that § 332(d) "authorized the judicial counsel to create court rules requiring federal prosecutors to be ready for trial within a certain time and permitting dismissal if they were not [],"  Pl.'s Opp. Mem at 16.  But Hilbert is readily distinguishable.  The ability to set deadlines for cases within the Article III jurisdiction of the courts within a circuit, and consequences for failure to meet such deadlines, is plainly "necessary and appropriate" to the administration of justice within the circuit.  Otherwise, courts would not be able to promulgate local rules.

FEHBA.  Even if the authority to create an internal administrative process for the resolution of judicial employment disputes is inherent rather than statutory, as Plaintiff suggests, see Pl.'s Opp. Mem. at 19, it would not imply the much more significant authority to act with binding force against an executive branch agency that has been statutorily charged with the administration of a federal benefits program.

Contrary to Plaintiff's suggestion, inherent judicial powers are those "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others."  Chambers v. NASCO, 501 U.S. 32, 43 (1991) (quotation marks and citation omitted).  "Principles of deference counsel restraint in resorting to inherent power, and require its use to be a reasonable response to the problems and needs that provoke it." Degen v. United States, 517 U.S. 820, 824 (1996) (internal citations omitted); see also Chambers, 501 U.S. at 44.  Article III courts possess the inherent "ability to punish disobedience to judicial orders."  Young v. U.S., ex rel. Vuitton et Fils S.A., 481 U.S. 787, 796 (1987) (emphasis added).  But that authority – "essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches," id. at 796-97 – is part of the courts' core judicial power, and says nothing about an authority to compel compliance with orders issued in an administrative capacity.

The historic role of the Executive Branch in providing administrative support to the Judiciary further dispels any suggestion that the Constitution provides federal courts inherent authority to establish an administrative process pursuant to which a hearing officer can direct an Executive Branch agency in circumstances such as these.  "Those who established the system of separation of powers, including an independent judiciary, were content to allow judges and their clerks to rely on executive branch support."  Gordon Bermant & Russell R. Wheeler, "Federal Judges and the Judicial Branch: Their Independence and Accountability," 46 MERCER L. REV. 835, 855 (1995).  Indeed, the Department of Justice provided administrative support for the Judiciary until Congress created the AOUSC in 1939.  See id. at 854-55; see also Pub. L. No. 76-299, § 304(1), 53 Stat. 1223, 1223.  Thus, there is no support for an argument that an

administrative power to direct the other Branches is inherent to the Judiciary, given that it did not even administer itself for much of this nation's history.

Indeed, even in the years since the Judiciary has been managing its own internal personnel matters, it has never before laid claim to the kind of directive authority at issue here. Although "administrative review within the judiciary plainly has a long history, which has been well known to Congress," Dotson, 398 F.3d at 176, the directives at issue here appear to be without precedent. Their sui generis nature supports the conclusion that the power claimed is not "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); see generally Union Pac. Ry. Co. v. Botsford, 141 U.S. 250, 252-57 (1891) (surveying practice of common law courts in concluding that federal courts do not possess inherent authority to order medical examinations of plaintiffs).

### C. THERE IS NO WAIVER OF SOVEREIGN IMMUNITY THAT WOULD PERMIT OPM TO BE BOUND BY AN ADMINISTRATIVE EDR ORDER.

Judge Kozinski's lack of authority as an EDR administrative hearing officer to direct OPM in its administration of the FEHBP also means that this mandamus action falls outside of the Court's subject-matter jurisdiction. As OPM's opening memorandum explained, there is no applicable waiver of sovereign immunity that would permit either Judge Kozinski to direct OPM in his administrative hearing officer capacity or an action under the Mandamus Act to compel OPM's compliance with Judge Kozinski's orders. See Defs.' Mem at 8-9. In response, Plaintiff more or less wonders "how sovereign immunity could conceivably bar the federal government from ordering its own agency to change an employment policy in an administrative hearing." Pl.'s Opp. Mem. at 8 (emphasis in original); see also id. ("None of the cases on which OPM relies involved the federal government ordering itself to do something.") (emphasis in original). Plaintiff's response demonstrates a fundamental misunderstanding of sovereign immunity.

As pointed out in OPM's opening memorandum, "the United States may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction[,]" even in the

context of actual litigation pursuant to Article III.  United States v. Mitchell, 463 U.S. 206, 212 & n.9 (1983) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Moreover, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain suit."  Sherwood, 312 U.S. at 586 (emphasis added).  Sovereign immunity is not simply a defense to claims asserted in state court, as Plaintiff's argument seems to suggest.  To the contrary, absent a statutory waiver, sovereign immunity constitutes a bar to suit against the federal government even in federal court.  Charles Alan Wright, et al., 14 FEDERAL PRACTICE & PROCEDURE § 3655 (3d ed. 1998) ("Although the United States district courts have general subject matter jurisdiction over actions brought by federal agencies or officers who are authorized to sue, there is no corresponding general statutory jurisdiction to entertain suits against federal agencies and officers.") (emphasis added).

