IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN GOLINSKI,

    Plaintiff,

    v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and JOHN BERRY, Director of the United States Office of Personnel Management, in his official capacity,

    Defendant.

No. C 10-00257 JSW

**ORDER REQUIRING FURTHER BRIEFING AND CONTINUING HEARING ON PENDING MOTIONS**

In an effort to address the issues raised by the pending motion for preliminary injunction and motion to dismiss, the Court HEREBY ORDERS that the parties file supplemental briefing to address this Court's specific questions. Plaintiff may file a brief, not to exceed 25 pages, by no later than October 25, 2010. Defendants may file a response, not to exceed 25 pages, by no later than November 5, 2010. Plaintiff may file a reply, not to exceed 15 pages, by no later than November 12, 2010. The hearing on the motions is CONTINUED from November 5, 2010 to December 3, 2010 at 10:00 a.m. to accommodate this further briefing.

The Supreme Court has recognized two exceptions to the principle of sovereign immunity against an officer of a governmental agency in his individual capacity: (1) if the alleged conduct is not within his statutory powers or (2) if the conduct is within those powers, but the exercise of those powers, in the particular case, is constitutionally void. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701-02 (1949).

1. Does Plaintiff contend that the conduct of John Berry, although ostensibly within his statutory powers, was beyond constitutional limits because enforcement of the Defense of Marriage Act ("DOMA") in this context is an unconstitutional act? If so, are Defendants not immune from enforcement of Judge Kozinski's order?

2. Judge Kozinski did not address the constitutionality of DOMA in his decisions. To determine whether the OPM must follow Judge Kozinski's orders and cease interference with Plaintiff's acquisition of health benefits for her wife, may the Court examine the constitutionality of the underlying act of enforcing DOMA? In other words, can this Court enforce the orders on grounds not explicitly articulated by Judge Kozinski?

3. If the Court were to address the constitutionality of Section 3 of DOMA in this case, on what bases do the parties contend the statute is or is not constitutional?

4. Defendants contend that DOMA is "discriminatory." (*See* Opp. Br. to PI at 2:3; *see also* Statement from Elaine Kaplan, OPM General Counsel, Declaration of James R. McGuire, Ex. J at 1.) The Court directs Defendants to address on what grounds they contend DOMA is discriminatory.

**IT IS SO ORDERED.**

Dated: October 15, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE