1   JAMES R. McGUIRE (CA SBN 189275)
    JMcGuire@mofo.com
2   GREGORY P. DRESSER (CA SBN 136532)
    GDresser@mofo.com
3   RITA F. LIN (CA SBN 236220)
    RLin@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   JENNIFER C. PIZER (CA SBN 152327)
    JPizer@lambdalegal.org
8   LAMBDA LEGAL, Western Regional Office
    3325 Wilshire Boulevard, Suite 1300
9   Los Angeles, CA 90010-1729
    Telephone: 213.382.7600
10  Facsimile: 213.351.6050

11  Attorneys for Plaintiff
    KAREN GOLINSKI

12

MICHAEL F. HERTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
SUSAN K. RUDY
Assistant Branch Director
CHRISTOPHER R. HALL
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-4778
Facsimile:  (202) 616-8470
Email:  Christopher.Hall@usdoj.gov

Attorneys for Defendants
THE U.S. OFFICE OF PERSONNEL
MANAGEMENT AND JOHN BERRY

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17  KAREN GOLINSKI,

18              Plaintiff,

19      v.

20  UNITED STATES OFFICE OF PERSONNEL
    MANAGEMENT, and JOHN BERRY, Director
21  of the United States Office of Personnel
    Management, in his official capacity,

22

            Defendants.

23

24

Case No.   C 10-0257 JSW

**JOINT CASE MANAGEMENT
STATEMENT**

Date:    December 17, 2010
Time:    10:00 a.m.
Place:   Courtroom 11, 19th Floor
         450 Golden Gate Ave.
         San Francisco, CA 94102

25

26

27

28

1    Pursuant to this Court's October 4, 2010 Order, plaintiff Karen Golinski and defendants

2    United States Office of Personnel Management and John Berry (collectively, "OPM") submit the

3    following updated joint case management statement pursuant to Federal Rules of Civil Procedure

4    16 and 26, and Local Rule 16-9.

5    **I.      JURISDICTION**

6          **A.      Subject Matter Jurisdiction**

7                **1.      Plaintiff's Statement**

8          This Court has jurisdiction over this mandamus action pursuant to 28 U.S.C. § 1361.

9    Mandamus is appropriate "when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant

10   official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no

11   other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).  There

12   is nothing ambiguous about Ms. Golinski's claim for relief:  enforcement of Chief Judge

13   Kozinski's November 19, 2009 Order.  Chief Judge Kozinski instructed OPM to do two things:

14   (1) rescind its instruction to Blue Cross/Blue Shield regarding Ms. Golinski's enrollment of her

15   spouse, and (2) to cease its interference in Ms. Golinski's enrollment of her spouse to her health

16   plan.  OPM has not appealed the Chief Judge's Order, and continues to violate it.  OPM's duties

17   are clearly ministerial and do not implicate any regulatory discretionary power.  No other remedy

18   is available to Ms. Golinski.  As a judicial employee, the EDR tribunal is the only forum where

19   Ms. Golinski may seek redress for unlawful personnel actions.  As OPM has refused to cease its

20   interference with that tribunal's order, Ms. Golinski's mandamus claim before this Court to

21   enforce that order is the only means by which she can obtain relief for the unlawful

22   discrimination that she has been found to have suffered.

23               **2.      Defendants' Statement**

24         Plaintiff invokes this Court's mandamus jurisdiction under 28 U.S.C. § 1361, which only

25   "'exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other

26   adequate remedy is available.'" Pit River Home & Agr. Co-op. Ass'n v. United States, 30 F.3d

27   1088, 1097 (9th Cir. 1994).  Mandamus jurisdiction does not exist in this case because OPM does

28   not have a clear, ministerial duty to act:  it is not bound by the EDR Panel's administrative orders.

1   In addition, plaintiff has the right to seek judicial review of OPM's actions under the APA, 5

2   U.S.C. § 701 et seq., and Congress has expressly provided for federal court jurisdiction over such

3   a claim concerning the FEHBP.  5 U.S.C. § 8912.  These are "adequate remed[ies]" that, likewise,

4   preclude mandamus jurisdiction.

