IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN GOLINSKI,

    Plaintiff,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and JOHN BERRY, Director of the United States Office of Personnel Management, in his official capacity,

    Defendant.

No. C 10-00257 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 17, 2010 AT 10:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 30 minutes to address the following questions:

1. The Federal Employees Health Benefits Act of 1959 ("FEHBA") confers authority on the Office of Personnel Management ("OPM") to contract with "qualified carriers" offering health insurance plans and to prescribe regulations necessary to carry out the statute's objectives. *See* 5 U.S.C. §§ 8902, 8913. How does the conduct of sending a letter to Plaintiff's insurer instructing the company not to follow the tribunal's directive qualify as either contracting with carriers or prescribing regulations under the FEHBA? The corrective authority OPM cites refers merely to making corrections of administrative errors. *See* 5 C.F.R. § 890.103(b). Where is the statutory support for OPM's argument that its authority to regulate federal healthcare benefits is more broad?

2. If OPM was acting within its statutory authority, how does its conduct and interpretation of the operation of federal law not violate 5 U.S.C. § 8902(f) which forbids approving a health insurance contract which excludes an individual (in this case, Plaintiff's wife) because of her sex?

3. In order to grant mandamus relief, Plaintiff must establish that there is no other adequate remedy available. *See, e.g., Pit River home & Agr. Co-op, Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994).

    a. Would this case be better positioned as an action for declaratory judgment instead of mandamus?

    b. Could Plaintiff file a direct action against the OPM for an injunction?

    c. What is a "petition for enforcement" as recommended by Judge Kozinski? *See In re Golinski*, 587 F.3d 956, 964 (9th Cir. 2009).

    d. What further administrative proceeding could Plaintiff pursue and what would be the governing law? How could Plaintiff proceed under the Administrative Procedures Act? *See Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984). Why should judicial employees be treated any differently from legislative employees in the same situation? Why should the Executive be deemed to have waived its immunity in the context of a legislative employee but not a judicial employee?

4. To the extent Plaintiff only seeks affirmative action by Defendants, on what basis do Defendants contend the prospective equitable relief in requiring OPM to abide by Judge Kozinski's order is barred by sovereign immunity? *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974).

5. How does the explanation provided by Defendants for passage of DOMA (i.e., consistency among application of federal law to married couples) provide a rational basis for the law? Under DOMA, federal officials are now, for the first time, tasked with determining the validity of a particular marriage that has been sanctioned under state law? How does that promote consistency?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 16, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE