IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN GOLINSKI,

    Plaintiff,

  v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and JOHN BERRY, Director of the United States Office of Personnel Management, in his official capacity,

    Defendants.

No. C 10-00257 JSW

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

Now before the Court is the motion for preliminary injunction filed by Plaintiff Karen Golinski and the motion to dismiss the first amended complaint filed by Defendants United States Office of Personnel Management and John Berry, its director (collectively, "OPM"). Golinski brings this action for mandamus relief, seeking to have OPM rescind its prior guidance to her insurance company and to cease its obstruction of Golinski's attempts to secure health insurance coverage for her same-sex spouse. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court HEREBY GRANTS OPM's motion to dismiss and DENIES Plaintiff's motion for preliminary injunction. The Court shall give Plaintiff leave to amend her claims.

**BACKGROUND**

Golinski is a staff attorney in the Motions Unit of the Office of Staff Attorneys in the Ninth Circuit Court of Appeals. (Declaration of Karen Golinski in support of preliminary injunction motion ("Golinski PI Decl."), at ¶ 1.) Golinski has been partners with Amy Cunninghis for over twenty years, as registered domestic partners with the City and County of San Francisco since 1995, and with the State of California since 2003. On August 21, 2008, they were legally married under the laws of the State of California. (*Id.* at ¶ 2.)

Shortly after the marriage, Golinski sought to enroll her spouse in her existing family coverage health insurance plan, Blue Cross and Blue Shield Service Benefit Plan, which she purchases through her employer and which already covers the couple's adopted minor child. (*Id.* at ¶¶ 3, 4.) Initially, the Administrative Office of the United States Courts ("AO") refused to process her request on the basis that Golinski and her spouse are both women. (*Id.* at ¶¶ 5, 6.) Finding that she could not secure comparable health insurance coverage, on October 2, 2008, Golinski filed a complaint under the Ninth Circuit's Employment Dispute Resolution ("EDR") Plan, arguing that the refusal to grant her health benefits was a violation of the Plan's nondiscrimination provision. (*Id.* at ¶ 8.)

The judicial council is established under federal law for each appellate court to "make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." 28 U.S.C. § 332(d)(1). In 1998, the Judicial Council of the Ninth Circuit approved an EDR plan that grants the circuit's employees certain substantive rights and sets out a procedure for the enforcement of those rights. (*See* Plaintiff's PI Motion, Ex. A.) The plan specific prohibits "[d]iscrimination against employees based on ... sex ... and sexual orientation." (*Id.* at 2.)

In addition, the EDR plan sets out a detailed administrative process for the resolution of employee disputes within the circuit. (*See id*. at 1.) After mandatory counseling and mediation, an employee may file a formal written complaint with the chief judge of the circuit court. (*Id*. at 1, 3, 5-7.) In the event the presiding officer finds a violation of a substantive right protected by the plan, he may award "a necessary and appropriate remedy." (*Id.* at 9-10.) A party

2

dissatisfied with the final decision may petition the Judicial Council of the Ninth Circuit for review. (*Id*. at 9.)

By orders dated November 24, 2008 and January 13, 2009, Chief Judge Alex Kozinski, sitting in his administrative capacity as arbiter of the Judicial Council, found that Golinski had suffered discrimination under the Court's EDR Plan and ordered the AO to process her health benefit election forms. (First Amended Complaint ("FAC") at Exs. A, B.) Judge Kozinski found that the denial of health benefits was based solely on the grounds of sex and sexual orientation, in direct violation of the EDR Plan's non-discrimination provision covering Ninth Circuit employees. (*Id.* at Ex. B at 1-2; Golinski PI Decl., Ex. A (EDR Plan) at 2.) Judge Kozinski ordered the AO "to submit Karen Golinski's Health Benefits Election form 2089 ... to the appropriate insurance carrier. Any future health benefit forms are also to be processed without regard to the sex of the listed spouse." (FAC, Ex. B at 7.)

The AO complied, but the OPM instructed Golinski's insurance carrier not to comply with the Ninth Circuit Judicial Council's remedial orders. OPM directed the AO and Blue Cross and Blue Shield Service Benefit Plan not to process Golinski's request on the basis that federal law, specifically Section 3 of the Defense of Marriage Act ("DOMA"), defines spouse as a member of the opposite sex and, accordingly, proscribes the enrollment of Golinski's same-sex spouse in her health benefits program.

