PAUL D. CLEMENT, ESQ. (DC Bar 433215)
pclement@bancroftpllc.com
H. CHRISTOPHER BARTOLOMUCCI, ESQ. (DC Bar 453423)
cbartolomucci@bancroftpllc.com
CONOR B. DUGAN. ESQ. (MI Bar P66901)
cdugan@bancroftpllc.com

BANCROFT PLLC
1919 M Street, NW, Suite 470
Washington, DC 20036
202-234-0090 (phone); 202-234-2806 (fax)

OF COUNSEL:
KERRY W. KIRCHER, GENERAL COUNSEL (DC Bar 386816)
Kerry.Kircher@mail.house.gov
JOHN D. FILAMOR, SR. ASS'T COUNSEL (DC Bar 476240)
John.Filamor@mail.house.gov
CHRISTINE DAVENPORT, SR. ASS'T COUNSEL (NJ Bar)
Christine.Davenport@mail.house.gov
KATHERINE E. MCCARRON, ASS'T COUNSEL (DC Bar 486335)
Katherine.McCarron@mail.house.gov
WILLIAM PITTARD, ASS'T COUNSEL (DC Bar 482949)
William.Pittard@mail.house.gov
KIRSTEN W. KONAR, ASS'T COUNSEL (DC Bar 979176)
Kirsten.Konar@mail.house.gov

OFFICE OF GENERAL COUNSEL
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515
202-225-9700 (phone); 202-226-1360 (fax)

Counsel for Proposed Intervenor The Bipartisan Legal
Advisory Group of the U.S. House of Representatives

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN GOLINSKI, | Case No. 3:10-cv-0257-JSW |
| | Hearing: June 17, 2011, 9:00 am |
| Plaintiff, | |
| | **REPLY OF THE BIPARTISAN** |
| vs. | **LEGAL ADVISORY GROUP OF** |
| | **THE U.S. HOUSE OF** |

1

REPLY OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO PLAINTIFF'S
STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
Case No. 3:10-cv-0257-JSW

| | |
|---|---|
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>                    Defendants.<br>_____ | ) **REPRESENTATIVES TO**<br>) **PLAINTIFF'S STATEMENT OF**<br>) **NON-OPPOSITION TO MOTION**<br>) **TO INTERVENE FOR A**<br>) **LIMITED PURPOSE**<br>) |

      Pursuant to this Court's Order Re Reply Brief on BLAG's Motion to Intervene (May 23, 2011) (Doc. 110), the Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House") respectfully replies to Plaintiff Karen Golinski's Statement of Non-Opposition to Motion of the Bipartisan Legal Advisory Group . . . to Intervene for a Limited Purpose (May 9, 2011) ("Non-Opposition") (Doc. 108).[1]

      While plaintiff does not oppose the Bipartisan Legal Advisory Group's Motion to Intervene, she "requests that the Court's order reflect that it is BLAG . . . that is intervening." Non-Opposition at 1. The Bipartisan Legal Advisory Group is in fact the entity that seeks to intervene, as the Motion to Intervene makes clear. However, as we pointed out earlier, the Bipartisan Legal Advisory Group articulates the institutional position of the House in litigation matters, *see* Motion to Intervene at 1 n.1, including in this matter. Accordingly, all pleadings the Bipartisan Legal Advisory Group files in this matter including, but not limited to, the motion to dismiss we intend to file on or before June 3, 2011, in keeping with this Court's Order of May 10, 2011, will reflect that institutional role.

      With respect to plaintiff's asserted reservation of "the right to challenge the legality of BLAG's participation in this action at a later point," Non-Opposition at 1, plaintiff may raise

---

    [1] While the Department of Justice has said it also intends to file a response explaining its non-opposition—*see* Notice of Motion and Motion of the Bipartisan Legal Advisory Group of the U.S. House of Representatives to Intervene for a Limited Purpose at 2 (May 4, 2011) ("Motion to Intervene") (Doc. 103)—it has not yet done so. We will reply to the Department's response, if and when one is filed.

2

REPLY OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
Case No. 3:10-cv-0257-JSW

Article III standing issues at any point in the litigation. That said, we do not believe plaintiff can articulate a serious argument that the House—or the Bipartisan Legal Advisory Group speaking for the House—lacks standing here.

As an initial matter, so long as the Office of Personnel Management ("OPM") and OPM Director John Berry remain parties to this action—and they will remain parties to this action, regardless of the role the Department chooses to play or not play in this litigation, until they are dismissed or the case concludes, neither of which has occurred—the House need not demonstrate any standing whatsoever. *See, e.g.*, *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 190 (2d Cir. 1978) ("The question of standing in the federal courts is to be considered in the framework of Article III which restricts judicial power to cases and controversies. The existence of a case or controversy having been established as between the [existing parties], there was no need to impose the standing requirement upon the proposed intervenor [defendant].") (quotation marks, citations, and brackets omitted); *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) (en banc) (Article III standing not required for defendant intervention where ongoing case or controversy); *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998) (same); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690-91 (6th Cir. 1994) (same).

