1  MICHAEL F. HERTZ
   Deputy Assistant Attorney General
2  MELINDA HAAG
   United States Attorney
3  ARTHUR R. GOLDBERG
   Assistant Branch Director
4  CHRISTOPHER R. HALL
   Trial Attorney
5  United States Department of Justice
   Civil Division, Federal Programs Branch
6
   P.O. Box 883
7  Washington, D.C.  20044
   Telephone:  (202) 514-4778
8  Facsimile:  (202) 616-8470
   Email: Christopher.Hall@usdoj.gov
9
   Attorneys for Defendants
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                     SAN FRANCISCO DIVISION
13
   KAREN GOLINSKI                    )
14                                    )   No. C 3:10-00257-JSW
              Plaintiff,             )
15                                    )
        v.                           )   **DEFENDANTS' RESPONSE TO THE**
16                                    )   **MOTION TO INTERVENE FOR A**
   THE UNITED STATES OFFICE OF        )   **LIMITED PURPOSE**
17 PERSONNEL MANAGEMENT, et al.      )
                                     )
18            Defendants.            )
                                     )
19 _____ )

20
21        Defendants United States Office of Personnel Management ("OPM") and John Berry,

22 Director of OPM, through undersigned counsel, hereby respond to the Motion to Intervene for a

23 Limited Purpose filed by the Bipartisan Legal Advisory Group ("BLAG") of the United States

24 House of Representatives.  As the Attorney General previously has stated, the Department of

25 Justice is interested in providing Congress a full and fair opportunity to participate in this and

26 other cases challenging the constitutionality of Section 3 of the Defense of Marriage Act

27 ("DOMA"), 1 U.S.C. § 7.  Consistent with the Attorney General's statement, the United States

28 does not oppose BLAG's Motion to Intervene to present arguments in support of the

1   constitutionality of Section 3 of DOMA.

2       The Executive Branch, through the Department of Justice, represents the only defendants,

3   OPM and Director Berry, in this litigation, see 28 U.S.C. § 516; see also Buckley v. Valeo, 424

4   U.S. 1, 138 (1976) (the conduct of litigation on behalf of the United States falls exclusively

5   within the President's constitutional powers), and only a judgment against the United States can

6   redress plaintiff's alleged injuries.  Although the Executive Branch believes that Section 3 of

7   DOMA is subject to heightened constitutional scrutiny and is unconstitutional under that

8   standard, the Executive departments and agencies will continue to comply with Section 3,

9   pursuant to the President's direction, unless and until Section 3 is repealed by Congress or there

10  is a definitive ruling by the Judicial Branch that Section 3 is unconstitutional.  Accordingly, there

11  remains a live case or controversy between plaintiff and the United States.  See INS v. Chadha,

12  462 U.S. 919, 930 (1983).  Although Congress's interest in the constitutional validity of a law

13  does not confer standing to enter an action as a party any more than citizens with a generalized

14  grievance would have standing to do so, see Valley Forge Christian College v. Americans United

15  for Separation for Church and State, Inc., 454 U.S. 464, 482-83 (1982); Newdow v. U.S.

16  Congress, 313 F.3d 495, 499-500 (9th Cir. 2002), the Executive Branch's continuing role in the

17  litigation, as described further below, ensures the continuing existence of a justiciable case or

18  controversy and makes it unnecessary for BLAG to have an independent basis for standing in

19  order to participate in the litigation to present arguments in support of the constitutionality of

20  Section 3.[1]  Accordingly, Defendants have attached a proposed order permitting BLAG's

21  intervention, consistent with the Executive Branch's role in this case.

22

23  [1]  As explained above, OPM and Director Berry are the party defendants in this suit and the
24  Attorney General represents them as an agency and officer, respectively, of the United States.
    Section 2403 of Title 28, cited in BLAG's memorandum (at 5-6), is thus inapplicable as a basis
25  for BLAG's intervention.  Section 2403(a) provides for certification "to the Attorney General"
    when an Act of Congress is challenged in a suit to which the United States, or an agency or
26  officer thereof, is not already a party, and provides for intervention by the "United States," which
27  is represented by the Department of Justice.  The United States agrees, however, that BLAG's
    intervention for purposes of presenting arguments in support of the constitutionality of Section 3
28  is both appropriate and consistent with past practice.

1    To fulfill the Attorney General's commitment to provide Congress a full and fair

2    opportunity to participate in the litigation, the United States will take the procedural steps

3    necessary to enable BLAG to present arguments in support of the constitutionality of Section 3.

4    The United States intends to file appropriate motions, purely as a procedural matter, to ensure

5    that this Court can consider arguments on both sides of the constitutional issue and that the Court

6    has jurisdiction to enter judgment on the basis of those arguments.  This approach is consistent

7    with what the Department of Justice has done in prior cases in which the Executive Branch has

8    taken the position that an Act of Congress is unconstitutional but announced its intention to

9    enforce or comply with the law pending a final judicial determination of the constitutional issue:

10   the cases proceeded, Congress or the Senate or the House of Representatives filed briefs

11   supporting the constitutionality of the statute, and when the lower courts agreed with the

12   Department of Justice's position that the statute was unconstitutional, the Department took

13   appropriate steps to invoke the jurisdiction of the Supreme Court in order to provide an

14   opportunity for that Court's full consideration of the constitutional question.  See, e.g., Chadha,

15   462 U.S at 928, 930-93 (Solicitor General filed an appeal from the Court of Appeals' decision);

16   United States v. Lovett, 328 U.S. 303, 306-307 (1946) (Solicitor General filed a petition for a

17   writ of certiorari).

*Defendants' Response to the Motion to Intervene for a Limited Purpose*
*3:10cv257-JSW*                                                                    3

1 | Dated:  May 24, 2011

2 |                                          Respectfully Submitted,

                                         MICHAEL F. HERTZ
Deputy Assistant Attorney General

MELINDA HAAG
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director

  */s/ Christopher R. Hall*
CHRISTOPHER R. HALL
D.C. Bar No. 468827
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
(202) 514-4778 (telephone)
(202) 616-8470 (fax)

Attorneys for Defendants