| | |
|---|---|
| 1 | MICHAEL F. HERTZ<br>Deputy Assistant Attorney General |
| 2 | MELINDA HAAG<br>United States Attorney |
| 3 | ARTHUR R. GOLDBERG<br>Assistant Branch Director |
| 4 | CHRISTOPHER R. HALL<br>Trial Attorney |
| 5 | United States Department of Justice<br>Civil Division, Federal Programs Branch |
| 6 | |
| 7 | P.O. Box 883<br>Washington, D.C. 20044<br>Telephone: (202) 514-4778 |
| 8 | Facsimile: (202) 616-8470<br>Email: Christopher.Hall@usdoj.gov |

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| KAREN GOLINSKI | ) | |
| Plaintiff, | ) | No. C 3:10-00257-JSW |
| | ) | |
| v. | ) | **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al. | ) | |
| Defendants. | ) | Date: July 29, 2011<br>Time: 9 a.m.<br>Place: Courtroom 11, 19th Floor<br>U.S. Courthouse<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

Insofar as Plaintiff seeks to assert a statutory claim as to the language of the Federal Employees Health Benefits Act of 1959, 5 U.S.C. § 8901 et seq. ("FEHBA") – and it is not clear that she does – such a claim must be dismissed as a matter of law.[1]

---

[1] To the extent Plaintiff in fact asserts such a claim, she does so as an alternative to her claim that the Defense of Marriage Act, 1 U.S.C. § 7 ("DOMA"), violates the Equal Protection Clause of the Fifth Amendment. See 2d Am. Compl., ¶¶ 71, 72.

*Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint*
*3:10cv257-JSW*

"An enrollment [in the Federal Employees Health Benefits Program ("FEHBP")] for self and family includes all family members who are eligible to be covered by the enrollment." 5 C.F.R. § 890.302(a)(1) (emphasis added). A "member of family" is defined as either "the spouse of an employee or annuitant [or] an unmarried dependent child under 22 years of age . . . ." 5 U.S.C. § 8901(5) (emphasis added). Because DOMA limits the term "spouse" for purposes of federal law to "a person of the opposite sex who is a husband or wife," 1 U.S.C. § 7, the FEHBA itself does not permit the enrollment of Plaintiff's wife as a statutory matter.

Notwithstanding this statutory language, Plaintiff asserts in ¶ 71 of her First Claim for Relief that the federal government – through the Office of Personnel Management ("OPM") – has authority to extend FEHBP benefits to same-sex spouses, and that OPM's understanding to the contrary "is not mandated by DOMA . . . but rather reflects an improper and overly narrow construction of the permissible bounds of the federal government's authority to extend coverage to family members." 2d Am. Compl. ¶ 71. In Plaintiff's view, the terms "family members" and "member of family" in the FEHBA "set general guidelines and minimum requirements of coverage availability but do not establish absolute ceilings or outer boundaries of coverage." Id.

Plaintiff's argument is incorrect. Congress's specific definition of "member of family" must be understood as encompassing the universe of persons who are eligible under that rubric. Where Congress "explicitly enumerates," the enumeration is usually construed as exclusive; this concept is so well established as to be represented by a maxim of statutory construction, "expressio unius est exclusio alterius" (expression of one thing is the exclusion of the other). See TRW Inc. v. Andrews, 534 U.S. 19, 28-29 (2001). Further bolstering this textual reading, Congress amended the FEHBA in 1984 to provide specific coverage for the "former spouse" of an employee or annuitant whose marriage to the employee or annuitant has been dissolved by divorce or annulment. See 5 U.S.C. §§ 8901(10), 8905(c); see also Pub. Law No. 98-615, § 3, 98 Stat. 3195, 3202 (1984); H.R. Report No. 98-1054 at 12, reprinted in 1984 U.S.C.C.A.N. 5540, 5543 (observing that amendment was necessary because "[a]fter divorce, the former spouse no longer has access to health insurance coverage provided under the Federal employees health benefits program").

Other tribunals have reached the same conclusion as to the correct construction of the FEHBA. In Gill v. Office of Personnel Management, 699 F. Supp. 2d 374 (D. Mass. 2010), the district court addressed an identical statutory claim and held that "[i]n the face of such strikingly unambiguous statutory language to the contrary, this court cannot plausibly interpret the FEHB statute to confer on OPM the discretion to provide health benefits to same-sex couples, notwithstanding DOMA." Id. at 385-86. While it upheld OPM's construction of the FEHBA, the district court in Gill ultimately held Section 3 of DOMA to be unconstitutional under the Equal Protection Clause. Id. at 386-97. And in In re. Levenson, 587 F.3d 925 (9th Cir. EDR Panel 2009), a case bearing procedural similarities to this, Ninth Circuit Judge Reinhardt, acting in his administrative capacity, reached the same outcome. Judge Reinhardt rejected the plaintiff's statutory claim, concluding that "when the FEHBA . . . provisions defining family members are read in light of the limitation imposed by DOMA, those provisions include only opposite-sex spouses." Id. at 930-31 (emphasis in original); but see In re. Golinski, 587 F.3d 901 (9th Cir. EDR Panel 2009). As to the plaintiff's constitutional claim, Judge Reinhardt found that DOMA violated the Due Process Clause. Id. at 931-34.

## CONCLUSION

To the extent Plaintiff asserts a statutory claim under the FEHBA as part of the First Claim for Relief of her Second Amended Complaint, ¶¶ 63 to 73, such claim must be dismissed as a matter of law.

1  Dated: June 3, 2011

2                                        Respectfully Submitted,

3                                        MICHAEL F. HERTZ
                                         Deputy Assistant Attorney General
4
                                         MELINDA HAAG
5                                        United States Attorney

6                                        ARTHUR R. GOLDBERG
                                         Assistant Branch Director
7
                                          */s/ Christopher R. Hall*
8                                        CHRISTOPHER R. HALL
                                         D.C. Bar No. 468827
9                                        Trial Attorney
                                         U.S. Department of Justice
10                                       Civil Division, Federal Programs Branch
                                         P.O. Box 883
11                                       Washington, D.C. 20044
                                         (202) 514-4778 (telephone)
12                                       (202) 616-8470 (fax)

13                                       Attorneys for Defendants

*Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Second Amended Complaint*
*3:10cv257-JSW*                                                                              4