JAMES R. MCGUIRE (CA SBN 189275)
JMcGuire@mofo.com
GREGORY P. DRESSER (CA SBN 136532)
GDresser@mofo.com
RITA F. LIN (CA SBN 236220)
RLin@mofo.com
AARON D JONES (CA SBN 248246)
AJones@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JON W. DAVIDSON (CA SBN 89301)
JDavidson@lambdalegal.org
TARA L. BORELLI (CA SBN 216961)
TBorelli@lambdalegal.org
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California  90010-1729
Telephone: 213.382.7600
Facsimile: 213.351.6050

Attorneys for Plaintiff
KAREN GOLINSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN GOLINSKI, | Case No.    3:10-cv-0257-JSW |
| Plaintiff, | **DECLARATION OF RITA F. LIN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDMGENT** |
| v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, and JOHN BERRY, Director of the United States Office of Personnel Management, in his official capacity, | Date:      September 16, 2011<br>Time:      9:00 a.m.<br>Dept..:    Courtroom 11<br>Judge:    Hon. Jeffrey S. White |
| Defendant. | |

DECLARATION OF RITA F. LIN ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 3:10-CV-0257-JSW
sf-3008082

I, RITA F. LIN, declare as follows:

1.      I am an associate at the law firm of Morrison & Foerster LLP, which is counsel of record for defendants.  I am licensed to practice law in the State of California.  I make this declaration of my own personal knowledge, and if called as a witness could and would testify competently to the matters stated herein.

2.      Attached as Exhibit A hereto is a true and correct copy of the Declaration of Kenneth Sogabe In Support of Karen Golinski's October 2, 2008 Employment Dispute Resolution ("EDR") Complaint, which was filed in *In re Golinski*, No. 09-80173 (9th Cir. EDR).

3.      Attached as Exhibit B hereto are true and correct copies of the EDR orders issued by Chief Judge Kozinski on November 24, 2008, January 13, 2009, November 19, 2009, December 22, 2009, and March 5, 2010, in *In re Golinski*, No. 09-80173 (9th Cir. EDR).

4.      Attached as Exhibit C hereto is a true and correct copy of the expert affidavits of George Chauncey, Letitia Anne Peplau, Nancy F. Cott, Gary Segura, and Michael Lamb, and the cover letters transmitting those affidavits to BLAG's counsel, that were sent to us by the plaintiffs' counsel in *Windsor v. United States*, No. 1:10-cv-08435-BSJ -JCF (S.D.N.Y.).  I am informed and believe, based on communications from plaintiffs' counsel in *Windsor*, that Dr. Peplau was deposed in June 17, 2011, Dr. Lamb was deposed on June 24, 2011, Dr. Cott is scheduled to be deposed on July 6, 2011, Dr. Segura is scheduled to be deposed on July 8, 2011, and Dr. Chauncey is scheduled to be deposed on July 12, 2011.

5.      Attached as Exhibit D hereto is a true and copy of the scheduling order entered in *Windsor*, under which fact and expert discovery will close on July 11, 2011.

6.      Attached as Exhibit E hereto is a true and copy of the scheduling order entered in *Pedersen v. OPM*, No. 310 CV 1750 (VLB) (D. Conn.), which states that the parties agreed to permit expert reports and depositions in *Windsor* to be used in *Pedersen*.  I am informed and believe, based on communications from plaintiffs' counsel in *Windsor*, that BLAG has not designated any experts of its own in either *Windsor* or *Pedersen*.

7.    Attached as Exhibit F hereto is a true and correct copy of an email that I sent on June 7, 2011, to counsel for BLAG and counsel for Defendants in advance of a meet-and-confer scheduled for later that day.

8.    On June 7, 2011, my co-counsel Tara Borelli and I had a conference call with Christopher Bartolomucci, counsel for BLAG, and Christopher Hall, counsel for Defendants, to discuss the issues outlined in Exhibit F.  Mr. Bartolomucci stated that his preliminary view was that a motion for summary judgment would be premature and that such a motion and any attendant discovery should await the Court's determination of BLAG's motion to dismiss.  I noted that plaintiff's situation is time-sensitive because her spouse remains underinsured and is forgoing preventive care.  I explained that, in light of the fact that discovery is open in this case, plaintiff would like to proceed with any discovery that BLAG felt it needed to oppose summary judgment.  I then invited discussion about whether BLAG needed additional time in order to complete discovery and what discovery BLAG envisioned needing.  Mr. Bartolomucci stated that he needed time to confer with his client about its position.  Mr. Hall stated that he too required some time to confer with his client about its position.

9.    Later that day, to allow more time to confer about these issues, I sent Mr. Bartolomucci and Mr. Hall a request that plaintiff's deadline on her motion to dismiss be continued by one week and that plaintiff be permitted to file a consolidated brief opposing their motions to dismiss and supporting her anticipated motion for summary judgment.  I then exchanged further emails with Mr. Bartolomucci on the subject that day and the next.  Attached as Exhibit G is a true and correct copy of that email chain.

10.    On June 20, 2011, I had still received no response from BLAG or defendants regarding the issues outlined in our meet and confer on June 7, 2011.  Accordingly, I sent another email to Mr. Bartolomucci and Mr. Hall seeking their views on these matters, specifically reiterating what I saw as the outstanding issues.  A true and correct copy of that email is attached as Exhibit H hereto.

11.    Later that afternoon, Ms. Borelli and I had a call with Mr. Hall, who stated that defendants intended to take no position on these issues.  Mr. Hall stated that, at the time, he did

DECLARATION OF RITA F. LIN ISO MOTION FOR SUMMARY JUDGMENT
CASE NO. 3:10-CV-0257-JSW
sf-3008082

2

not anticipate that defendants would need any discovery to oppose summary judgment, but reserved the right to further evaluate defendants' position after the filing of plaintiff's motion.

12.  Shortly after that call, I then sent another follow-up email to Mr. Bartolomucci stating that we had participated in a call with Mr. Hall but would like to know BLAG's position. I proposed several potential times for calls.  Attached as Exhibit I hereto is a true and correct copy of that email.  To date, I have received no response from Mr. Bartolomucci or anyone else representing BLAG.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of July, 2011 at San Francisco, California.

/s/ Rita F. Lin
Rita F. Lin