PAUL D. CLEMENT (DC Bar 433215)
pclement@bancroftpllc.com
H. CHRISTOPHER BARTOLOMUCCI (DC Bar 453423)
cbartolomucci@bancroftpllc.com
CONOR B. DUGAN (MI Bar P66901)
cdugan@bancroftpllc.com
NICHOLAS J. NELSON (MD Bar)
nnelson@bancroftpllc.com
BANCROFT PLLC
1919 M Street, Northwest, Suite 470
Washington, District of Columbia  20036
Telephone:    202-234-0090
Facsimile:    202-234-2806

OF COUNSEL:
KERRY W. KIRCHER (DC Bar 386816)
Kerry.Kircher@mail.house.gov
CHRISTINE DAVENPORT (NJ Bar)
Christine.Davenport@mail.house.gov
KATHERINE E. MCCARRON (DC Bar 486335)
Katherine.McCarron@mail.house.gov
WILLIAM PITTARD (DC Bar 482949)
William.Pittard@mail.house.gov
KIRSTEN W. KONAR (DC Bar 979176)
Kirsten.Konar@mail.house.gov
OFFICE OF GENERAL COUNSEL
U.S. House of Representatives
219 Cannon House Office Building
Washington, District of Columbia  20515
Telephone:    202-225-9700
Facsimile:    202-226-1360

*Attorneys for Intervenor-Defendant the Bipartisan Legal Advisory Group of the U.S. House of Representatives*

HOUSE'S REPLY TO PLAINTIFF'S RESPONSE TO HOUSE'S MOTION FOR LEAVE TO FILE SUPERSEDING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT — CASE NO. 3:10-CV-0257-JSW

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN GOLINSKI, | Case No. 3:10-cv-0257-JSW |
| Plaintiff, | |
| v. | **HOUSE'S REPLY TO PLAINTIFF'S RESPONSE TO HOUSE'S MOTION FOR LEAVE TO FILE SUPERSEDING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*, | |
| Defendants, | |
| and | |
| BIPARTISAN LEGAL ADVISORY GROUP OF THE U.S. HOUSE OF REPRESENTATIVES, | |
| Intervenor-Defendant. | |

On Friday, September 30, 2011, Intervenor-Defendant the Bipartisan Legal Advisory Group of the United States House of Representatives ("House") moved for leave to file a superseding opposition to plaintiff's motion for summary judgment (July 1, 2011) (ECF No. 142). *See* House's Motion for Leave to File Superseding Opposition . . . (Sept. 30, 2011) (ECF No. 168) ("House's Motion"). The House's Motion was necessitated by the fact that (i) plaintiff filed her motion for summary judgment on July 1, 2011, before the House had taken any written discovery and while it was in the process of deposing plaintiff's five expert witnesses, and (ii) the exchange of discovery between the parties continued well into September. *See* Mem. in Supp. of House's Mot. at 2-3 (Sept. 30, 2011) (ECF No. 168-1).

Plaintiff promptly responded. *See* Pl.['s] . . . Resp. to [House's Motion] . . . (Sept. 30, 2011) (ECF No. 169) ("Plaintiff's Response"). While much of Plaintiff's Response is devoted to

1

HOUSE'S REPLY TO PLAINTIFF'S RESPONSE TO HOUSE'S MOTION FOR LEAVE TO FILE SUPERSEDING OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT — CASE NO. 3:10-cv-0257-JSW

caterwauling about the *timing* of the House's Motion,[1] the gist of the Plaintiff's Response is that she now *consents* to the relief that the House seeks because she is "anxious to have this matter proceed to a merits determination." *See* Plaintiff's Response at 2. We are also interested in having this case expeditiously resolved on its merits.

However, plaintiff's proposal for how this matter should now proceed—that the House file its superseding opposition by October 11 (eight days from now and the day after a national holiday); that plaintiff then be permitted to file a superseding opposition by November 1 (apparently in order to obtain "rebuttal testimony" from experts who should have said everything they had to say in affidavits filed in support of plaintiff's summary judgment motion); and that the hearing on both plaintiff's motion for summary judgment *and* the House's motion to dismiss plaintiff's second amended complaint (June 3, 2011) (ECF No. 119), be rescheduled to December 16, 2011—actually would have the effect of delaying the ultimate resolution of this matter.

Accordingly, in lieu of plaintiff's proposal, we respectfully suggest that this matter now proceed as follows:

---

[1] Plaintiff does not, because she cannot, deny that discovery has continued in this matter throughout the month of September, and that the House promptly filed the House's motion at the conclusion of that process. Instead, she resorts to saying silly things like this:

- ■ The House has had the plaintiff's motion for summary judgment "for over three months." Plaintiff's Response at 1. That, of course, is true but utterly irrelevant;

- ■ Plaintiff "suspects," based on what she has read in other pleadings the House has filed in other cases, that the House may not utilize information it obtained from every aspect of the discovery that was exchanged in this case. *Id*. Plaintiff's "suspicions" are not particularly pertinent here and, in any event, it is entirely appropriate and a matter of regular order for the discovery process to be complete *before* the House sought leave to file a superseding opposition. Indeed, had plaintiff not acted so rashly in rushing to file her motion for summary judgment *before* discovery was complete, the need for the House to seek leave to file a superseding opposition never would have arisen in the first place.

- The House file its superseding opposition on or before October 17, 2011;
- Plaintiff file her superseding or supplemental reply, if any, on or before November 1, 2011;[2]
- The hearing on the House's motion to dismiss take place on October 21, 2011, as scheduled (since there is no reason to delay the hearing on that motion); and
- In the event the Court thereafter determines that it would benefit from additional oral argument, on plaintiff's motion for summary judgment, that it schedule a hearing on that motion at an appropriate time.

Proceeding in this manner will ensure that (i) plaintiff's motion for summary judgment is fully briefed promptly; (ii) the hearing on the House's motion to dismiss which, as a matter of logic and judicial efficiency, the Court will need to consider before it considers plaintiff's motion for summary judgment, is not delayed; and (iii) because most of the legal arguments that underlie the two motions are the same, the Court will have the flexibility to choose between issuing a decision on the merits following the October 21 hearing or scheduling a hearing on plaintiff's motion for summary judgment at an appropriate time after plaintiff files her superseding or supplemental reply, if any.

Respectfully submitted,
BANCROFT PLLC

/s/ H. Christopher Bartolomucci
H. Christopher Bartolomucci[3]

October 3, 2011

---

[2] While plaintiff appears to assume that she is entitled to file additional affidavits with a superseding or supplemental reply, Plaintiff's Response at 1, we do not so assume.

[3] Kerry W. Kircher, as the ECF filer of this document, attests that concurrence in the filing of the document has been obtained from signatory H. Christopher Bartolomucci.