PAUL D. CLEMENT, ESQ. (DC Bar 433215)
pclement@bancroftpllc.com
H. CHRISTOPHER BARTOLOMUCCI, ESQ. (DC Bar 453423)
cbartolomucci@bancroftpllc.com
CONOR B. DUGAN, ESQ. (MI Bar P66901)
cdugan@bancroftpllc.com
NICHOLAS J. NELSON (MD Bar)
nnelson@bancroftpllc.com

BANCROFT PLLC
1919 M Street, NW, Suite 470
Washington, DC 20036
202-234-0090 (phone); 202-234-2806 (fax)

OF COUNSEL:
KERRY W. KIRCHER, GENERAL COUNSEL (DC Bar 386816)
Kerry.Kircher@mail.house.gov
JOHN D. FILAMOR, SR. ASS'T COUNSEL (DC Bar 476240)
John.Filamor@mail.house.gov
CHRISTINE DAVENPORT, SR. ASS'T COUNSEL (NJ Bar)
Christine.Davenport@mail.house.gov
KATHERINE E. MCCARRON, ASS'T COUNSEL (DC Bar 486335)
Katherine.McCarron@mail.house.gov
WILLIAM PITTARD, ASS'T COUNSEL (DC Bar 482949)
William.Pittard@mail.house.gov
KIRSTEN W. KONAR, ASS'T COUNSEL (DC Bar 979176)
Kirsten.Konar@mail.house.gov
TODD B. TATELMAN, ASS'T COUNSEL (VA Bar 66008)
Todd.Tatelman@mail.house.gov

OFFICE OF GENERAL COUNSEL
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515
202-225-9700 (phone); 202-226-1360 (fax)

Counsel for Intervenor-Defendant the Bipartisan Legal
Advisory Group of the U.S. House of Representatives

NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 3:10-cv-0257-JSW

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN GOLINSKI, | Case No. 3:10-cv-0257-JSW |
| Plaintiff, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, *et al.*, | |
| Defendants. | |

Pursuant to the Court's Notice of December 14, 2011, ECF No. 177, Intervenor-Defendant the Bipartisan Legal Advisory Group of the United States House of Representatives submits the following additional authorities for the hearing scheduled on December 16, 2011 at 9:00 A.M.:

I.  With respect to the Court's Question 1.a, regarding whether DOMA marks a break from history and whether, if so, this warrants heightened scrutiny; and with respect to the Court's Question 7.a., regarding whether federal officials determine the validity for federal purposes of state-sanctioned marriages other than under DOMA, *see, e.g.*:

> *De Sylva v. Ballentine*, 351 U.S. 570, 581 (1956); *id.*, at 583 (Douglas, J., concurring).
>
> *See generally Williams v. Astrue,* 324 F. App'x 618 (9th Cir. 2009)
>
> *See generally Damon v. Ashcroft,* 360 F.3d 1084 (9th Cir. 2004)
>
> *See generally Tsosie v. Califano*, 630 F.2d 1328 (9th Cir. 1980) (Kennedy, J.)
>
> *See generally Bark v. INS,* 511 F.2d 1200 (9th Cir. 1975)
>
> *Knott v. Barnhart*, 269 F. Supp. 2d 1228, 1231-35 (E.D. Cal. 2003)
>
> *See generally Fontana v. Callahan*, 999 F. Supp. 304 (E.D.N.Y. 1998)
>
> *See generally Garcia v. Sec'y of Health & Human Servs.*, 589 F. Supp. 817 (D.P.R. 1984)

    *Diaz v. Comm'r,* T.C. Memo. 2004-145, 87 T.C.M. (CCH) 1420 (U.S. Tax Ct. June 17, 2004)

    *Richards v. Comm'r,* T.C. Summ. Op. 2002-3, at *4-*5 (U.S. Tax. Ct. Jan 14, 2002) ("Although petitioner was married in 1997, he will not be treated as married . . . .")

    *Chiosie v. Comm'r,* T.C. Memo. 2000-117, 79 T.C.M. (CCH) 1812, at *2-*3 (U.S. Tax Ct. Apr. 5, 2000)

    *See generally In re Laureano,* 19 I. & N. Dec. 1, 1983 WL 29913 (BIA 1983)

    5 U.S.C. §§ 8101(6), (8), (9) (11), 8341(a)

    8 U.S.C. § 1186a(b)(1)

    26 U.S.C. § 7703(b)

    42 U.S.C. § 416(a)-(h)

II. With respect to the Court's Question 2, regarding whether DOMA impacts the fundamental right to marriage:

    *Harris v. McRae*, 448 U.S. 297, 326 (1980).