In other words, to adapt Plaintiff's own phrasing, there in fact are instances in which sovereign immunity bars the federal government – acting through the Judicial Branch – from ordering itself – acting through the Executive – "to do something."  See, e.g., Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); St. Tammany Parish v. FEMA, 556 F.3d 307, 316 (5th Cir. 2009).  Indeed, given that sovereign immunity applies unless it is specifically waived by statute, it is the default rule that the federal government cannot order itself to do something.  Lane v. Pena, 518 U.S. 187, 192 (1996) (waiver of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied.").

On that basis, if an Article III court – acting as an Article III court – cannot order relief against the federal government absent a specific waiver of sovereign immunity, it necessarily follows that a federal administrative entity is similarly constrained absent an applicable waiver.  In fact, that is even more the case with administrative entities, as a waiver of sovereign immunity as to suit in an Article III court "does not effect a waiver in other forums."  West v. Gibson, 527 U.S. 212, 226 (1999).  Rather, any waiver of the federal government's sovereign immunity as to an action before an administrative entity must be explicit; "limitations and conditions upon

1    which the Government consents to be sued must be strictly observed and exceptions thereto are

2    not to be implied."  Lehman v. Nakshian, 453 U.S. 156, 161 (1981).  That is the case whether the

3    administrative actor is part of the Executive Branch or, as here, the Judicial Branch.

4         The absence of any applicable waiver of sovereign immunity here is underscored by

5    another argument raised by Plaintiff elsewhere in her opposition.  Plaintiff suggests that she

6    satisfies the "no other adequate remedy" element of the mandamus standard because the CSRA

7    "bars all resort to the courts for employment actions" for judicial employees like herself, thus

8    making the EDR process "the sole available source of relief" for her claim.  Pl.'s Opp. Mem. at

9    11 (emphasis in original).  In doing so, Plaintiff demonstrates precisely why there is no waiver of

10   sovereign immunity that would permit this mandamus claim against OPM.  If the CSRA itself

11   provides no judicial remedy for adverse personnel actions for Judicial employees, the notion that

12   a court might be able to simply fashion one out of whole cloth would turn the doctrine of

13   sovereign immunity on its head.  That is the fundamental point of sovereign immunity: if there is

14   no statute that expressly permits suit, courts lack subject-matter jurisdiction over such action.

15   Mitchell, 463 U.S. at 212 & n.9.[7]

16        In short, to defeat sovereign immunity here, Plaintiff must point to a clear statutory

17   indication that Congress intended for OPM to be subject to directives issued by an EDR panel

18   regarding its administration of the FEHBP, and intended for such claims to be subject to review

19   by federal courts such as this one.  That Plaintiff cannot do.

20

21

22   [7]  For the same reason, as well as the others set forth in OPM's opening memorandum, Defs.'
     Mem. at 19-21, Plaintiff's argument that the November 19, 2001 order is res judicata as to OPM
23   is incorrect.  The principle that an entity is not bound by a "judgment" in a proceeding to which it
     was not a party applies with special force when that entity is an agency of the United States,
24   protected by sovereign immunity – the government cannot be bound in a proceeding even where
     it has been joined as a party unless it has unequivocally consented to the jurisdiction of the
25   tribunal.  Likewise, where an administrative actor possesses no statutory authority to administer a
     particular statute, its rulings cannot be entitled to preclusive effect.  See CAB v. Delta Air Lines,
26   367 U.S. 316, 322 (1961).

27

28   *Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*
     *4:10cv257-JSW*                                                                      14

1

## CONCLUSION

2        For the reasons set forth above and in OPM's opening memorandum, Plaintiff's

3   complaint should be dismissed.

4   Dated:  October 6, 2010

5                                              Respectfully Submitted,

6                                              MICHAEL F. HERTZ
                                               Deputy Assistant Attorney General
7
                                               JOSEPH P. RUSSONIELLO
8                                              United States Attorney

9                                              SUSAN K. RUDY
                                               Assistant Branch Director
10
                                                _/s/ Christopher R. Hall_____
11                                             CHRISTOPHER R. HALL
                                               D.C. Bar No. 468827
12                                             Trial Attorney
                                               U.S. Department of Justice
13                                             Civil Division, Federal Programs Branch
                                               P.O. Box 883
14                                             Washington, D.C. 20044
                                               (202) 514-4778 (telephone)
15                                             (202) 616-8470 (fax)

16                                             Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28