5           **B.      Personal Jurisdiction and Venue**

6           No issues exist regarding personal jurisdiction and venue.

7           **C.      Parties Remaining to Be Served**

8           No parties remain to be served.

9   **II.     PRINCIPAL FACTUAL ISSUES**

10          **A.      Plaintiff's Statement**

11          In January 2009, the Chief Judge of the United States Court of Appeals for the Ninth

12  Circuit found that plaintiff Karen Golinski, a staff attorney for the Ninth Circuit, has been

13  suffering unlawful discrimination in the terms of her employment.  Judicial employees are barred

14  from bringing suit to redress employment discrimination claims, but are instead required to

15  submit their claims for adjudication in the Ninth Circuit's Employment Dispute Resolution

16  ("EDR") process.  Blankenship v. McDonald, 176 F.3d 1192, 1195 (9th Cir. 1999).  That EDR

17  process is their sole remedy.  Id.  Nor may judicial employees circumvent that prohibition by

18  challenging discriminatory practices under other federal statutes, such as the Administrative

19  Procedure Act.  Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984) (dismissing APA claim);

20  Orsay v. United States DOJ, 289 F.3d 1125, 1130 (9th Cir. 2002) (dismissing Privacy Act claim).

21          The Chief Judge, presiding over Ms. Golinski's EDR tribunal, found that Ms. Golinski

22  was not receiving equal pay for equal work.  Specifically, her request to add her same-sex spouse

23  to her family health insurance plan had been denied, whereas similarly situated heterosexual

24  coworkers with different-sex spouses are permitted to add their spouses to their health plans.  The

25  Chief Judge determined that this denial violated the Ninth Circuit's policy barring discrimination

26  based on sex and sexual orientation — a policy that has the force of federal law — and ordered

27  remedial action.  He directed the Administrative Office of the Courts ("AO") to process her

28  enrollment forms and send them to her insurance carrier.

1    The AO complied.  OPM, however, sent a letter to Ms. Golinski's insurance carrier

2  instructing the carrier not to comply with the Chief Judge's Order.  In November 2009, the Chief

3  Judge issued another Order, addressing OPM's conduct in "thwarting the relief [he] had ordered."

4  In that Order, the Chief Judge found that he had the authority, under both the Ninth Circuit's

5  Employment Dispute Resolution Plan and the separation of powers doctrine, to interpret laws

6  applicable to judicial employees that would displace "any contrary interpretation by an agency or

7  an officer of the Executive."  The Chief Judge directed that the November Order be served on

8  OPM, and invited the agency to appeal any portions of the Order that concerned it.  OPM did not

9  comply.  OPM did not appeal, either.  Instead, on December 18, 2009, OPM issued a press release

10 announcing its refusal to comply because the Chief Judge's order purportedly "is not binding on

11 OPM."

12    On December 22, 2009, the Chief Judge issued another Order noting that OPM's time to

13 appeal had expired and that, accordingly, his prior orders were final and preclusive as to OPM.

14 The Order authorized Ms. Golinski to seek enforcement of the Chief Judge's Orders against OPM

15 at this time.  Ms. Golinski filed this action on January 20, 2010.

16    Plaintiff agrees that, as defendants state below, the factual and procedural history is

17 largely undisputed.  Plaintiff notes, however, that defendants' statement below contains various

18 legal assertions concerning OPM's authority, the authority of the Chief Judge, and the

19 applicability of the Defense of Marriage Act, with which plaintiff disagrees and believes to be

20 fundamentally incorrect.  Plaintiff does not rebut those assertions here, as such an undertaking is

21 beyond the scope of this case management statement.

22    **B.    Defendants' Statement**

23    Beyond the procedural history of plaintiff's administrative complaint under the Ninth

24 Circuit's Employee Dispute Resolution ("EDR") Plan, there are no major factual issues.  That

25 procedural history, the facts of which appear to be undisputed, is set forth below.

26

27    Plaintiff Karen Golinski, a staff attorney with the U.S. Court of Appeals for the Ninth

28 Circuit, is enrolled in the Federal Employees Health Benefits Program ("FEHBP").  The plaintiff

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

3

1   is married under the laws of California to a spouse who, like plaintiff, is a woman.  On October 2,

2   2008, plaintiff filed an administrative complaint under the Ninth Circuit EDR Plan, seeking relief

3   from the decision of the AOUSC denying enrollment of her spouse in the FEHBP.

4          Under the Federal Employees Health Benefits Act of 1959 ("FEHBA"), 5 U.S.C. § 8901

5   et seq., an employee may enroll in an OPM-approved insurance plan by submitting a request to

6   her employing agency, for either individual or "self and family" coverage.  5 U.S.C. § 8905(a); 5

7   C.F.R. § 890.102.  The employing agency makes an initial enrollment decision in writing which

8   must inform the employee that she has a right to seek reconsideration from the employing agency

9   within 30 days.  5 C.F.R. § 890.104.  The employing agency's decision on a reconsideration

10  request must also be in writing, must state findings and conclusions, and is the agency's final

11  decision.  Id.  That decision is subject to OPM's corrective authority, however.  Id. § 890.103(b).