In response, on November 19, 2009, Judge Kozinski issued another order addressing the OPM's conduct. The chief judge, again sitting as an administrator, held that he had the authority, under both the Ninth Circuit's EDR Plan and the separation of powers doctrine, to interpret the laws applicable to judicial employees that would displace "any contrary interpretation by an agency or an officer of the Executive." (FAC, Ex. C at 14-15.) Judge Kozinski held that allowing the OPM to interfere with the Judge's orders would be tantamount to permitting it to exercise "dominance over logistics to destroy [the Judiciary's] autonomy." (*Id.* at 11.) Judge Kozinksi further held that "[o]rdering enrollment is proper and within my jurisdiction because Congress intended [the EDR] tribunal to be the sole forum for adjudicating

3

1 complaint of workplace discrimination by employees of the Judiciary. With that responsibility must come power equal to the task." (*Id.* at 9.)

Judge Kozinski granted Golinski both back pay and prospective relief. The injunctive relief required that the OPM "rescind its guidance or directive to the Blue Cross and Blue Shield Service Benefit plan and any other plan that Ms. Golinski's wife is not eligible to be enrolled as her spouse under the terms of the Federal Employees Health Benefits Program because of her sex or sexual orientation, or that the plans would violate their contracts with OPM by enrolling Ms. Golinski's wife as a beneficiary" and "[c]ease at once its interference with the jurisdiction of this tribunal. Specifically, OPM shall not advise Ms. Golinski's health plan, the Blue Cross and Blue Shield Service Benefit Plan, that providing coverage for Ms. Golinski's wife violates DOMA or any other federal law. Nor shall OPM interfere in any way with the delivery of health benefits to Ms. Golinski's wife on the basis of her sex or sexual orientation." (*Id.* at 15-16.)

Judge Kozinski, in his order dated November 19, 2009, also invited the OPM to "appeal so much of this order as concerns it using the procedures outlines in the [EDR] plan." (*Id.* at 16.) In response, the OPM did not appeal the order, but instead issued a press release indicating that it was under no obligation to comply with the administrative order and, although in favor of its repeal, indicated that the Executive agency was tasked with enforcing DOMA, which prohibits same-sex spouses of federal employees from enrolling in the federal health benefits program. (FAC, Ex. E.)

In his final administrative order dated December 22, 2009, Judge Kozinski stated that the time for appeal had expired, thus rendering his prior orders in the matter "final and preclusive on all issues decided therein." (FAC, Ex. D.) He further authorized Golinski to pursue any action she deemed fit against OPM, including filing a mandamus action in the district court. (*Id.*)

On January 20, 2010, Golinski filed a mandamus action before this Court, seeking to have the OPM rescind its guidance to Blue Cross and Blue Shield Service Benefit Plan to deny

4

Golinski's wife benefits as precluded by DOMA and to comply with Judge Kozinski's prior orders in her EDR claim.

On January 26, 2010, Golinski moved for a preliminary injunction seeking compliance with Judge Kozinski's order dated November 19, 2009, requiring that the OPM: (1) "rescind its guidance or directive to the Blue Cross and Blue Shield Service Benefit Plan," and (2) "cease at once its interference with the jurisdiction of this tribunal" and "<u>not</u> advise Ms. Golinski's health plan, the Blue Cross and Blue Shield Service Benefit plan, that providing coverage for Ms. Golinski's wife violates DOMA or any other federal law." (FAC, Ex. C at 15-16.)

On May 10, 2010, OPM moved to dismiss the first amended complaint on the basis that this Court lacks jurisdiction to grant mandamus relief under these peculiar procedural circumstances.

During the pendency of these motions and after substantial briefing and supplemental briefing on the issue of the constitutionality of DOMA, on February 23, 2011, at the direction of President Obama, the Attorney General, Eric Holder, announced that the Justice Department would cease its legal defense of Section 3 of the Act. Although determining that DOMA was unconstitutional and resolving not to continue to defend the statute in pending court cases, the Justice Department indicated that it intended to continue to enforce the law unless it is either repealed by Congress or the courts render a final judicial finding that strikes it down.

Additional facts shall be addressed as necessary in the remainder of this order.

## ANALYSIS

The Court has a responsibility to be clear and resolute in its condemnation of a discriminatory rule of law, while maintaining its circumscribed, and therefore legitimate, authority. Both parties agree that Section 3 of DOMA as applied to legally married same-sex couples fails to meet the heightened standard of scrutiny required to adjudicate laws targeting minority groups with a history of discrimination and is therefore unconstitutional. However, the constitutionality of the application of Section 3 of DOMA to the decision by the OPM to restrict the provision of health insurance benefits to Plaintiff's wife is not directly challenged in this case.