While the Ninth Circuit "has not definitively ruled on the issue" of independent intervenor standing, *Prete v. Bradbury*, 438 F.3d 949, 956 n.8 (9th Cir. 2006), it has suggested that it "does not require independent Article III standing for intervenors." *Id.* (citing *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991), *vacated on other grounds sub nom. Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997)).

In any event, it is clear from *INS v. Chadha*, 462 U.S. 919 (1983), that the House *does* have standing here. In *Chadha*, a private party challenged the constitutionality of a federal

3

REPLY OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO PLAINTIFF'S
STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
Case No. 3:10-cv-0257-JSW

statute that the Department declined to defend. After the Ninth Circuit ruled for the plaintiff, the House and Senate moved to intervene for the purpose of filing a petition for certiorari. *Id*. at 930 n.5. The Ninth Circuit granted that motion, and the Supreme Court granted the subsequent House and Senate petitions for certiorari, holding—over the Department's suggestion otherwise, *see* Mem. for the Fed. Resp't, *U.S. House of Representatives v. INS*, Nos. 80-2170 & 80-2171, 1981 U.S. S. Ct. Briefs LEXIS 1423, at *4 (Aug. 28, 1981)—that "Congress is both a proper party to defend the constitutionality of [the statute] *and a proper petitioner under [the statute governing petitions for writs of certiorari]*." *Chadha*, 462 U.S. at 939 (emphasis added). In so holding, the Supreme Court made crystal clear that the House and Senate had Article III standing: "[A]n appeal must present a justiciable case or controversy under Art. III. Such a controversy clearly exists . . . *because of the presence of the two Houses of Congress as adverse parties*." *Id*. at 931 n.6 (emphasis added). Therefore, when the Department defaults on its constitutional responsibilities to defend the constitutionality of a statute, as it has here, the House may intervene and, when it does, it has Article III standing, including standing to appeal an adverse judgment.

In keeping with *Chadha's* holding, congressional entities—including specifically the House through its Bipartisan Legal Advisory Group—repeatedly have intervened to defend the constitutionality of legislation the Department has refused to defend, including but not limited to: *In re Koerner*, 800 F.2d 1358, 1360 (5th Cir. 1986) ("In response [to the Department's support for plaintiff's constitutional challenge to the Bankruptcy and Federal Judgeship Act of 1984], the United States Senate and the House Bipartisan Leadership Group intervened to defend the constitutionality of the 1984 Act."), and *Ameron, Inc. v. U.S. Army Corps of Eng'rs*, 787 F.2d 875, 879, 880 (3d Cir. 1986) (President Reagan declared Competition in Contracting Act

["CICA"] unconstitutional and "upon the advice of the Attorney General . . . ordered the executive department not to observe it;" the district court, "grant[ed] the motion of the Senate, the Speaker, and the Bipartisan Leadership Group of the House to intervene as plaintiffs to support the constitutionality of CICA"), *modified* 809 F.2d 979 (3d Cir. 1986); *see also Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1545 (10th Cir. 1991); *Barnes v. Carmen*, 582 F. Supp. 163, 164 (D.D.C. 1984), *rev'd sub nom. Barnes v. Kline*, 759 F.2d 21, 22 (D.C. Cir. 1984), *vacated on mootness grounds sub nom. Burke v. Barnes*, 479 U.S. 361, 362 (1987); *In re Moody*, 46 B.R. 231, 233 (M.D.N.C. 1985); *In re Tom Carter Enters., Inc.*, 44 B.R. 605, 606 (C.D. Cal. 1984); *In re Benny*, 44 B.R. 581, 583 (N.D. Cal. 1984), *aff'd in part and dismissed in part*, 791 F.2d 712 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, as well as the reasons we articulated earlier, the Court should grant the House's Motion to Intervene.

    Respectfully submitted,

*/s/ Paul D. Clement*
Paul D. Clement, Esq.
H. Christopher Bartolomucci, Esq.
Conor B. Dugan, Esq.

BANCROFT PLLC[2]

Counsel for the Bipartisan Legal Advisory Group of the U.S. House of Representatives

May 24, 2011

---

[2] Kerry W. Kircher, Esq., as the ECF filer of this document, attests that concurrence in the filing of the document has been obtained from signatories Paul D. Clement, Esq., H. Christopher Bartolomucci, Esq., and Conor B. Dugan, Esq.

5

REPLY OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
Case No. 3:10-cv-0257-JSW

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2011, I served one copy of the Reply of the Bipartisan Legal Advisory Group of the U.S. House of Representatives to Plaintiff's Statement of Non-Opposition to Motion to Intervene for a Limited Purpose by CM/ECF, by electronic mail (.pdf format), and by first-class mail, postage prepaid, on the following:

James R. McGuire, Esq.
Gregory P. Dresser, Esq.
Rita F. Lin, Esq.
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482

Jon W. Davidson, Esq.
Tara L. Borelli, Esq.
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3325 Wilshire Blvd.
Suite 1300
Los Angeles, CA 90010-1729

Christopher R. Hall, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
Room 7128
20 Massachusetts Ave., N.W.
Washington, DC 20001

/s/ Kerry W. Kircher
Kerry W. Kircher

6

REPLY OF THE BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES TO PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO MOTION TO INTERVENE FOR A LIMITED PURPOSE
Case No. 3:10-cv-0257-JSW