III. With respect to the Court's Question 4, regarding whether religious affiliation is a suspect classification under equal protection:

    *Burlington N. R. Co. v. Ford*, 504 U.S. 648, 651 (1992) (passing comment in *dicta*)

    *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (passing comment in *dicta*)

    *Armendariz v. Penman*, 75 F.3d 1311, 1328 (9th Cir. 1996)

    *U.S. v. Oakes*, 11 F.3d 897, 899 (9th Cir. 1993) (passing reference in dicta to religion as suspect characteristic, along with "personal beliefs")

    *U.S. v. Nance*, 962 F.2d 860, 865 (9th Cir. 1992) (passing comment in *dicta*)

    *United States v. Redondo-Lemos*, 955 F.2d 1296, 1300 (9th Cir. 1992) (same)

    *Christian Science Reading Room Jointly Maintained v. City & Cnty. of San Francisco*, 784 F.2d 1010, 1012-13 (9th Cir. 1986) (*dicta*, stating without analysis that "an individual religion meets the requirements for a suspect class")

    *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 944 (7th Cir. 2009) ("Another typical equal protection challenge is based on denial of a fundamental right. Fundamental rights include freedom of speech and religion.")

    *Bowman v. United States*, 564 F.3d 765, 772 (6th Cir. 2008) ("Unless the Program violates Bowman's fundamental right to exercise his religion, it must be upheld as long as it bears a 'rational relationship to a legitimate state interest.'")

    *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005)

    *Wirzburger v. Galvin*, 412 F.3d 271, 283 & n.5 (1st Cir. 2005) (religion as suspect classification is open question; citing Tribe as authority against)

    *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 766 (7th Cir. 2003) (noting that "fundamental rights theory of heightened equal protection scrutiny applies" to laws that seriously interfere with exercise of religion)

    *Sam & Ali, Inc. v. Ohio Dept of Liquor Control*, 158 F.3d 397, 403 n.8 (6th Cir. 1998)

    *Equal. Found. Of Greater Cincinnati, Inc. v. City of Cincinnati*, 128 F.3d 289, 292-93 (6th Cir. 1997)

IV. With respect to the Court's Question 5, regarding the Bipartisan Legal Advisory Group's authority and standing to defend this case:

    *Nixon v. United States*, 506 U.S. 224, 237 (1993)

    *United States v. Ballin*, 144 U.S. 1, 5 (1892)

    *Adolph Coors Co. v. Brady*, 944 F.2d 1543, 1545 (10th Cir. 1991)

    *Barnes v. Carmen*, 582 F. Supp. 163, 164 (D.D.C. 1984)

    United States Constitution, Rulemaking Clause, Art. I, § 5, cl. 2.

    28 U.S.C. § 530D(b)(2)

    Rules of the House of Representatives, Rule II.8

V. With respect to the Court's Question 7.c, regarding anti-miscegeneration statutes:

    Lynn D. Wardle and Lincoln C. Oliphant, *In Praise of* Loving: *Reflections on the "Loving Analogy" for Same-Sex Marriage*, 51 How. L.J. 117, 180 (App. III) (2007).

VI. With respect to the Court's Questions 7.d and 8, regarding whether withholding federal benefits from one group benefits another group:

*Johnson v. Robison*, 415 U.S. 361, 383 (1974) (classifications are valid where "the inclusion of one group promotes a legitimate governmental purpose, and the addition of other groups would not")

BANCROFT PLLC

By: /s/ Conor B. Dugan

Paul D. Clement
H. Christopher Bartolomucci
CONOR B. DUGAN
Nicholas J. Nelson
BANCROFT PLLC
1919 M Street, NW, Suite 470
Washington, DC 20036
202-234-0090 (phone); 202-234-2806 (fax)

OF COUNSEL:
Kerry W. Kircher
John D. Filamor
Christine Davenport
Katherine E. McCarron
William Pittard
Kirsten W. Konar
Todd B. Tatelman

OFFICE OF GENERAL COUNSEL
U.S. House of Representatives
219 Cannon House Office Building
Washington, DC 20515
202-225-9700 (phone); 202-226-1360 (fax)

*Attorneys for the Bipartisan Legal Advisory Group of the U.S. House of Representatives*