12  OPM's regulations and the FEHBA provide for judicial review of enrollment decisions after

13  exhaustion of administrative remedies.  5 U.S.C. § 8912; 5 C.F.R.§ 890.107.  Such judicial

14  review would be under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.  The

15  FEHBP regulations apply generally to federal employees, without regard to which branch of

16  government employs them.  See generally 5 C.F.R. Part 890.  Plaintiff does not allege that she

17  exhausted her administrative remedies under the FEHBA or OPM's implementing regulations,

18  and OPM is not and was never a party to the EDR proceeding.

19         In the AOUSC's view, the FEHBA, 5 U.S.C. §§ 8901-8914, when read in light of DOMA,

20  did not permit OPM to contract with an insurance carrier for a health benefits plan covering an

21  employee's same-sex spouse.  See In re Golinski, 587 F.3d 901, 902 (9th Cir. EDR Plan 2009);

22  see also 5 U.S.C. §§ 8901(5), 8903(1), 8905(a) (providing for enrollment of a "spouse" in a

23  FEHBP family plan).  DOMA provides in pertinent part:

24         In determining the meaning of any Act of Congress, or of any ruling, regulation, or
           interpretation of the various administrative bureaus and agencies of the United

> States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or wife.

1 U.S.C. § 7.

The Honorable Alex Kozinski heard the EDR complaint and entered an order in the internal EDR process requiring the Director of the AOUSC to submit plaintiff's enrollment form to her health insurance carrier. The AOUSC complied with that order. Plaintiff's insurance carriers sought guidance from OPM, which, acting in its statutorily-assigned capacity as the government-wide administrator of the FEHBP, see 5 U.S.C. §§ 8901 et seq., advised the AOUSC and plaintiff's insurance carriers that DOMA, 1 U.S.C. § 7, forecloses enrolling plaintiff's same-sex spouse in the FEHBP. This was consistent with OPM's long-standing guidance to federal agencies. See OPM, Benefits Administration Letter No. 96-111, at 3 (Nov. 15, 1996), available at http://www.opm.gov/retire/pubs/bals/1996/96-111.pdf. On November 19, 2009, Chief Judge Kozinski entered another order in the EDR proceeding that directed OPM to "rescind its guidance or directive to the [insurance carrier] that [plaintiff's] wife is not eligible to be enrolled as her spouse . . . because of her sex or sexual orientation" and to permit the enrollment.

The November 19, 2009 Order concluded that Ms. Golinski was entitled to, inter alia, prospective relief that would enable her spouse to enroll in her FEHBP plan. The Order directed OPM not to "advise [the Blue Cross and Blue Shield Association] that providing coverage for Ms. Golinski's wife violates DOMA or any other federal law" and not to "interfere in any way with the delivery of health benefits to Ms. Golinski's wife on the basis of her sex or sexual orientation." Id. at 963-64.

On December 17, 2009, the Blue Cross and Blue Shield Association filed a petition for review of the November 19, 2009 Order with the Judicial Council of the Ninth Circuit, arguing that "the Judicial Council has no jurisdiction over [the Association] under the EDR Plan" and

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

1  that, in any event, Chief Judge Kozinski's conclusion that the FEHBA permits enrollment of

2  same-sex spouses was incorrect. On December 22, 2009, Chief Judge Kozinski issued another

3  order in the EDR proceeding, stating that the time for appealing his prior orders had expired; that

4  OPM and the AOUSC had not appealed; and that, accordingly, his orders were "final and

5  preclusive on all issues decided therein as to [the AOUSC and OPM]."

6  **III.   PRINCIPAL LEGAL ISSUES**

7  Whether the requirements for mandamus have been met.

8  **IV.    MOTIONS**

9  Plaintiff filed a motion for a preliminary injunction on January 26, 2010.  Defendants

10  moved to dismiss the First Amended Complaint on May 10, 2010, for lack of subject matter

11  jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon

12  which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Both motions

13  are fully briefed and set for hearing on December 17, 2010 at 10:00 a.m.