5

In the matter pending before this Court, however, the question is a narrow, procedural one. The issue is not whether DOMA is unconstitutional or has been and continues to be a discriminatory exercise of legislative authority. In fact, over that dispute, the parties now agree. The only issue before this Court is whether it may justifiably grant mandamus relief to Plaintiff where she seeks to enforce the order of her adjudicating personnel administrator whose interpretation of the applicable law directly contradicts the interpretation of the Executive agency tasked with the authority to administer the federal health benefits program.

**A.     Mandamus Jurisdiction.**

A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues and only if the defendant owes him a clear nondiscretionary duty." *Hecklet v. Ringer*, 466 U.S. 602, 616 (1984). Accordingly, mandamus jurisdiction under 28 U.S.C. section 1361 exists only "when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate remedy is available." *Pit River Home & Agr. Co-op, Ass'n v. United States*, 30 F.3d 1088, 1097 (9th Cir. 1994) (internal citations omitted). The defendant's duty must be "so plainly prescribed as to be free from doubt and equivalent to a positive command ... [W]here the duty is not thus plainly described, but depends on a statute or statutes the construction of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus." *Consolidated Edison Co. of New York v. Ashcroft*, 286 F.3d 600, 605 (D.C. Cir. 2002) (quoting *Wilbur v. United States*, 281 U.S. 206, 218-19 (1930)).

Jurisdiction over actions in the nature of mandamus under Section 1361 is "drastic; it is available only in extraordinary situations; it is hardly ever granted; those invoking the court's mandamus jurisdiction must have a clear and indisputable right to relief; and even if the plaintiff overcomes all of these hurdles, whether mandamus relief should issue is discretionary." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal citations omitted); *see also Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (holding that mandamus is an extraordinary remedy and only available to compel a federal official to perform a duty if the individual's

6

1  claim is clear and certain; the official's duty is nondiscretionary, ministerial, and so plainly
2  prescribed as to be free from doubt; and there is no other adequate remedy available).

### B. There is No Clear Nondiscretionary Duty to Act.

The parties do not dispute, and the Court finds, that Plaintiff has a clear right to relief. Further, the Court finds that, in the peculiar procedural posture faced by an employee of the judiciary, Plaintiff does not have an alternative adequate remedy available to her. Plaintiff is not covered by Title VII of the Civil Rights Act and cannot bring a *Bivens* action to allege unconstitutional discrimination in the workplace. *See Blankenship v. McDonald*, 176 F.3d 1192, 1195 (9th Cir. 1999); *see also Dotson v. Griesa*, 398 F.3d 156, 173 (2d Cir. 2005). However, the Court does not find that Defendant OPM has a clear and nondiscretionary duty to act. Accordingly, mandamus is not the appropriate remedy in this case.

The parties contest the authority invested in the OPM by Congress under the Federal Employees Health Benefits Act ("FEHBA"). The FEHBA establishes a "comprehensive program to provide federal employees and retirees with subsidized health care benefits. Under the Act, the United States does not act as an insurer, but, through the Office of Personnel Management (OPM), contracts with various private carriers to develop health care plans with varying coverages and costs." *Hayes v. Prudential Insurance Co. of America*, 819 F.2d 921, 922 (9th Cir. 1987). According to the provisions of the FEHBA, the OPM is specifically entrusted with the authority to administer the health benefits program to all federal employees. The FEHBA authorizes the OPM to negotiate and contract with private insurance carriers to offer health benefits to federal employees. *See* 5 U.S.C. §§ 2104, 2105, 8901, 8902(a), 8903. Further, the OPM is empowered to "prescribe regulations necessary to carry out" the Act, including with respect to plan enrollment. *See* 5 U.S.C. §§ 8913(a), 8913(b).

The Court finds that the allocation of authority to "prescribe regulations to carry out" the administration of health benefits must necessarily include the application of federal law affecting the distribution of health benefits to federal employees. *See, e.g., Kobleur v. Group Hospitalization and Medical Servs.*, 954 F.2d 705, 709 (11th Cir. 1992) (holding that the OPM has the authority to administer the comprehensive federal health care benefits scheme including

7

1 by prescribing regulations and by interpreting the plans to determine the carrier's liability in an individual case); *see also Transitional Learning Community at Galveston v. United States Office of Personnel Management*, 220 F.3d 427, 429 (5th Cir. 2000) (holding that OPM is authorized to prescribe scope of benefits offered as determined by the OPM to be necessary or desirable). Under section 8902(j) of the FEHBA, "any carrier that provides coverage pursuant to a contract with OPM must agree to be bound by OPM's interpretation of the carrier's plan." *Kobleur*, 954 F.2d at 709 (citing *Hayes*, 819 F.2d at 924).