14  **V.    AMENDMENT OF PLEADINGS**

15  Defendants have filed a motion to dismiss in response to the First Amended Complaint.

16  Plaintiff does not anticipate any further amendments to the complaint, except in the circumstance

17  that defendants' motion to dismiss is granted with leave to amend.

18  **VI.    EVIDENCE PRESERVATION**

19  The parties have undertaken to preserve evidence relevant to the issues reasonably evident

20  in this action.

21  **VII.   DISCLOSURES**

22  Plaintiff made her initial disclosures on Monday, June 7, 2010, as provided under Federal

23  Rule of Civil Procedure 26.

24  Defendants contend that this case can and should be resolved by dispositive motion as a

25  matter of law and that no discovery is necessary.  Accordingly, defendants object to any initial

26  disclosure requirement in this action.

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

## VIII. DISCOVERY

### A. Anticipated Scope of Discovery

#### 1. Plaintiff's position

On April 8, 2010, plaintiff served one set of requests for admission (containing eight requests) and one set of interrogatories (containing two interrogatories). Those requests were deemed served as of May 24, 2010, upon the completion of the Fed. R. Civ. P. 26(f) conference between the parties. Plaintiff does not anticipate further discovery at this time.

#### 2. Defendants' position

Defendants contend that this case can and should be resolved by dispositive motion as a matter of law and that no discovery is necessary. Accordingly, defendants do not anticipate any discovery at this time. If the Court disagrees, defendants reserve the right to reevaluate whether affirmative discovery is appropriate.

In any event, defendants submit that discovery should not be regarded as open yet. The parties submitted their first Joint Case Management Statement on June 4, 2010 to the Court previously assigned to this matter [Docket No. 50], in which defendants set forth their position that discovery was not appropriate or, in the alternative, should be stayed pending resolution of defendants' dispositive motion. Subsequently, that Court vacated the Case Management Conference previously scheduled for June 15, 2010 [Minute Order of June 15, 2010], and did not enter a Case Management Order that would have, inter alia, "establish[ed] a disclosure and discovery plan . . . ." LR 16-10(b).

### B. Modification of Discovery Rules / Phasing

The parties do not propose any modifications of the discovery rules or any phasing of discovery.

### C. Stay of Discovery

#### 1. Plaintiff's position

The parties met and conferred on April 7, 2010, and May 24, 2010, as required under the Federal Rules of Civil Procedure and discovery is, accordingly, open. As indicated above, plaintiff has served very minimal written discovery and anticipates no further discovery.

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

1   Defendants have stated that they plan to seek a stay of discovery until resolution of their motion

2   to dismiss. Such a stay is unnecessary. The response deadline for the discovery served by

3   plaintiff passed on June 28, 2010, without a response from defendants. Accordingly, pursuant to

4   Fed. R. Civ. P. 36(a)(3), plaintiff's requests for admission have been admitted. Plaintiff's

5   interrogatories sought answers only if those requests for admission were not admitted in full.

6   Neither party anticipates serving any additional discovery. Accordingly, there is no pending or

7   anticipated discovery and, correspondingly, there is no need for a stay.

8           **2.      Defendants' position**

9           Defendants moved to dismiss plaintiff's Amended Complaint for lack of subject matter

10  jurisdiction and failure to state a claim upon which relief can be granted on May 10, 2010;

11  because the Amended Complaint raises only questions of law, discovery is neither necessary nor

12  appropriate in the first instance, as noted in Part XII.A, supra. In the alternative, defendants

13  submit that discovery should be stayed while this Court resolves defendants' dispositive motion

14  which may, of course, eliminate the need for any further proceedings. Defendants will submit a

15  motion to that effect should the Court determine that briefing would be of utility.

16  

17          Courts have broad discretion to order a stay of all discovery where it appears that the case

18  can be resolved through a dispositive motion. See e.g. Jarvis v. Regan, 833 F.2d 149, 155 (9th

19  Cir. 1987); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979); Petrus v.

20  Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("trial court has broad discretion and inherent power to

21  stay discovery until preliminary questions that may dispose of the case are determined"). In

22  particular, where a motion to dismiss presents questions of law for which factual discovery is

23  neither necessary nor appropriate, as is typically the case where the defendant challenges the

24  court's subject matter jurisdiction, discovery should be stayed pending a resolution of the motion.