The issue before the Court is not whether the OPM has authority to prescribe regulations and determine the scope of coverage for insurance policy covering federal employees. The question is whether the contrary interpretation of coverage by a federal judge, sitting as an administrator for the employment decisions regarding an employee of the federal judiciary, trumps the interpretation by the OPM.[1]

The Court cannot find and neither party has cited any authority to support the contention that a contrary interpretation of federal law by an administrator governs the disbursement of federal employee health benefits when the Executive agency tasked by Congress to administer the program, reading current federal law to preclude distribution of benefits to same-sex couples, determines that coverage is improper. Chief Judge Kozinski was sitting not in his judicial capacity, but in his administrative capacity as an EDR hearing officer. In this capacity, he interpreted the plain meaning of DOMA to allow coverage for the same-sex spouses of federal employees.[2] This interpretation stands in distinct contrast to OPM's application of Section 3 of DOMA which defines spouse as member of the opposite sex, thereby precluding Plaintiff's wife from the definition of spouse, and therefore, as a member of her family.

---

[1] OPM's authority is reviewable under the Administrative Procedures Act. *See, e.g.,* 5 U.S.C. § 8912; *see also NTEU v. Campbell*, 589 F.2d 669, 674 (D.C. Cir. 1978).

[2] Judge Kozinski found that the definition of "member of family" was ambiguous because the FEHBA does not expressly state whether coverage can be afforded only to those family members falling within the statutory definition, or whether benefits may be provided to others as well. Judge Kozinski found that the interpretation permitted only the floor for coverage, not necessarily the extent of coverage allowed. *In re Golinski*, 587 F.3d 901, 902 (9th Cir. 2009); *see also In re Levenson*, 560 F.3d 1145, 1148 (9th Cir. 2009).

8

There is no specific grant of authority for the judicial council administering the EDR plan to bind an Executive agency. The only delegation of power to the council is the authority that "[e]ach judicial council shall make all necessary and appropriate orders for the effective and expeditious administration of justice within its circuit." *See* 28 U.S.C. § 332(d)(1). However, "Congress did not spell out procedures for giving coercive effect to council orders." *Chandler v. Judicial Council of the Tenth Circuit of the United States*, 398 U.S. 74, 85 n.6 (1970). The Supreme Court has found that section "332 is not a model of clarity in terms of the scope of the judicial councils' powers or procedures to give effect to the [provision regarding the effective and expeditious administration of justice]." *Id.* The broad management power given to judicial councils has routinely been to "enforce reasonable standards as to when and where court shall be held, how long a case may be delayed in decision, whether a given case is to be tried, and many other routine matters." *Id.* at 84, 85. A thorough review of the Ninth Circuit Judicial Council's published decisions reveals that the types of matters routinely decided by the council concern the administration of court matters, rule-making, review of charges of judicial misconduct, and general management of the business of the courts. *See, e.g., In re Complaint of Judicial Misconduct*, 630 F.3d 1262, 1262 (9th Cir. 2011) (in reviewing judicial misconduct complaint, Judge Kozinski held that the Judicial Council "is not a court and has no jurisdiction over civil actions."); *see also In re Complaint of Judicial Misconduct*, 570 F.3d 1144, 1145-46 (9th Cir. 2009) (discussing the legislative history of 28 U.S.C. section 332 which provided "an administrative process for solving problems that involved interference with the effective conduct of the business of the courts").

Further, within the same section of the grant of authority for oversight of this administrative process, Section 332 provides that "[a]ll judicial officer and employees of the circuit shall promptly carry into effect all orders of the judicial council." 28 U.S.C. § 332(d)(2); *see also Allen v. Lee*, 366 F.3d 319, 353 (4th Cir. 2004) (Luttig, J. concurring and dissenting) (finding that orders of a judicial council are binding on all judicial officers). While it is clear that the effect of the judicial council's orders is administrative and carried out by judicial officers and employees, there is simply no provision enabling the judicial council to bind an

9

Executive agency with Congressional authority to administer employee benefits. *See, e.g., National Petroleum Refiners Ass'n v. Federal Trade Comm'n*, 482 F.2d 672, 674 (D.C. Cir. 1973) (holding that an agency created by Congress is "not a creation of judges' contemporary notions of what is wise policy[; rather the] extent of its powers can be decided only by considering the powers Congress specifically granted it in light of the statutory language and background.")