25  See Wagh v. Metris Direct Inc., 363 F.3d 821, 829 (9th Cir. 2003) (discovery at the pleading

26  stage is only appropriate where factual issues are raised by a Rule 12(b) motion.). See generally 6

27  

28

1   Moore's Federal Practice § 26.105[3][c].  Thus, until this Court has considered defendants'

2   motion to dismiss and determined its subject matter jurisdiction, "defendant[s] should not be put

3   to the trouble and expense of any further proceeding, and the time of court should not be occupied

4   with any further proceeding."  United Transport Serv. Employees of America, CIO v. Nat'l

5   Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949).

6

7          In response to plaintiff's suggestion that her requests for admission should be deemed

8   admitted pursuant to Fed. R. Civ. P. 36(a)(3), defendants note that such suggestion is incorrect.

9   Pursuant to Fed. R. Civ. P. 36(a)(3), a matter is deemed admitted only where the party served has

10  failed to timely "serve[] on the requesting party a written answer or objection addressed to the

11  matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Although defendants

12  submit that discovery should not yet be deemed open, see Part VIII.A.2, supra, and in fact is not

13  appropriate in this matter, defendants responded informally in writing to plaintiffs' requests in a

14  letter signed by defendants' counsel, and represented what their responses would be if the

15  requests were deemed properly served.  Such response would satisfy the requirements of Fed. R.

16  Civ. P. 36(a)(3) should this Court disagree and conclude that discovery was open and that

17

18  plaintiff's requests for admission were properly served.

19         In response to plaintiff's predictions regarding appeal, defendants emphasize that they will

20  make any decisions regarding appeal, if necessary, at the appropriate time.

21

22  IX.    RELATED CASES

23         The parties are not aware of any related cases pending before any other court.  There have

24  been some related EDR proceedings.

25         First, plaintiff's insurance carrier, Blue Cross Blue Shield Association, has appealed the

26  Chief Judge's November Order in the EDR proceeding to the Judicial Council of the Ninth

27  Circuit.  Defendants are not a party to that appeal.  That appeal has been stayed pending

28  resolution of this litigation.

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

1    Second, Chief Judge Kozinski issued an order requiring that another employee of the

2  Ninth Circuit be permitted to enroll her same-sex spouse in her federal employee health benefit

3  plan and instructing OPM to rescind its contrary guidance. In re Complaint of Workplace

4  Discrimination, No. 10-80075 (9th Cir. EDR Order May 11, 2010) (attached as Exhibit A to

5  Dkt. 70). The Chief Judge stayed that order pending resolution of Blue Cross Blue Shield's

6  administrative appeal in plaintiff's matter, which in turn has been stayed pending resolution of

7  this litigation. In re Complaint of Workplace Discrimination, No. 10-80075 (9th Cir. EDR Order

8  May 11, 2010) (attached as Exhibit B to Dkt. 70).

9    Third, on August 2, 2010, Chief Judge Audrey Collins, of the United States District Court

10  for the Central District of California, issued an order holding that the denial of health benefits to

11  the same-sex spouse of an employee of the Probation Office violated the prohibitions against

12  discrimination in the court's Employment Dispute Resolution Plan. In re Smith (C.D. Cal. EDR

13  Order Aug. 2, 2010) at 4 (attached as Exhibit C to Dkt. 70.) Citing Chief Judge Kozinski's

14  Orders in Ms. Golinski's matter, Chief Judge Collins concluded that the proper remedy would be

15  enrollment of the claimant's spouse in the federal insurance program. (Id. at 5.) However, in light

16  of OPM's actions in Ms. Golinski's matter and the pendency of this litigation, Chief Judge

17  Collins concluded that "no action I could take at the current time is likely to accomplish this any

18  more expeditiously than the process already set into motion by Judge Kozinski" and refrained

19  from issuing an order to either the Administrative Office or OPM "pending resolution of the

20  issues raised in the Golinski civil case." (Id.)

21  **X.    RELIEF**

22    Plaintiff seeks an injunction compelling defendants, and those acting at their direction or

23  on their behalf, to comply with the Chief Judge's November 19, 2009 Order.

24  **XI.   SETTLEMENT AND ADR**

25    The parties agree that this matter is not appropriate for submission to ADR.

26  **XII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

27    The parties do not consent to have a magistrate judge conduct all further proceedings.

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

1    **XIII.   OTHER REFERENCES**

2           The case is not suitable for reference to binding arbitration, a special master, or the

3    Judicial Panel on Multidistrict Litigation.

4    **XIV.   NARROWING OF ISSUES**

5           The parties anticipate that there will be no significant facts in dispute.  Accordingly, the

6    parties anticipate that the case can be resolved on motions, without the need for trial.

7    **XV.    EXPEDITED SCHEDULE**

8           The parties do not request any modifications to the Federal Rules of Civil Procedure to

9    expedite the case.

10   **XVI.   SCHEDULING**

11          **A.      Plaintiff's position**

12          Plaintiff proposes that discovery be deemed closed (except with respect to any issues

13   regarding plaintiff's previously served discovery requests) and that a hearing on cross-motions for

14   summary judgment be set for February 11, 2011, with the briefing schedule as provided in the

15   local rules.  Plaintiff notes that defendants suggest a departure from the local rules in order to

16   brief the summary judgment motions "seriatim" rather than "simultaneously."  Plaintiff opposes

17   any such departure, which seems designed to give defendants the "last word" in the briefing.  The

18   fair approach, as provided in the local rules, is for both sides to brief their motions based on the

19   same hearing date, which will allow both sides an opportunity to respond to each other's

20   arguments but will give neither side the "last word."

21          **B.      Defendants' position**

22          Defendants propose that further proceedings in this matter, including without limitation

23   any potential discovery and and any merits briefing beyond the motions now pending, be stayed

24   pending resolution of defendants' motion to dismiss.  Defendants will file a proposed order to

25   such effect for the convenience of the Court.

26          If any of plaintiff's claims are not dismissed, defendants propose they be permitted 30

27   days following the Court's ruling on defendants' motion to dismiss in which to respond to

28   plaintiff's written discovery.  Defendants do not object to proceeding to cross-motions for

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

11

1   summary judgment promptly thereafter, but respectfully submit it would be most useful for the

2   Court if cross-motions are filed seriatim rather than simultaneously.  Accordingly, if plaintiff's

3   Amended Complaint is not dismissed upon adjudication of defendants' motion to dismiss,

4   defendants propose that plaintiff's motion for summary judgment be due one week after the close

5   of discovery; defendant's cross-motion be due three weeks thereafter; plaintiff's cross-opposition

6   and reply be due two weeks thereafter; and defendants' reply be due two weeks thereafter, with a

7   hearing, if any, to be held at the Court's convenience.

8   **XVII.  TRIAL**

9          The parties do not anticipate that trial will be necessary.  Any trial would be a one-day

10  bench trial at most.

11  **XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

12         **A.      Plaintiff's statement**

13         Plaintiff has submitted the Certification of Interested Entities or Persons required by Civil

14  Local Rule 3-16.  Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

15  persons, associations of persons, firms, partnership, corporations (including parent corporations)

16  or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

17  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

18  substantially affected by the outcome of this proceeding:  Amy Cunninghis.

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

1

**B.     Defendants' statement**

2

Defendants are exempt from this requirement pursuant to Civil Local Rule 3-16(a).

3    Dated:  December 10, 2010                    JAMES R. MCGUIRE
                                                  GREGORY P. DRESSER
4                                                 RITA F. LIN
                                                  MORRISON & FOERSTER LLP
5
                                                  JENNIFER C. PIZER
6                                                 LAMBDA LEGAL

7
                                                  By:  ____/s/ Rita F. Lin_____
8                                                         RITA F. LIN

9                                                      Attorneys for Plaintiff
                                                       KAREN GOLINSKI
10

11
     Dated:  December 10, 2010                    MICHAEL F. HERTZ
12                                                Acting Assistant Attorney General
                                                  JOSEPH P. RUSSONIELLO
13                                                United States Attorney
                                                  SUSAN K. RUDY
14                                                Assistant Branch Director
                                                  CHRISTOPHER R. HALL
15                                                Trial Attorney
                                                  United States Department of Justice
16                                                Civil Division, Federal Programs Branch

17
                                                  By:  ____/s/ Christopher R. Hall_____
18                                                        CHRISTOPHER R. HALL

19                                                     Attorneys for Defendants
                                                       THE U.S. OFFICE OF PERSONNEL
20                                                     MANAGEMENT AND JOHN BERRY

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704

13

1

**GENERAL ORDER 45 ATTESTATION**

2    In accordance with General Order 45, concurrence in the filing of this document has been

3    obtained from each of the signatories and I shall maintain records to support this concurrence for

4    subsequent production for the court if so ordered or for inspection upon request by a party.

5

6

7                                                  /s/ Rita F. Lin
                                                   Rita F. Lin

8                                                  Attorneys for Plaintiff
9                                                  KAREN GOLINSKI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 10-0257 JSW
sf-2827704