The orders issued in this case with which Plaintiff seeks compliance by a writ of mandamus were issued by Judge Kozinski, not sitting as the chief judge of the Ninth Circuit Court of Appeals in his Article III capacity, but rather as an administrative hearing officer. As such, the Court has not found any authority to support the proposition that such administrative orders can bind the OPM in its administration of the federal benefits program. Although the separation of powers doctrine does afford the courts structural independence in their core judicial function of adjudicating cases or controversies, there is no similar authority for the proposition that the independence of the judiciary applies to the administration of the courts' personnel system. Judge Kozinski stated that "[n]o less than the other branches of government, the Judiciary is dependent on people to carry out its mission." *In re Golinski*, 587 F.3d 956, 961 (9th Cir. 2009). However, the same structural independence of the judicial decision-making function does not, by necessity, apply to its administrative council's personnel decisions governing employee benefits. *See, e.g., Mistretta v. United States*, 488 U.S. 361, 404 (1989) (holding that judges serving on the U.S. Sentencing Commission were permitted to assume administrative responsibilities derived from enabling legislation, not pursuant to their status and authority as Article III judges, but could not exercise their judicial duties simultaneously); *see also Forrester v. White*, 484 U.S. 219, 228 (1988) (holding that a judge's "[a]dministrative decisions, even though they may be essential to the very functioning of the courts," are not regarded as "judicial acts."). This is especially so where Congress has specifically vested the authority to oversee the federal health benefits program to an executive agency.

In a similar personnel decision made within days of the decision in Plaintiff's matter and based on similar facts, the Ninth Circuit's judicial council, Circuit Judge Reinhardt

10

1 presiding, found the application of DOMA and denial of benefits to the same-sex spouse of a
2 federal public defender to be unconstitutional. *See In re Levenson*, 587 F.3d 925 (9th Cir.
3 2009). However, Judge Reinhardt denied the petitioner's request for an order directing the
4 federal public defender's office to negotiate with private insurers to obtain benefits for his
5 same-sex spouse. *See id.* at 934 (holding that under the FEHBA, the authority to enter into
6 health insurance contracts for federal employees is vested by Congress to a single executive
7 agency, the OPM.) The Court agrees with Judge Reinhardt's interpretation: it is the OPM,
8 through the FEHBA, that has the authority to enter into health insurance contracts and to
9 interpret the carriers' plan. *See id.*; *see also Kobleur*, 954 F.2d at 709 (citing *Hayes*, 819 F.2d at
10 924).

11 Because Plaintiff cannot surmount the threshold requirement to establish that OPM has a
12 clear and nondiscretionary duty to act, the Court cannot grant the extraordinary remedy of
13 mandamus relief. *See Pit River Home*, 30 F.3d at 1097. Accordingly, as currently pled, the
14 Court must dismiss Plaintiff's complaint seeking a writ and deny Plaintiff's request for
15 preliminary injunctive relief. *See In re Cheney*, 406 F.3d at 729 (holding that "if there is no
16 clear and compelling duty under the statute as interpreted, the district court must dismiss the
17 action.").

18 The Court would, if it could, address the constitutionality of both the legislative decision
19 to enact Section 3 of DOMA to unfairly restrict benefits and privileges to state-sanctioned
20 same-sex marriages or address the conflict regarding the Executive's decision not to defend the
21 constitutionality of a law it has determined appropriate to enforce. However, the Court is not
22 able to reach these constitutional issues due to the unique procedural posture of this matter.

23 Because the Court cannot find as a matter of law that amendment would be futile, the
24 Court grants Plaintiff leave to amend to attempt to plead a claim that the Court may legitimately
25 address. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss*
26 *& Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990) (holding
27 that a court should grant leave to amend, unless amendment would be futile).

28

11

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, with leave to amend, and DENIES Plaintiff's motion for preliminary injunction. Plaintiff must file an amended complaint by April 15, 2011. Defendants must file an answer or otherwise respond to the amended complaint within 20 days of filing. Should the Court not receive an amended complaint, the Court will dismiss with prejudice and enter judgment.

**IT IS SO ORDERED.**

Dated: March 16, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE